TO: UNITED STATES DISTRICT COURT
CLERK OF THE COURT
444 S.E. QUINCY 490 U.S. COURTROOM
TOPEKA, KANSAS 66683

CASE NO. 23-3051-JWL

FROM: RONNIE ALLEN BELLAMY JUNIOR
LANSING CORRECTIONAL FACILITY
P.O. BOX 2 CORE CIVIC COMPOUND
LANSING, KANSAS 66043

~~AFFIDAVIT - PROOF STATEMENT OF CLAIM~~

RE: ACCESS TO THE COURTS — ~~CASE NO.~~ ILLEGAL TIME BAR — MEDICAL CARE — UNITED STATES CONSTITUTIONAL VIOLATIONS — KS STATE CONSTITUTION VIOLATIONS — KANSAS STATUTES ANNOTATED VIOLATIONS — KANSAS ANNOTATED REVISED VIOLATIONS — THE EIGHTH AMENDMENTS CRUEL AND UNUSUAL PUNISHMENTS VIOLATIONS — CREATING AN ONGOING AND CONTINUOUS VIOLATIONS DOCTRINE — ILLEGAL AND UNLAWFUL IMPRISONMENT — CONFINED FOR OVER 31 YEARS AFTER SENTENCE WAS VACATED. SEE JOURNAL ENTRIES CASES NO. 91CR00037 — 91CR0493B WYANDOTTE COUNTY KS PLAINTIFF HAS BEEN REFUSED WITHOUT A COURT ORDER DUE TO THE ILLEGALITIES, CRIMINALITIES, UNCONSTITUTIONALITIES AND THE FEAR OF PRISON FOR THOSE INVOLVED. PLAINTIFF HAS UNDERWENT TREMENDOUS TRIAL AND TRIBULATION, SUFFERED IRREPARABLE HARM MENTALLY AND PHYSICALLY, EMOTIONALLY, AMID THE CONSPIRACY OF BEING MURDERED MULTIPLE TIMES

Our Bill of Rights lists prohibitions of the government, and it defines the uses of power that the people grant and don't grant to public officials. People in public office receive permission instead of give permission. Public officials act as the servants, and not the masters of the people.

The United States Constitution grants powers seperately to each department of the government: lawmaking to the legislature, the execution of the laws to the executive, and the adjudication of matters to the judiciary. No branch of government may exercise another branches power. The Constitution does grant reactive powers to the judiciary.

As one court has observed "We see no reason why well-behaved inmates should have to suffer cruel and unusual punishments because of the activities of some disruptive ones. [T]he prison administration must bear the ultimate responsibility for conditions." There is NO penological justification for requiring [inmates] to suffer physical and or psychological harm. This practice is unconstitutional.

The Committee on Lawless Enforcement of Law, Section of Criminal Law and Criminology of the American Bar Association, 1 American Journal of Police Science 575, 579-80 (1930)).

To not honor and adhere to the law of the land and all

Jurisdiction is clearly established by claims-allegations arising under Constitutional Violations - Federal & State Laws - and protections which in and of itself as factual, provable, stop defendants ability to request and motion for summary judgement or dismissal.

The court in refusing to acknowledge and or view all available evidences would be a very gross miscarriage of justice and a misrepresentation of Judicial doctrines and alongwith the principles the courts were and are founded and dependant upon to maintain integrity - truth - facts - liberty - equality - justice - judicial supremacy. Anything other than this would completely undermine the structure of the judiciary system and be a true and very real embodiment of manifest injustice - conspiracy to committ murder, and violate the 5th amendments protection ..... nor [shall any person] be deprived of life, liberty, property, without due process of law. In Ex Parte Young, the US Supreme Court stated "no change in ancient procedure can be made which disregards those fundamental principles.... which.... protect the citizen in his private right and guard him against the arbitrary action of the Government." According to due process and the Fourteenth Amendment. See e.g. Balla v. Board of Corrections, 656 F. Supp. 1108, 1116-17 (D. Idaho 1987) (Double celling prohibited for maximum custody-security and psychiatric housing); Delgado v.

665, 687 (W.D. Tenn. 1989)(inmate violence); FISHER V. KOEHLER, 692 F. Supp. 1519, 1561-62 (S.D.N.Y. 1988), aff'd, 902 F.2d 2 (2d Cir. 1990)(inmate violence). FRENCH V. OWENS WAS CITED WITH APPARENT APPROVAL BY THE SUPREME COURT IN WILSON V. SEITER, 501 U.S. 294, 310 n.1, 111 S.CT. 2321 (1991)

ACCORDING TO STARE DECISIS: A DOCTRINE OR POLICY FOLLOWING RULES OR PRINCIPLES LAID DOWN IN PREVIOUS JUDICIAL DECISIONS UNLESS THEY CONTRAVENE THE ORDINARY PRINCIPLES OF JUSTICE.... AND UPRIGHTNESS: ALWAYS BEHAVING IN AN HONEST WAY: HAVING HIGH MORAL STANDARDS. HOW COULD ANY OF PLAINTIFFS CLAIMS - ALLEGATIONS - MOTION TO COMPEL ALL EVIDENCES AND PEOPLES BE DENIED WITHOUT EVER BEEING VIEWED. PLAINTIFF IS A MENTALLY IMPAIRED VICTIM DUE TO THE FIRST AND SUBSEQUENT ATTACKS THROUGH NO FAULT OF HIS OWN AND IMPRISONED ILLEGALY - UNLAWFULLY SEE ALL VIDEO - AUDIO - PHONE - COMPUTERIC EVIDENCES THAT CAN ONLY BE OBTAINED BY COURT ORDER AND ALL EVIDENCES AVAILABLE TO PLAINTIFF WITHOUT AN ATTORNEY - COURT ORDER. SEE ATTACHED EVIDENCE AS THE PLAI DEFENDANTS BLATANTLY VIOLATE MULTIPLE LAWS AND PLAINTIFFS CONSTITUTIONAL RIGHTS AND POLICIES - CONTRACTS. SEE MEMORANDUM OF LAW TO INCLUDE ESTABLISHING LIABILITY - CULPABLE - KNOWLEDGE - CHAIN OF COMMAND AS MULTIPLE MEMBERS - STAFF - ADMINISTRATION BY LAW - POLICY - HAVE TO BE MADE AWARE OF WHAT IS GOING ON BY WAY OF DICIPLINARY REPORTS - INCIDENT REPORTS - NARRATIVES - HEARINGS - REVIEW BOARD - PMC BOARD - APPROVAL OR DISAPROVAL - UNIT TEAM COUNSELORS - MENTAL HEALTH - MEDICAL SERVICES - CLASSIFICATION - VIDEO - AUDIO - PHONE - COMPUTERICS AS PLAINTIFF SUCESSFULLY USED THE SURVEILLANCE SYSTEMS - CAMERAS

# MEMORANDUM OF LAW-
## IN SUPPORT OF CRIMINALITIES
## CIVIL RIGHTS COMPLAINT-VIOLATIONS

THE SUPREME COURT HAS LISTED AS BASIC HUMAN NEEDS "FOOD, CLOTHING, SHELTER, MEDICAL CARE AND REASONABLE SAFETY"

<u>HELLING V. MCKINNEY, 509 U.S. 25, 32, 113 S.Ct. 2475 (1993)</u>

(citing DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 199-200, 109 S.Ct. 998 (1989)). "Shelter includes various aspects of physical conditions including lighting, ventilation, and structural deterioration.

SEE ALSO <u>HELLING V. MCKINNEY, 509 U.S. 25, 33, 113 S.Ct. 2475 (1993)</u> (" <u>a remedy for unsafe conditions need not await a tragic event</u>"). Helling concerned exposure to tobacco smoke; other examples cited by the court included exposure to the risk of infectious disease, unsafe drinking water, exposed wiring, deficient firefighting measures, and assault.

See also <u>Farmer V. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970 (1994)</u> <u>(addressing risk of inmate-inmate assault). The Court has held that unsafe conditions that "pose an unreasonable risk of serious damage to [a prisoners] future health" may violate the Eighth Amendment even if the damage has not yet occurred and may not affect every prisoner exposed to the conditions.</u>

<u>Benefield v. McDowall, 241 F.3d 1267, 1272 (10th Cir. 2001) (holding psychological harm actionable under Eighth Amendment); Hicks v. Frey, 992 F.2d 1450, 1457 (6th Cir. 1993) (Extreme conduct by custodians that causes severe emotional distress is sufficient."); Scher V. Engelke, 943 F.2d 921, 924 (8th Cir. 1981) ("The scope of eighth Amendment protection is broader than the mere infliction of physical pain"; evidence of "fear, mental anguish, and misery" can and does establish the requisite injury for an Eighth Amendment claim); Kingsley v. Bureau of prisons,</u>

THE EIGHTH AMENDMENT STANDARD "draw[s] its meaning from the evolving standards of decency that mark the progress of a maturing society." IN CASES INVOLVING RISKS TO HEALTH OR SAFETY COURTS MUST CONSIDER IF IT VIOLATES CONTEMPORARY STANDARDS OF DECENCY. IN OTHER WORDS DOES IT BREAK THE LAW — VIOLATE CONSTITUTIONAL PROTECTIONS — AND WOULD YOU WANT THIS TO HAPPEN TO YOU? See Rhodes v. Chapman, 452 U.S. 337, 346 101 S.Ct. 2392, (quoting Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590 (1958)); accord Helling v. McKinney, 509 U.S. 25, 36, 113 S.Ct. 2475 (1993).

EXPOSING ANYONE UNWILLING — AND UN WANTEDLY TO SUCH A RISK VIOLATES THE EIGHTH AMENDMENT EVEN IF IT DOES NOT VIOLATE THE LAWS OF STATE OR ADMINISTRATION DUE TO THE EGREGIOUSNESS OF SAID ACTS. SPEAKING TOWARDS THE MENTAL — EMOTIONAL INJURY SOMETIMES AND OFTEN MORE DAMAGING THAN PHYSICAL INJURIES BUT WHEN COMBINED DEVASTATING AND EVEN POSSIBLY CATASTROPHIC. WHO CAN TELL ANOTHER PERSON HOW TO FEEL OR ACT, DUE TO SOME TRAGIC EVENT — LIFE ALTERING OCCURRENCE? YOU HAVE TO FIND A WAY TO HEAL AND BE RESTORED. THE GREATEST MINDS IN BEHAVIORAL HEALTH CAN ONLY GUESS AT WHAT THEY THINK IS OR MAY BE BEST FOR YOU BASED ON FACTS — THEIR INTERACTION WITH YOU, WHICH IS ALMOST ALWAYS BASED ON THEIR CAREER CHOICE AND ABILITY TO PAY THEIR BILLS AND MEET THEIR NEEDS. AND ONE CAN ONLY HOPE THEY HAVE INTEGRITY — DO NOT SERVE SATAN "THE ENEMY OF MAN & GOD" AND TAKE THAT HIPPOCRATIC OATH SERIOUSLY OF "FIRST DO NO

EXCEPT THE JUDICIAL AND LEGISLATIVE BRANCHES WHICH IS AUTHORIZED BY LAW TO PROMULGATE RULES AND REGULATIONS CONCERNING THE ADMINISTRATION, ENFORCEMENT OR INTERPRETATION OF ANY LAW OF THIS STATE. K.S.A § 21-5416 (a) MISTREATMENT OF A CONFINED PERSON IS KNOWINGLY, ABUSING, NEGLECTING, OR ILL TREATING ANY PERSON WHO IS DETAINED OR CONFINED BY ANY LAW ENFORCEMENT OFFICER OR BY ANY PERSON IN CHARGE OF OR EMPLOYED BY THE OWNER OR OPERATOR OF ANY CORRECTIONAL INSTITUTION. (b) MISTREATMENT OF A CONFINED PERSON IS A CLASS A PERSON MISDEMEANOR

K.S.A. § 75-5251 LIABILITY-CULPABILITY-WITH NO FORM OF IMMUNITY WHATSOEVER FOR ALL INVOLVED SEE i.e. K.S.A § 75-5246 / 75-5289 (a)(b)

K.S.A. § 75-5246 (a) THE SECRETARY OF CORRECTIONS SHALL APPOINT A WARDEN OF EACH FACILITY UNDER THE SECRETARY OF CORRECTIONS CONTROL AND SUPERVISION SUCH WARDEN SHALL BE WITHIN THE CLASSIFIED SERVICES UNDER THE KANSAS CIVIL SERVICE ACT.

(b) ALL THE POWERS, DUTIES AND FUNCTIONS OF THE EXISTING DIRECTOR OF A CORRECTIONAL INSTITUTION ARE HEREBY TRANSFERRED TO, CONFERRED, AND IMPOSED UPON THE WARDEN OF SUCH CORRECTIONAL INSTITUTION.

THERE HAVE BEEN SO MANY VIOLATIONS PERTAINING TO ME AND WHAT HAS HAPPENED EVERY TIME AND THERE ARE SO MANY

In Eighth Amendment cases, courts inquire whether conditions, "alone or in combination, ... are deprivative or life altering from the evolving standards of society and its laws and constitutional protections afforded all men See e.g. Ruiz v. Estelle, 37 F. Supp. 2d 855, 901-02, 924-25 (S.D. Tex. 1999) (noting that NCCHC evaluation does not assess actual medical care but just written policies, bureaucracy, infrastructure, etc., and that ACA accreditation does not indicate whether the system is actually following its own procedures). See Rhodes v. Chapman, 452 U.S. at 347 (emphasis supplied); accord, Suprenant v. Rivas, 424 F.3d 5, 19-20 (1st Cir. 2005). See also Ruiz v. Johnson, 37 F. Supp. 2d 855, 929 (S.D. Tex 1999) ("The combination of inmates who are routinely subjected to violence, extortion, and rape, of officers who are aware of inmate-on-inmate victimization but fail to respond to the victims, of high barriers preventing inmates from seeking safekeeping or protective custody, and of a system that fails accurately to report, among other data, instances of requests for safekeeping and sexual assaults, and, as well, the obliviousness of the risk to prison officials, when all are considered together, have the mutually enforcing affect of rendering prison conditions cruel and unusual by denying ~~inmates~~ safety from their fellow inmates"); see also Wilson v. Seiter, 501 U.S. at 294, 304, 111 S. Ct. 2321 (1991).

Prison officials cannot "trade off" unconstitutional conditions under this theory. If one condition is cruel and unusual, the fact that other conditions are better will not save prison officials—

OF THIS STATE. SEE ALSO K.S.A. § 21-5416(a), (b), K.S.A. § 75-5251, K.S.A. § 75-5246, — K.S.A. § 75-5289(a)(b), K.S.A. § 75-5246 (a),(b). ALL LENDING TO AND HELPING ESTABLISH LIABILITIES - CHAIN OF COMMAND - CULPABLENESS OF RESPONSIBILITIES - POSITIONS - LAWS GOVERNING AND PROTECTING, AS WELL AS DISQUALIFYING ANY POSSIBILITY OF IMMUNITY OR ESCAPING JUDGEMENT, ALSO BY LAW HELPS LEND TO STATING A CLAIM FOR RELIEF IN DAMAGES AND COMPENSATORY RELIEF AND PUNITIVELY TO ENSURE THE UPHOLDING OF LAWS, CONSTITUTION, CIVIL RIGHTS, JUSTICE, FAIRNESS, RESTORATION, INTEGRITY, SEE ALSO IMPP 01-000D VISION, MISSION, AND VALUES A KDOC CONTRACT ALONGWITH IMPP 02-118D EMPLOYEE AND VOLUNTEER RULES OF CONDUCT AND UNDUE FAMILIARITY ALSO A CONTRACT WITH ATTACHED CONTRACTS ADHERENCE LAW.

DELIBERATE INDIFFERENCE IN EIGHTH AMENDMENT CASES FALLS SOMEWHERE BETWEEN MERE NEGLIGENCE (CARELESSNESS) AND ACTUAL MALICE (INTENT TO CAUSE HARM). THAT IS IT AMOUNTS TO RECKLESSNESS. SOMETIMES DELIBERATE INDIFFERENCE IS SHOWN DIRECTLY BY EVIDENCE OF PRISON PERSONELL'S BAD MOTIVES OR ATTITUDES. HOWEVER THE SUPREME COURT HAS HELD THAT A PRISON OFFICIAL CAN BE FOUND RECKLESS OR DELIBERATELY INDIFFERENT IF "THE OFFICIAL KNOWS OF AND DISREGARDS AN EXCESSIVE RISK TO INMATE HEALTH OR SAFETY.... THIS IS THE SAME STANDARD THAT IS USED IN CRIMINAL LAW. SEE FARMER V. BRENNAN, 511 U.S. AT 835-36; WILSON V. SEITER, 501 U.S. AT 297-304, SEE FARMER V. BRENNAN 511 U.S. AT 837 AT 840-41; ALBERTI V. SHERIFF OF HARRIS COUNTY, TEXAS 937 F.2d 984, 998-99 (5TH CIR. 1991); ACCORD HOPE V. PELZER, 536 U.S. 730, 738, 122 S.CT. 2508 (2002) (FINDING EIGHTH

DUE TO THE ACTUAL KNOWLEDGE AND PURPOSEFULNESS OF ALL INVOLVED AND PRISON OFFICIALS PARTICIPATION ACTING UNDER COLOR OF LAW ON OR OFF DUTY SEE IMPP-CONTRACTS 02-118D AND ALL ATTACHMENTS FOR EXAMPLE TO INCLUDE ALL EMPLOYEE INTERACTION AND AWARENESS BY WAY OF FIRST HAND WITNESSING, RESPONDING, ATTENTION BEING DRAWN, NARRATIVES, DISCIPLINARY REPORTS, DISMISSALS, SUMMONS, BOARDS, COUNSELORS, OFFICERS, STATEMENTS, ASESSMENTS, DIAGNOSIS, JOURNAL ENTRIES, OFFICIALS, ALL RELEVANT, RELATED, PROOF OF CLAIMS - EVIDENCES, BY WAY OF EVERYTHING AVAILABLE TO INCLUDE ALL PLACES, STATIONS, AREAS, AND RELATED **VIDEO-AUDIO-PHONES-COMPUTERICS PERTAINING TO PLAINTIFF RONNIE ALLEN BELLAMY JUNIOR** #53454, SOCIAL SECURITY NUMBER XXX XX 8422 EDCF - LCF CORE CIVIC COMPOUND P.O. BOX 2 LANSING KANSAS 66043.

/S/ Ron Bellamy Sr. Jr.
RONNIE ALLEN BELLAMY JUNIOR
L.C.F. P.O. BOX 2 CORE CIVIC
LANSING, KANSAS 66043