*EXHIBIT-5*

# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Ronnie Allen Bellamy Jr.,

                                    Plaintiff,

            vs.

State of Kansas et al,

                                    Defendants.

Case No. 23-3051-JWL

NOTICE TO PLAINTIFF

IT IS HEREBY ORDERED AT THE DIRECTION OF HONORABLE JOHN W. LUNGSTRUM, United States District Judge:

Your Complaint has been received, but it is deficient for the reason(s) below:

CIVIL ACTION FILING FEE NOT SATISFIED.  You have not paid the fees for filing a civil action of $402.00 and you have not submitted a motion to proceed without prepayment of fees. See 28 U.S.C. § 1914.  Your case may not go forward until you satisfy the statutory filing fee prerequisites in one of these two ways.  Forms for filing a motion to proceed without prepayment of fees are enclosed.

You are required to correct the foregoing deficiencies within thirty (30) days of the date of this Notice.  If you fail to comply within the prescribed time, the Judge presiding over your case will be notified of your non-compliance, and this action may be dismissed without further notice for failure to comply with this court order.

*EXHIBIT-5*

**IT IS THEREFORE BY THE COURT ORDERED** that the PLAINTIFF is granted until

March 23, 2023 in which to correct the foregoing deficiencies or this action may be dismissed

without prejudice and without further notice.

**IT IS SO ORDERED** on Tuesday, February 21, 2023.

Skyler B. O'Hara
Clerk of the Court
by J. Lolley, Deputy Clerk

*1*

# AFFIDAVIT

THIS IS A TRUE AND ACCURATE ACCOUNT OF EVENTS THAT TOOK PLACE ON OR ABOUT 9-27-2022. SEE VIDEO EVIDENCE — A-7, TRU UNIT MENTAL HEALTH UNIT. THE OFFICER ON DUTY, ACTING UNDER COLOR OF LAW — KANSAS CIVIL SERVICE(S) — SERVANT(S), CONTRACTUALLY BOUND IMPP02-118D IN ITS ENTIRETY, IMPP 01-000D VISION, MISSION, VALUES, IN ITS ENTIRETY, K.A.R. § 44-1-105, 1-1-1, K.A.R 81-2-34 DISABILITY... CONST. RIGHTS OF PRISONERS § 1-2.1.1. § 2.1.1 — CONTROL OF DISCRETIONARY POWER — SAFEGUARDS, MANCO V. STATE, 51 KAN. APP. 2d 733, 354 P. 3d 551, 2015 KAN: APP. LEXIS 47 (KAN. CT. APP. 2015), K.S.A. § 75-5210, TREATMENT OF INMATES; HEALTH STANDARDS. KAN. STAT. ANN § 77-415 (4) (1996) RULE, REGULATION AND WORDS OF LIKE EFFECT MEAN A STANDARD, STATEMENT OF POLICY OR GENERAL ORDER OF A GENERAL APPLICATION AND HAVING THE EFFECT OF LAW, [SEE — HN 7] K.S.A 77-423 (B)(3) — (B)(4), K.S.A § 77-415 (B)(7), K.S.A. § 75-5251, K.S.A.§ 75-5246 (a)(b), — 75-5289. OFFICER IN CHARGE JAMES ENGLIS, SECURITY FOR THE KDOC, OPENED THE DOOR FOR INMATE MARK RIDDLE #0094373, TO ENTER THE ROOM OF INMATE BRIAN LIZARD FELLERS #6003270, AND JOHN DAVID HELM #0099022, WITH A BOOK IN HAND FOR THE PURPOSE OF STEALING THE DRUG SUPPLY THAT WAS HIDDEN INSIDE BRIAN LIZARD FELLERS #6003270 LOCKER, INSIDE FOOD BOXES — SWISS ROLLS — POPCORN, ETC... AS SOON AS JOHN DAVID HELMS #0099022, WENT TO LUNCH. THE DRUG SUPPLY WHICH FROM MY UNDERSTANDING

2

AND WITNESS WAS ALMOST A POUND OF WEED, K-2, AND
CELLPHONE, NOTE: THE SIM CARD WAS TAKEN FROM RONNIE ALLEN
BELLAMY JR. #0053454, BY SST CHRISTOPHER TRAPP, SST JOEL
OSTERMEYER, IN STRIP SEARCH, DUE TO BEING ATTACKED, NO
SHAKEDOWN REPORT GIVEN AND NOT MENTIONED IN D.R. THE
AFFIANT RONNIE ALLEN BELLAMY JR. #0053454, TOLD EAI AGENT
DENISE SISCO, LT-SST JEWELL, EAI CONNOR, EAI HAEGL, SEG
REVIEW BOARD, GOD TOLD ME TO HANG ON TO THAT (SIM CARD), THERE IS
INFORMATION ON THERE THAT WILL SAVE YOUR LIFE. MARK
RIDDLE #0094373, ACCORDING TO KYREE McCLELLAND #0072921
LEFT ALL OF THE METH BECAUSE THEY DID NOT KNOW WHAT THEY
WAS DOING, WORD IS ALMOST 5-OUNCES OF METH. THE DRUGS
BELONGED TO DRUG KINGPIN - SMUGGLER, HEAD OF THE
GANGSTER DISCIPLES FOR THE STATE OF KANSAS AND MISSOURI,
KNOWN ONLY TO ME AS DOUGH POPPA, WHO WORKS IN THE
LAW LIBRARY, UNDER PUBLIC SERVICE ADMINISTRATOR MR.
JOHN P. STIFFIN, EMPLOYED SINCE 7-6-2015, BY STATE OF KANSAS,
KDOC, KANSAS CIVIL SERVICES, UNITED STATES DISTRICT COURTS
FOR THE 10TH CIRCUIT OF KANSAS AND ALL JURISDICTIONS,
WHO HANDLES ALL E-FILES. THERE WERE ONLY SO MANY OF US
PRIVY TO THAT INFORMATION, SUCH AS MYSELF, RONNIE ALLEN
BELLAMY JR. #0053454, DUE TO JOHN DAVID HELMS #0099022
TELLING RONNIE ALLEN BELLAMY JR. #0053454, THEY WERE HOLDING
IT AND DID I HAVE ANYTHING THEY COULD GET UNTIL LATER,
AS BRIAN LIZARD FELLERS #6003270, SAID THE SAME AND AS
FOLLOWS IS A LIST OF ALL WHO KNEW, MARK RIDDLE #0094373,

3

JESUS HERNANDEZ #0124693, LAVELL CLEVELAND LEE #0077035,
LELAND FLOYD DIXON #0104117, JOHN DAVID HELMS #0099022,
LIZARD FELLERS #6003270, JOHN HERMOSILLO #0069620,
KRISTOFFER AUGUSTINE #0113156, JONATHON GASPER #0112713,
R4REE McCLELLAND #0072921, WHO WAS ALSO ON THE BACK
SECTION OF PHONES, AT THE TIME OIC JAMES ENGLIS, OPENED
LIZARD FELLERS #6003270, AND JOHN HELMS #0099022 DOOR, DUE TO
HELMS #0099022, GOING TO LUNCH. MARK RIDDLES #0094373,
CELL MATE- LOVER, BENJAMIN VANDUESEN #0126301, TERRY
LEE STOREY II #0112084, WERE ALSO IN ON IT. THE COMBINATION
LOCK ON LIZARD FELLERS #6003270, AND HELMS #0099022, BELONGED
TO MARK RIDDLE #0094373, BY HIS OWN ADMITTANCE AND PROOF,
MARK RIDDLE #0094373, TOOK AS MUCH AS HE COULD OR DARED
NOTHING VISIBLE, AND WENT TO JESUS HERNANDEZ #0124693,
AND EXITED WITH A CANTEEN BAG WITH SNACKS, AND ENTERED
THE ROOM OF ME, RONNIE ALLEN BELLAMY JR. #0053454, AND GOT
PUSHED OUT AND RAN OFF, SEVERAL TIMES SEE BODY OF
COMPLAINT ATTACK #3-4, CASE NO.5:23-CV-03051-JWL, CONT.
MARK RIDDLE #0094373, TOOK AND GAVE AS MUCH AS HE COULD TO
EVERYONE HE COULD TO PAY HIS DEBTS, AND THEY WERE SUBSTANTIAL,
AND THE MOST PRESSING ONE WAS CARLOS STEWART #0109437
AND KNOWN TO EVERYONE AS YOSHI, AND LIVED IN A-5, INMATE
MARK RIDDLE #0094373, HAD NO IDEA THAT THIS WAS GOING
TO TURN INTO WHAT IT HAS, AS THIS HAPPENED AND MARK
RIDDLE #0094373, WAS CONFRONTED BY JOHN HELMS #0099022,
AND LIZARD FELLERS #6003270, RETURNING FROM LUNCH AND

4

WORK, YELLING FOR THE WHOLE CELL HOUSE TO HEAR, WE JUST
WATCHED THE VIDEO, WITH O.I.C JAMES ENGLIS, AND UNIT
TEAM MANAGER ANDREW PARKS, AND WE KNOW MARK RIDDLE
#0094373, CAME TO YOUR ROOM FAILING TO MENTION THAT
HE WENT TO STG MEMBER, SURANO-MS 13, JESUS HERNANDEZ
#0124693, ROOM FIRST WITH NOTHING VISIBLE. O.I.C JAMES
ENGLIS-160c-SECURITY, OPENED MARK RIDDLES #0094373, AND
BENJAMIN VANQUESENS DOOR #0126301, HIS LIVE IN LOVER, SO THAT
LIZARD FELLERS #6003270, AND JOHN HELMS #0099022, COULD
CONFRONT RIDDLE #0094373, AND HE WAS TAKEN AWAY. AND
IMMEDIATELY I, RONNIE ALLEN BELLAMY Jr #0053454, WAS
STRIP SEARCHED BY SST-CONNOR, AND ANOTHER SST-SORT
MEMBER, KNOWN FOR THEIR ATTENTION TO DETAIL AND DILLIGENCE
AND NO NONSENSE, OR UNNECESSARY CONVERSATION APPROACH TO
THEIR JOB, AND CELL SEARCHED, NO SHAKEDOWN REPORT LEFT AND
NOTHING FOUND OR TAKEN. AS I RONNIE ALLEN BELLAMY JR #0053454
WAS IN DAY ROOM, CELL BEING SEARCHED, G.D. COMMAND FROM
A-5 KNOWN ONLY TO ME RONNIE ALLEN BELLAMY Jr #0053454,
AS TEZ, SECOND IN COMMAND OF THE GANGSTER DISCIPLES, CAME
TO A-7, AND ASKED IF I WAS OKAY? NEVER HAPPENED
BEFORE, AND IT WAS OBVIOUS WHY, AS JAMES ENGLES,
LOOKED ON, THE MASTERMIND BEHIND THE AGGITATION AND
CONSPIRING-RING LEADER WAS LELAND FLOYD DIXON #0104117
KNOWN AS SKEE, WHO ALSO POISONED, PATRICK UNREIN #
0065333, AND KILLED HIM, WITH SOME POISON METH.
THE UNIT TEAM MANAGER ANDREW PARKS, AN ADMINISTRATIVE

MEMBER SINCE EMPLOYMENT BEGAN IN 7-6-2004, AND JOHN ENGLES, KDOC-SECURITY SINCE 6-22-2015, KNEW THAT LIZARD FELLERS #6003270, HELMS #0099022, WAS HOLDING FOR DRUG KINGPIN-SMUGGLER, HEAD OF GANGSTER DISCIPLES FOR THE STATES OF KANSAS-MISSOURI; KNOWN ONLY TO ME RONNIE ALLEN BELLAMY Jr. #0053454, AS DOUGH POPPA, LAW LIBRARY CLERK.

I, RONNIE ALLEN BELLAMY Jr #0053454, TRIED TWICE TO GET MARK RIDDLE #0094373, TO SIGN A DRAFTED AND VALID AFFIDAVIT, HE SIGNED THE FIRST ONE AND IT WAS TAKEN BY P.C. INMATE, PORTER, MARTINEZ, A-1-107. HE GAVE IT TO THE OFFICER ON DUTY WHO TOOK A PICTURE OF IT AND E-MAILED IT TO THE CAPTAINS OFFICE, WHO FORWARDED IT TO KIMBERLY OPLIGER, KANSAS CIVIL SERVANT-KDOC-SECURITY-LEAVENWORTH COUNTY PROSECUTOR TODD THOMPSON, UNIT TEAM MANAGER KIMBERLY OPLIGER, EMPLOYED SINCE 2-13-2016, AND GANGSTER DISCIPLES, DRUG MULE, AND HOLD SPOT, FORWARDED THE PICTURES OF THE AFFIDAVIT, TO THE GANGSTER DISCIPLES DOUGH POPPA— DRUG CONNECTS, WITH A FIVE THOUSAND DOLLAR BOUNTY, FOR ANYONE WHO COULD FIND ONE OF MY FAMILY MEMBERS AND KILL THEM. INVOKING IMPP 12-116 D POLYGRAPH EXAM- GOD BE MY WITNESS.

/S/ Ron Bellamy

RONNIE ALLEN BELLAMY Jr.

Rebecka Hall
NOTARY PUBLIC—STATE OF KANSAS
MY APPT EXP.

SWORN TO BEFORE ME, REBECKA HALL, ON 3-7 -2023 A NOTARY PUBLIC FOR THE STATE OF KANSAS, JURISDICTIONALLY.

MY COMMISSION EXPIRES: _____,IS

NOTARY STAMP →

*EXHIBIT-1*

# KANSAS DEPARTMENT OF CORRECTIONS

| | INTERNAL MANAGEMENT POLICY AND PROCEDURE | SECTION NUMBER 12-116D | PAGE NUMBER 1 of 2 |
|---|---|---|---|
| Kansas Department of Corrections | | SUBJECT: SECURITY AND CONTROL:  Polygraph Examinations of Offenders | |
| **Approved By:** *Ray Roberts* Secretary of Corrections | | Original Date Issued: **11-03-15** | |
| | | Replaces Version Issued: **N/A** | |
| | | CURRENT VERSION EFFECTIVE: **11-03-15** | |

| APPLICABILITY: | _ ADULT Operations Only | _ JUVENILE Operations Only | X DEPARTMENT-WIDE |
|---|---|---|---|

## POLICY STATEMENT

Procedures shall be developed for the administration of polygraph examinations to offenders as may be required to complete an investigation.  Polygraph examinations shall be administered only with the offender's written consent.  Absolutely no polygraph examinations shall be administered to alleged victims of sexual assault/abuse in connection with the alleged offenses involved.

Polygraph examination results shall not be considered conclusive evidence or utilized as substitutes for facility disciplinary hearings or post incarceration supervision revocation actions.  Except when the polygraph is required as a condition of participation in a treatment program, the refusal of an offender to submit to a polygraph examination shall not be the basis for disciplinary or post incarceration supervision revocation actions, or, reported to the offender's file.

Polygraph examinations requested by outside agencies or individuals may be allowed.  The agency or individual requesting such an examination shall be responsible for any cost associated with the administration of the examination.

## DEFINITIONS

None.

## PROCEDURES

I.    **Offender Consent**

    A.    The offender's consent shall be obtained using the Offender's Consent to Polygraph Examination form (Attachment A), prior to the administration of any polygraph examination.

II.    **Authorization for and Purpose of Polygraph Examinations**

    A.    No offender shall be requested to submit to a polygraph examination as a part of an internal investigation or on the request of outside agencies or individuals without the prior approval of the warden/superintendent.  In making this decision, the following shall be taken into consideration:

        1.    The matter under investigation;

        2.    The need to determine if the offender has been truthful during other phases of an investigation; and,



3.   The investigative efforts which have been expended or remain to be utilized.

**III.   Scheduling of Polygraph Examinations**

A.   Schedules for approved polygraph examinations to be administered on departmental premises shall be limited to times and locations within the facility or office which provide for a minimum of disruption to the daily administration of the facility or parole office.

**NOTE:** The policy and procedures set forth herein are intended to establish directives and guidelines for staff and offenders and those entities that are contractually bound to adhere to them.  They are not intended to establish State created liberty interests for employees or offenders, or an independent duty owed by the Department of Corrections to employees, offenders, or third parties.  Similarly, those references to the standards of various accrediting entities as may be contained within this document are included solely to manifest the commonality of purpose and direction as shared by the content of the document and the content of the referenced standards.  Any such references within this document neither imply accredited status by a Departmental facility or organizational unit, nor indicate compliance with the standards so cited. The policy and procedures contained within this document are intended to be compliant with all applicable statutes and/or regulatory requirements of the Federal Government and the state of Kansas. This policy and procedure is not intended to establish or create new constitutional rights or to enlarge or expand upon existing constitutional rights or duties.

## REPORTS REQUIRED

None.

## REFERENCES

None.

## ATTACHMENTS

| Attachment | Title of Attachment | Page Total |
|:----------:|---------------------|:----------:|
| A | Offender's Consent to Polygraph Examination | 1 page |

*EXHIBIT-1*

Attachment A, IMPP 12-116D
Effective 11-03-15

## KANSAS DEPARTMENT OF CORRECTIONS

## OFFENDER'S CONSENT TO POLYGRAPH EXAMINATION

A.  Name of Correctional Facility or Parole Office *LANSING CORRECTIONAL FACILITY*

B.  Name of Examiner _____

C.  Employer of Examiner _____

D.  Name of Offender *RONNIE ALLEN BELLAMY JUNIOR*

DOC Number *0053454*

I hereby consent to a polygraph examination by the above-named examiner.  I understand that this is a voluntary examination.  I further understand that the results of this polygraph examination shall not be considered as conclusive and that disciplinary action or post incarceration supervision revocation action shall not be taken based on the results of this examination.

*RONNIE ALLEN BELLAMY JUNIOR*
Signature of Offender

*1-9-2023*
Date

*COI Rushing*
Witness

*2-15-23*
Date

_____
Witness

_____
Date

*THIS WILL TAKE CARE OF AND IS FOR EVERYTHING THAT I HAVE CLAIMED—ALLEGED BEHIND THE WALLS L.C.F. H.C.F. EDCF AND HERE AT NEW FACILITY CORE CIVIL COMPLAINS TO INCLUDE CASE NO. 5:20-CV-03229-SAC, 20-CV-3229-DDC-ADM, APPEAL 22-3106 CASE NO. 5:23-CV-03051-JWL BELLAMY V STATE OF KS ET.AL, 20-CV-3229-TC-ADM, AND MY ILLEGAL UNLAWFUL CONVICTION-SENTENCE- PLEA AGREEMENT AND SENTENCE VACATED SNT VAC ON JOURNAL ENTRIES 91CR00030—1991 WYCO KS NEVER RELEASED 91CR 0493B—1991 WYCO KS NEVER RELEASED 96 0S CR 609 = LV CO KS ALSO ILLEGAL 96 07 CR 481 = LV CO KS DUE TO SENTENCE ALREADY ILLEGAL AND ALL AFFIDAVITS GOD BE MY WITNESS IMPRISONMENT ALWAYS BE AND BE SO NEVER RELEASED*

# ARTICLE 1

EFFECTIVENESS AND DURABILITY:

THIS POWER OF ATTORNEY SHALL BECOME EFFECTIVE IMMEDIATELY, SHALL BE PERPETUAL, SHALL SURVIVE ALL OPPOSITION, ARGUEMENT, AND NEVER BE REVOKED - OPPOSED - UNDERMINDED OR BECOME INEFFECTIVE. IT AS WHAT IT IS, WILL FOREVER STAND AS A LEGAL BINDING DOCUMENT, IRREVERSIBLE, UNCHALLENGEABLE, BY ANYONE, GROUP, ENTITY, ENTERPRISE, ORGINIZATION, PARTY, COURT, AND BY ANY JURISDICTION OR OPPOSITION FOR ANY REASON, OR ATTEMPT(S) TO REVOKE OR ARGUEMENTS TO REVOKE.

## ARTICLE II
## AUTHORITY

THIS LEGAL AND BINDING DOCUMENT - AUTHORIZATION, GIVES ALL AUTHORITY - AUTHORIZATION - ABILITIES AS THE RIGHTS OF ATTORNEY IN ALL WAYS GRANTED - LEGAL - BINDING, BY ALL OF THE APPLICABLE LAWS AND CONSTITUTIONAL PROTECTIONS AND ALL AFFORDANCES LEGAL AND DOMESTIC, BY LAW AND CONSTITUTION. THIS ACCORDANCE - AUTHORITY, GIVES RONNIE ALLEN BELLAMY JUNIOR, AND ONLY RONNIE ALLEN BELLAMY JUNIOR, PERMISSION AND AUTHORITY, FOR EVERYTHING NEEDED AND WANTED LEGAL AND DOMESTIC, PROTECTING ALL RIGHTS, COMPLIANCES, LAWS, STATE AND FEDERAL. REQUIRING THE FULL PARTICIPATION OF RONNIE ALLEN BELLAMY JUNIOR, IN ALL MATTERS.

/S/ Ron Bellamy — INITIALS: R.B.
RONNIE ALLEN BELLAMY II

COUNTY OF, ALL COUNTIES - JURISDICTIONS )— /S/ Rebecka Hull
NOTARY SIGNATURE

ON THE 22ND DAY OF FEB , 2023, BEFORE ME, THE UNDERSIGNED,
PERSONALLY APPEARED RONNIE ALLEN BELLAMY JUNIOR, WHOSE NAME IS SUBSCRIBED
TO THE WITHIN INSTRUMENT AND ACKNOWLEDGED. NOTARY PUBLIC:

Rebecka Hall
NOTARY PUBLIC - STATE OF KANSAS
MY APPT EXP: 7/21/23

District of Kansas

# Notices

5:23-cv-03051-JWL Bellamy (ID 53454) v. State of Kansas et al



PLC2

## U.S. District Court

## DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered on 2/21/2023 at 10:06 AM CST and filed on 2/21/2023

**Case Name:** Bellamy (ID 53454) v. State of Kansas et al
**Case Number:** 5:23-cv-03051-JWL
**Filer:**
**Document Number:** 5

**Docket Text:**
**NOTICE OF DEFICIENCY - Response deadline 3/23/2023. Mailed to pro se party Ronnie Allen Bellamy, Jr. by regular mail. (jal)**

**5:23-cv-03051-JWL Notice has been electronically mailed to:**

Ronnie Allen Bellamy, Jr     KDOC_court_file_lcf@ks.gov

**5:23-cv-03051-JWL Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1028492125 [Date=2/21/2023] [FileNumber=5769960-0
] [3cf15719c2e46bc9810ead59fba4b8296818bcd1bcdec42a1d8dcb5f972499f891c
36fb6b88571ef76564dfbad23a2148485bb60f41cabf6ce2289cad9be5061]]

# Kansas Department of Corrections
## Account Withdrawal Request
(Complete One Request per Form)
**Attach letter and addressed/stamped envelope when required**

EXHIBIT-5

RONNIE ALLEN BELLAMY Jr.    53454    LCF-C    A-1-238    2-15-2023
Printed Name | Number | Facility | Unit/Cell Location | Date

Please pay the following and charge to my account:

## Outgoing Funds/Donations

Payable To: UNITED STATES DISTRICT COURT
Name

$ 650.00    444 S.E. QUINCY
Check Amount    Address

TOPEKA, KANSAS 66683
City, State, Zip

FILING FEE CIVIL LAWSUIT    IN Full
Purpose/Inmate Benefit Fund Group

| Title of Publication* |
| Frequency – (Circle One) |
| Yearly  Monthly  Weekly  Daily  Other |
| Number of Issues _____ |
| Expiration Date _____ |
| Publication Price _____ |
| *Book, Magazine or News Paper (Per IMPP 11-101) |

I request the use of Forced Savings as provided in IMPP 04-103, for:
(Documentation Required)

☐ Community Identification
☒ Civil Filing, Transcript or Subpoena Fees
☐ Reentry into the Community (Warden's Approval Required)

| (To Be Completed by Mailroom) | **Postage** – (To Be Completed by Inmate) |
|---|---|
| | To: _____ |
| | Name |
| $ _____ | ☐ Postage |
| Postage Amount | Address |
| | ☐ Legal/Official Postage (Per K.A.R. 44-12-601) |
| | City, State, Zip |
| | ☐ Certified |
| Verified By | (Only if Funds are Available) |
| | Reason |

RONNIE ALLEN BELLAMY Jr. 2-15-2023          WJS 2—  2/15/23
Inmate Signature          Date          Unit Team Approval          Date

Handicraft Approval (If Applicable)     Date          Religious Approval (If Applicable)     Date

☐ Applies to Outgoing Funds Limit
☐ Does Not Apply to Outgoing Funds Limit
☐ Use of Forced Savings Approval as requested above

Exception Approval          Date

This withdrawal request is being returned for the following reason(s):

____ Insufficient Funds                    ____ Payee Missing
____ Signature Missing                     ____ Insufficient Address
____ Exceeds Spending Limit                ____ Amount Missing
____ Incentive Level                       ____ Name/Number -- Do Not Match
____ Envelope/Order/Stamp Missing          ____ Illegible Information
____ Unauthorized Per IMPP/KAR _____  ____ Other _____

Account Processor          Date Withdrawn          Acct. Use

1504a

2/02/2023          13:00:15          Kansas Department of Corrections          PGM - BKR0050B          Page   1
                                        Inmate Account Statement

Inmate:  0053454 BELLAMY,RONNIE,A,JR

*A1-238*

| | Total Deposits | Average Cash Balance* | Average Forced Savings¹ Balance* | Average Mandatory Savings² Balance*** |
|---|---|---|---|---|
| July: | 12.30 | 99.30 | 661.35 | 1179.89 |
| August: | 12.33 | 319.91 | 661.54 | 1180.14 |
| September: | 12.65 | 59.55 | 661.88 | 1180.74 |
| October: | 9.52 | 2.94 | 662.37 | 1181.62 |
| November: | 90.65 | 19.32 | 668.66 | 1182.55 |
| December: | 4.31 | 1.79 | 674.13 | 1186.50 |
| | --------- | --------- | --------- | --------- |
| Total all Months: | 141.76 | 502.81 *LIE* | 3989.93 *LIE* | 7091.44 *LIE* |

| | | | | |
|---|---|---|---|---|
| Average for Preceding Months:** | 23.63 | 83.80 | 664.99 | 1181.91 *REAL TOTAL* |
| Current Available Balance as of 2/02/2023: | | 41.90 | 687.33 *REAL TOTAL* | |

*handwritten:* CASH AVAILABLE AS OF 3/4/2023 $2.17
FORCED SAVINGS AVAILABLE AS OF 3/4/2023 $689.⁰⁰ APPX
MANDATORY SAVINGS THEY WILL NOT ALLOW ME TO ACCESS-
BUT TOTAL IS APPX $1,088.⁰⁰ THATS ONE THOUSAND 88.⁰⁰

*NOTE:  The average balance is calculated from the account data for the inmate
         location at the time interest is posted to his/her account for cash,
         forced savings, and mandatory savings.

**NOTE:  Average balance for preceding months is calculated from only
          months for which interest has been posted.

***NOTE:  Mandatory savings cannot be spent on court costs or attorney
           fees pursuant to statute and the Kansas Department of Corrections policy.


This is to certify that this statement represents a true summary of
deposits and average daily balances for the period shown.  The
current balance of available funds is as reflected in the above statement.

Certify Correct:                          *Natalie Stanley*        2/2/2023
KANSAS DEPARTMENT OF CORRECTIONS          Signature of Authorized   Date
714 SW Jackson, Suite 300
Topeka                    KS  66603-0000  Accountant II
                                          Position


¹Forced Savings is established per Internal Management Policy and Procedure 04-103.
²Mandatory Savings is established per K.S.A. 75-5268 1(g).

*handwritten right margin:* EXHIBIT-5

EXHIBIT 5 _PLC2

COPY FOR
INFO...

# U.S. District Court
## DISTRICT OF KANSAS (Topeka)
## CIVIL DOCKET FOR CASE #: 5:23-cv-03051-JWL

Bellamy (ID 53454) v. State of Kansas et al
Assigned to: District Judge John W. Lungstrum
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 02/17/2023
Jury Demand: None
Nature of Suit: 555 Habeas Corpus
(Prison Condition)
Jurisdiction: Federal Question

**Plaintiff**

**Ronnie Allen Bellamy, Jr.**
*53454*

represented by **Ronnie Allen Bellamy, Jr.**
53454
LANSING Correctional Facility
PO Box 2
Lansing, KS 66043-0002
Email:
KDOC_court_file_lcf@ks.gov
PRO SE
*Bar Number:*
*Bar Status:*

V.

**Defendant**

**State of Kansas**

**Defendant**

**Jeff Zmuda**

**Defendant**

**Kansas Civil Service**

**Defendant**

**Kansas Department of
Corrections**

**Defendant**

*EXHIBIT 5*

*Attorney General, including Shield # 26431-26074, individual and official capacities*

## Defendant

**Denise Sisco**
*EAI, individual and official capacity*

## Defendant

**(fnu) (lnu) (2)**
*Special Agents of EAI, KBI, individual and official capacities*

## Defendant

**Danielle D. Wagner**
*Classification Administrator, individual and official capacity*

## Defendant

**James Englis**
*Security, Lansing Correctional Facility, individual and official capacity*

## Defendant

**Larry E. Wagner**
*Security, Lansing Correctional Facility, individual and official capacity*

## Defendant

**Alex J. Ellison**
*Security, Lansing Correctional Facility, individual and official capacity*

## Defendant

**Christopher Hunt**
*Security, Lansing Correctional Facility, individual and official capacity*

2/21/23, 10:08 AM                    District of Kansas                    

Email All Attorneys

Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 02/17/2023 | 1 | COMPLAINT filed by Plaintiff Ronnie Allen Bellamy, Jr. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (jal) (Entered: 02/21/2023) |
| 02/17/2023 | 2 | NOTICE to the Court by Plaintiff Ronnie Allen Bellamy, Jr. (jal) (Entered: 02/21/2023) |
| 02/17/2023 | 3 | MOTION to Appoint Counsel by Plaintiff Ronnie Allen Bellamy, Jr. (Attachments: # 1 Account Withdrawal Request, # 2 Inmate Account Statement) (jal) (Entered: 02/21/2023) |
| 02/17/2023 | 4 | MOTION for Order (titled Motion Requesting Permission to Appeal All Decisions) by Plaintiff Ronnie Allen Bellamy, Jr. (jal) (Entered: 02/21/2023) |
| 02/21/2023 | 5 | NOTICE OF DEFICIENCY - Response deadline 3/23/2023. Mailed to pro se party Ronnie Allen Bellamy, Jr. by regular mail. (jal) (Entered: 02/21/2023) |

**Janet DePinto [KDOC]**

EXHIBIT 5
A1-205

| | |
|---|---|
| **From:** | KDOC_Court_File_LCF |
| **Sent:** | Monday, February 27, 2023 12:55 PM |
| **To:** | Janet DePinto [KDOC]; Colette Winkelbauer [KDOC] |
| **Subject:** | FW: Activity in Case 5:23-cv-03051-JWL Bellamy (ID 53454) v. State of Kansas et al Order on Motion for Leave to Proceed in forma pauperis |

**From:** KSD_CMECF@ksd.uscourts.gov <KSD_CMECF@ksd.uscourts.gov>
**Sent:** Monday, February 27, 2023 12:54:49 PM (UTC-06:00) Central Time (US & Canada)
**To:** ksd_nef@ksd.uscourts.gov <ksd_nef@ksd.uscourts.gov>
**Subject:** Activity in Case 5:23-cv-03051-JWL Bellamy (ID 53454) v. State of Kansas et al Order on Motion for Leave to Proceed in forma pauperis

*EXTERNAL*: This email originated from outside of the organization. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered on 2/27/2023 at 12:54 PM CST and filed on 2/27/2023
**Case Name:**     Bellamy (ID 53454) v. State of Kansas et al
**Case Number:**   5:23-cv-03051-JWL
**Filer:**
**Document Number:** 8(No document attached)

**Docket Text:**
**ORDER ENTERED: Plaintiff's motion to proceed in forma pauperis [6] is granted. The Court assesses an initial partial filing fee of $16.50, calculated under 28 U.S.C. § 1915(b)(1). Plaintiff is granted to and including March 13, 2023, to submit the fee. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fee as directed may result in the dismissal of this matter without further notice. Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of plaintiff shall forward payments from plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). The clerk is to transmit a copy of this order to plaintiff, to the finance office at the institution where plaintiff is currently confined, and to the court's finance office. Entered by District Judge John**

EXHIBIT 5

**W. Lungstrum on 02/27/23. Mailed to pro se party Ronnie Allen Bellamy, Jr. by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (smnd)**

**5:23-cv-03051-JWL Notice has been electronically mailed to:**

Ronnie Allen Bellamy, Jr    KDOC_court_file_lcf@ks.gov

**5:23-cv-03051-JWL Notice has been delivered by other means to:**

EXHIBIT-5

ON 9-SEPERATE OCASSIONS I HAVE HAD
TO WAIT ACCEPT PARTIAL TRAYS - MISSING
ITEMS OR START YELLING TO GET THE FOOD
AND PROVIDED ITEMS I AM ENTITLED TO BY
LAW.

DUE TO THE FOLLOWING - THE OFFICERS ALLOW
AND ENCOURAGE THE INMATES P.C. OFFENDERS T[O]
BE IN CONTROL OF THE FOOD. THIS IS A VIOLATI[ON]
OF POLICY - LAW - CONTRACT. THEY STEAL WHAT THE[Y]
WANT BEFORE THE CELL HOUSE IS FED. THE OFFIC[ER]
ARE EVEN EATING TRAYS BEFORE ENSURING WE [ARE]
ALL FED. 1) THE PORTERS CANT CALL ARAMARK AN[D]
SHOULD NEVER BE IN CONTROL OF WETHER OR N[OT]
SOMEONE IS FED OR THEIR TRAY GETS ORDERE[D]
2) THE LEVEL OF UNLAWFUL UNCONSTITUTI[ONAL]
ORDERS TARGETING IS SO FOUL COL ALLEN
BECAUSE CS1 GARDNER WOULD NOT ACKNOWLE[DGE]
I DID NOT GET A TRAY. WENT TO ANOTHER
INMATES CELL AND BROUGHT ME A HALF
EATEN TRAY, SMILING AND SAID AT LE[AST]
ITS SOMETHING TO EAT. I REFUSED
AND ASKED FOR WHAT I AM SUPPOSE TO [THE]
AS THAT WAS REPULSIVE. THE DAY BEF[ORE]
SAME PEOPLE I HAD TO TRADE A HALF OF
SAID LUNCH 2 - 2½ HOURS LATER JUST TO [BE]
ACKNOWLEDGED BY MALE OFFICER WHO B[?]
IT. THIS HAPPENS CONSTANTLY AND U[?]
PLEASE PUT AN END TO THIS WE CAN [?]
FOOD OR COFFEE AND COFFEE IS 1X A DA[Y]
AND PLEASE CONSIDER ME FOR A JOB PORTE[R]
WHATEVER, WATERBOY, ↓ OFFICE CLEANER ?? [?]
BE[?]

INMATE REQUEST TO STAFF MEMBER

EXHIBIT - 5

To: *UTM Officer - Warden Cheers*

Date: 2-22-2023

(Name and Title of Officer or Department)

*Signature*

Unit Team, Detail or Cellhouse Officer's Signature

↗ SIGNED BY CAPTAIN MAKING ROUNDS IN UNIT

**To be retained by inmate**

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

BELLAMY

**Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

53454

**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: *UTM Officer - Warden Cheers*  Date: 2-22-2023

(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

I just turned in a grievance-Form 9, on the ongoing issues that keep happening. Due to the inmates lieing to C.P. Guys about being on P.C. and useing the food-tablet-resources available to either buy dope-drugs- or sale for favors-hygiene. I buy extra trays every chance I get when I don't anymore because I always get a short tray, watch the video you will see for yrself whats going on it just happened again at dinner on 2-21-2023- and maybe 2-22-2023 breakfast also

Work Assignment: _____  Living Unit Assignment: 4- -238

Comment: _____  Detail or C.H. Officer: *Cpt _____ Review*

This is due to unlawful-ongoing orders from Meredith See grievance for Details

Disposition: _____

_____
_____
_____

To: _____  Date: _____
(Name & Number)

Disposition: _____

_____
_____
_____

_____  Employee's Signature              **To be returned to inmate.**

P-0009

EXHIBIT-5

## KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

### INMATE COMPLAINT

Inmate's Name _RONNIE ALLEN BELLAMY JR._   Number _53454_

Facility _C.C.F._   Housing Unit _A-1-238_   Work Detail _AD SEG ?_

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member).   _SEE ATTACHED FOR THE_

_VIOLATIONS OF LAW — CONSTITUTION-RULES-POLICY._

Date this report was given to Unit Team for informal resolution (to be completed by inmate): _2-23-2023_

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

I have investigated your concerns outlined in the attached grievance. 44-15-101 Grievance Procedure; Informal Resolution; formal levels; (b) states, 'Before utilizing the grievance procedure, the inmate shall be responsible for attempting to reach an informal resolution of the matter with the personnel who work with the inmate on a direct or daily basis. An inmate in a facility or parole setting shall contact the unit team members for the attempt at informal resolution. You are encouraged to wait for the informal resolution prior to submitting the grievance.  You need to submit an informal on a form 9 not the grievance form. No further action deemed necessary at this time

_[signature]_ UTM   _3/3/23_
Unit Team Signature   Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days.)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__X__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_NO REASON TO COMPLETE — LIE RESPONSE_

Inmate Signature _ABUSE OF POLICY_   Date

**`WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received _____   Date of Final Answer _____   Date Returned to Inmate _____

_____   _____
Inmate's Signature   Date   Unit Team Signature   Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

TO BE COMPLETED BY STAFF ONLY
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

THESE SHEETS ARE SEPARATED FROM THE ABOVE, DO NOT WRITE BELOW THIS LINE

EXHIBIT-5

THIS IS THE 10TH TIME I KEEP HAVING ISSUES
WITH GETTING A TRAY. WHILE THE PORTERS CARRY
MULTIPLE TRAYS TO THEIR ROOM, AND THE OFFICERS
ARE SHOVING FOOD IN THEIR FACE. SEE VIDEO
AND WHEN I CAN GET A TRAY IT IS ALMOST
ALWAYS SHORT-WRONG PROPORTIONS. YOU CAN
REPEATEDLY SEE THE PORTERS - WHO SHOULD
NEVER CONTROL THE FOOD, TAKING TRAYS WITH
THE BIGGEST PORTIONS FOR THEMSELVES AS THEY
GO THROUGH THEM WITH DIRTY HANDS AND GLOVES.
DUE TO THE OFFICERS FAVORITE SATILL ITS AGAINALL
WE HAVE NOTHING TO DO WITH IT LIKE THE PORTERS
CAN ORDER FOOD CALL ARAMARK AND SAY THESE
TRAYS ARENT RIGHT OR HAVE KEYS. I REPEATEDLY
GET SKIPPED ON TABLET DAYS. SEE VIDEO, AND
HOPKINS ALWAYS GOES THROUGH TRAYS AND
SETS THE ONES TO THE SIDE WITH SMALL PORTIONS
FOR ME AND OTHERS NOT POPULAR. DUE TO SHORTING
SAME WITH OFF ANDERSON - THEORIES THATS TABLE - AND
BEING INVESTED IN THEIR CELLS UNSAFELY. YOU
CAN SEE ON VIDEO HOPKINS CONTALI ON OP
THEIR ROOM SHORTING TO CLEAR HIS NOSE AS
I AM UP EVERY MORNING FOR BREAKFAST. AND
HE KNOWS I KNOW AND SAW HIM, AND THEY
HAVE A PROBLEM WITH ME FOR SAYING SOMETHING
ABOUT THE BULK SHIT GOING ON. I WAS AN
EMERGENCY MOVE OVER HERE FROM A-4. I DID
NOTHING WRONG. THIS NEEDS TO STOP I
APPRECIATE BEING HERE. BUT THIS IS JUST
RIDICULOUS. I DONT EVEN WANT TO HAVE TO DO THIS
STUPID SHIT - THACKSON                    BELLAMY 53454

THE SUPREME COURT SAID OF NINETEENTH CENTURY
SOLITARY CONFINEMENT THAT "[A] CONSIDERABLE NUMBER
OF PRISONERS FELL, AFTER EVEN A SHORT CONFINEMENT,
INTO A SEMI-FATIOUS CONDITION, FROM WHICH IT WAS NEXT
TO IMPOSSIBLE TO AROUSE THEM, AND OTHERS BECAME VIOLENTLY
INSANE; OTHERS STILL, COMMITTED SUICIDE; WHILE THOSE WHO
STOOD THE ORDEAL BETTER WERE NOT GENERALLY REFORMED,
AND IN MOST CASES DID NOT RECOVER SUFFICIENT
MENTAL ACTIVITY TO BE OF ANY SUBSEQUENT SERVICE TO
THE COMMUNITY." IN RE MEDLEY, 134 U.S. 160, 168, 10 S.
CT. 384 (1890)(STRIKING DOWN A STATUTE RETROACTIVELY
IMPOSING SOLITARY CONFINEMENT AS AN EX POST
FACTO LAW).
SEE E.G. FREEMAN V. BERGE, 283 F. SUPP. 2d 1009, 1016-
17 (W.D. WIS. 2003) IN REGARDS TO "CONTEMPORARY
STANDARDS OF DECENCY", EVIDENCE HAS ACCUMULATED
REGARDING THE HARM THAT DEPRIVING INMATES OF
SOCIAL INTERACTION AND SENSORY STIMULATION CAN
CAUSE.... SEE STUART GRASSIAN, M.D., PSYCHOPATHO-
LOGICAL EFFECTS OF SOLITARY CONFINEMENT, 140 AM.
J. PSYCHIATRY 11 (1983); STUART GRASSIAN AND NANCY
FRIEDMAN, EFFECTS OF SENSORY DEPRIVATION IN PSYCHIATRIC
SECLUSION AND SOLITARY CONFINEMENT, 8 INT'L J. OF
LAW AND PSYCHIATRY 49 (1986). SEE MORALES FELICIANO
V. ROMERO BARCELO, 672 F. SUPP. 591, 603-04 (D.P.R. 1986) (CONDITIONS INCLUDING
24-HOUR LOCK-IN AND COMPLETE ABSENCE OF PROGRAM ACTIVITY AND LACK OF
MEDICAL SUPERVISION "WANTONLY INFLICTS... CONSIDERABLE PAIN");

UNITED STATES DISTRICT COURT
FOR THE STATE OF KANSAS


RONNIE A.BELLAMY JR.
             PLAINTIFF

V.                                    CASE NO. 5:23-CV-03051-JWL
STATE OF KANSAS ET AL.,
                  DEFENDANTS

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS CIVIL RIGHTS COMPLAINT


COMES NOW PLAINTIFF PRO SE,AND SUBMITS THE FOLLOWING MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFFS COMPLAINT AND STATES THE FOLLOWING.

THE UNITED STATES SUPREME COURT HAS LISTED AS BASIC HUMAN NEEDS FOOD,CLOTHING,
SHELTER,MEDICAL CARE,AND REASONABLE SAFETY,AS WELL AS WARMTH AND EXERCISE.

HELLING V.McKINNEY,509 U.S. 25,32,113 S.CT. 2475 (1993)(CITING DeSHANEY V.
WINNEBAGO COUNTY DEP'T OF SOCIAL SEVICES,489 U.S.189,199-200 S.CT.998(1989),
SHELTER INCLUDES VARIOUS ASPECTS OF PHYSICAL CONDITIONS INCLUDING LIGHTING,
VENTILATION,ANDSTRUCTURAL DETERIORATION...SAFETY.

THE UNITED STATES SUPREME COURT HAS HELD THAT UNSAFE CONDITIONS THAT POSE AN
UNREASONABLE RISK OF SERIOUS DAMAGE TO A PRISONERS FUTURE HEALTH,MAY VIOLATE
THE EIGHTH AMENDMENT EVEN IF THE DAMAGE HAS NOT YET OCURRED AND MAY NOT AFFECT
EVERY PRISONER EXPOSED TO THE CONDITITONS.

HELLING V.McKINNEY,509 U.S.25,33,113 S.CT. 2475 (1993)(a remedy for unsafe
conditions need not wait a tragic event),HELLING CONCERNED EXPOSURE TO TOBACCO
SMOKE,OTHER EXAMPLES CITED BY THE COURT INCLUDED EXPOSURE TO THE RISK OF INFE-
CTIOUS DISEASE,UNSAFE DRINKING WATER,EXPOSED WIRING,DEFICIENT FIREFIGHTING
MEASURES,AND ASSAULT.ID.,509 U.S. at 33034.

IN EIGHTH AMENDMENT CONDITIONS CASES,A PLAINTIFF NEED ONLY PROVE THAT THE
DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE.

WILSON V.SEITER,501 U.S.294,303,111 S.CT. 2321 (1991) THE COURT REASONED  THAT
DELIBERATE INDIFFERENCE WAS THE APPROPRIATE STATE OF MIND REQUIREMENT FOR
CONDITIONS CASES,ACCORD,FARMER V.BRENNAN,511 U.S.825,834,114 S.CT. 1970 (1994)
(inmate assault case).

DELIBERATE INDIFFERENCE IN EIGHTH AMENDMENT CASES FALLS SOMEWHERE BETWEEN MERE
NEGLIGENCE (CARELESSNESS) AND ACTUAL MALICE (INTENT TO CAUSE HARM).THAT IS,IT
AMOUNTS TO RECKLESSNESS,SOMETIMES DELIBERATE INDIFFERENCE IS SHOWN DIRECTLY
BY EVIDENCE OF PRISON PERSONELL'S BAD MOTIVES OR ATTITUDES.

FARMER V.BRENNAN,511 U.S.at 8350837,WILSON V.SEITER,501 U.S. at 297-304,See,e.g.
Haley V.Gross,86 F.3d 630,642 (7th Cir.1996).

THE SUPREME COURT HAS HELD THAT A PRISON OFFICIAL CAN BE FOUND RECKLESS OR
DELIBERATELY  INDIFFERENT IF THE OFFICIAL KNOWS OF AND DISREGARDS AN EXCESSIVE
RISK TO INMATE HEALTH OR SAFETY...

NOTE:In the immediate case,prison officials and security personell had knowledge
of the attack,prior to the incident ocurring,which they ignored and failed
to act on.

...This is the same standard of recklessness that is used in criminal law,and
it is sometimes called the subjective approach to recklessness.If prison
officials know that conditions are objectively cruel and fail to act to remedy
them,they are deliberately indifferent.

Alberti V. Sheriff of Harris County,Texas,937 F.2d 984,998-99 (5th cir.1991);
accord,Hope V.Pelzer,536 U.S.730,738,122 S.ct.2508 (2002)(finding eighth amend-
ment violations where prison staff knowingly subjected the palintiff to the
obvious risks...)
The Supreme court has stated that deliberate indifference to serious medical
needs of prisoners constitutes the unnecessary and wanton infliction of pain...
proscribed by the eighth amendment.
Estelle V.Gamble,429 U.S.97, S.ct. 285 (1976);See Erickson V.Pardus,551 U.S.89,
94,127 S.ct. 2197 (2007)(per curiam)

As with other eighth amendment claims,the deliberate indifference standard requ-
ires a plaintiff to show that the defendants had actual knowledge of an object-
ively cruel condition,related to a serious medical need,and did not respond
reasonably to the risk.

Farmer V.Brennan,511 U.S.825,837,114 S.ct.1970 (1994);See,e.g.,Johnson V.Mullin,
422 F.3d 1184,1187 (10th cir.2005).

A plaintiff does not have to show that the defendants knew exactly what was
wrong with him/her,or what its consequences could be if it was clear you had
a serious problem and the defendants diregarded it.The fact that risk was obvi-
ous can support a finding that the defendants knew about it.

If defendants violate published professional standards of care or the prisons
own procedures fro medical care,even though they may not by themselves show a
constitutional violation,they may also be found to have had actual knowledge.
The standards or procedures may provide circumstancial evidence that a prison
health care gatekeeper knew of a substantial risk of serious harm in the situ-
ations for which they give instructions.
Mata V.Saiz,427 F.3d 745,756 (10th cir.2005)(nurse who did not asess a prisoner
suffering...could be found deliberately indifferent);Farmer V.Brennan,511 U.S.
825,842,843,114 S.ct.1970 (1994).Mata,at 427 F.3d 757,even if there is no viol-
ation of policy,the policies may be evidence of the defendants'knowledge of the
risks inherent in certain circumstances,Gibson V.County of Washoe,Nev.290 F.3d
1175,1190-91 (9th cir.2002)(policies concerning mentally ill prisoners showed
that policy makers understood the risks presented by lack of prompt psychiatric
attention for some new admissions).Courts may also be willing to presume know-
ledge of risks from medical professionals'training.

Under the constituion,prison officials need only provide care  for serious
medical needs.Many courts have held that a serious medical need is one that
has been diagnosed by a physician as mandating treatment or one that is so
obvious that even a lay person would easily recognize the necessity of a doctors
attention.

McGuckin V.Smith,947 F.2d 1050,1059-60 (9th cir.1992)(the existence of an injury
that a reasonable doctor or patient would find important and worthy of comment
or treatment supports a finding of seriousness).

Mental health care is subject to the same constitutional standards as other forms of prison medical care.Deliberate indifference to serious mental health needs violate the eighthamendment.

Gates V.Cook,376 F.3d 323,343 (5th cir.2004);Dolohite V.Maughon,74 F.3d 1027, 1042-43 (11 th cir. 1996); Smith V.Jenkins,919 F.2d 90,92-93 (8th cir. 1990); Langley V.Coughlin,888 F.2d 252 (2d cir.1989); Waldrop V.Evans,871 F.2d 1030, 1033 (11 th cir.),rehearing denied,880 F.2d 421 (11th cir.1989).

The courts have cited experts definition of a serious menatl illness as one that has caused significant disruption in an inmates everyday life and which prevents his functioning in the general population without disturbing or endangering others or himself.

Tillery V.Owens,719 F.Supp. 1256,1286 (W.D Pa.1989),aff'd,907 F.2d 418 (3d cir. 1990)

The constitution requires prison and jail officials to provide reasonable safety for prisoners.They must protect them from assault by other inamtes and from unreasonably hazardous living and working conditions,and must refrain from subjecting them to the unnecessary use of force.

Prison officials must take reasonable measures to protect prisoners from assault by other inmates,including sexual assault.If they fail to do so,courts may award damages to injured prisoners or injunctions to prisoners who are in danger.

Cantu V.Jones,293 F.3d 839,843-44 (5th cir.2002)(affirming award for razor blade assault resulting in injury.

Farmer  V.Brennan,511 U.S. at 845-46;See e.g.,Jensen V.Clarke,94 F.3d 1191,1200-01(8th cir.1996)(enjoining officials to use classification process in assigning cellmates).

The above foregoing precedents all directly apply,but are not limited to the allegations alleged in the palintiffs case and should be considered when reviewing the initial complaint and all amendments thereof.

Respectfully Submitted,
RONNIE ALLEN BELLAMY JR.

INMATE REQUEST TO STAFF MEMBER     EXHIBIT - 5

To: *UTM OFFICER OIC*                                    Date: 2-21-2023
(Name and Title of Officer or Department)

*Cpl. Ellis*
Unit Team, Detail, or Cellhouse Officer's Signature

*SIGNED BY CO1 ELLIS*
*4 DAY A WEEK OFFICER*

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

To be retained by inmate

*BELLAMY*
**Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

*53454*
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: *UTM OFFICER - OIC*        Date: 2-21-2023
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

*EVEN THOUGH THIS VIOLATES K.A.R. 44-15-101 (b) HOW CAN
THERE BE AN INFORMAL RESOLUTION OTHER THAN VERBALLY
WHEN REPEATEDLY YOU DONT GET WHAT YOU ARE SUPPOSE
TO HAVE AND ARE ENTITLED TO BY LAW, KDOC-CONTRACT-MENU-
THE OFFICERS REPEATEDLY DO NOT GIVE ME WHAT I AM SUPPOSE
TO HAVE AND FORCE ME TO RESPOND NEGATIVELY TO GET IT.
I CANT BUY COFFEE-FOOD DOWN HERE THROUGH NO FAULT OF MY OWN*

Work Assignment: _____  Living Unit Assignment: *A-1-238*

Comment: *FARE SAID HE ORDERED THE GOD DAMN COFFEE*

Disposition: *OR THE PRINTER TOLD HIM TO STALL YOU
USE THEM AS OFFICERS FOR EVERYTHING
WATCH THE GOD DAMN VIDEO*

To: _____        Date: _____
(Name & Number)

Disposition: *An Informal resolution occurs on a form
9. You can ask whoever you planned on
putting on the grievance on a form 9.*

Employee's Signature                    **To be returned to inmate.**

P-0009

EXHIBIT - 5

## KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

### INMATE COMPLAINT

Inmate's Name RONNIE ALLEN BELLAMY JR.     Number 53454

Facility L.C.F.     Housing Unit A-1-238     Work Detail OSR

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member).

REPEATED VIOLATIONS OF ARAMARK - KDOC - CONTRACTUAL ADHERENCES. THAT ALSO IS A VIOLATION OF STATE LAWS. THAT FOOD AND ITEMS ON THE MENU AND PROPORTIONS ARE REGULATED AND GOVERNED BY LAWS, AND CONTRACT. I'M NOT ON P.C. I DID NOT ASK TO BE ON OSR. I DON'T MISTREAT THESE GUYS. EVEN THOUGH THEY LIE CONSTANTLY AND TELL

Date this report was given to Unit Team for informal resolution (to be completed by inmate). 2-21-2023

EVERYONE THE ATIK DOGS ARE P.C. NOT THE WHITE ONES. THE WARDEN EMA. I DO APPRECIATE BEING IN A-1 AND A-2

### UNIT TEAM RESPONSE (Complete and return to inmate within 10 calendar days.)

I have investigated your concerns outlined in the attached grievance. 44-15-101 Grievance Procedure; Informal Resolution; formal levels; (b) states, 'Before utilizing the grievance procedure, the inmate shall be responsible for attempting to reach an informal resolution of the matter with the personnel who work with the inmate on a direct or daily basis. An inmate in a facility or parole setting shall contact the unit team members for the attempt at informal resolution. You are encouraged to wait for the informal resolution prior to submitting the grievance. You need to submit an informal on a form 9 not the grievance form. No further action deemed necessary at this time

Unit Team Signature     3.3.23     Date

### INMATE RESPONSE (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__X__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

NO REASON TO CONTINUE - LIE RESPONSE

Inmate Signature     ABUSE OF POLICY - AUTHORITY - POSITION     Date

### `WARDEN RESPONSE (Complete, attach response and return within 10 Working days.)

Date Received _____     Date of Final Answer _____     Date Returned to Inmate _____

_____     _____
Inmate's Signature     Date     Unit Team Signature     Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

### TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number     _____

Type of Complaint (Item 4: Code 01-75)     _____     _____

Cause of Complaint (Item 5: Code 01-30)     _____     _____

Type of Response (Item 6a: Code 01,02,08 or 09)     _____     _____