From: Ronnie Allen Bellamy Jr.
L.C.F. P.O. Box 2
Lansing, Kansas 66043

To: Clerk of the Court
444 S.E. Quincy
Topeka, Kansas 66683

RE: Case No: 5:23-CV-03051-JWL, Activity

## Motion to Correct Courts Deficiency

When plaintiff gave civil complaint to UTS Mr. Meredith to take to law library to e-file as the plaintiff is in restricted housing-segregation, illegally-punitively. Unit Team Supervisor, Mr. David L. Meredith Jr., refused to file plaintiffs complaint, further violating the plaintiffs rights and access to court, also violating the plaintiffs rights by refusing to accept and process a grievance-affidavit-statement for Leavenworth County prosecutors or call them to verify that multiple crimes attempts to murder plaintiff were being carried out and plaintiff has NOT and is not receiving the proper care during, after and or due to these attacks - conspiracies by staff, KDOC, resident-inmates - security threat group, security and administrative employees-contractors- Kansas civil servants - on and off duty acting under color of law, see contract violations, IMPP#02-118D-S.", page 12 of 17, P.6., Q 1.2.3., R. Reporting Dereliction of Duty, 1. An employee shall report to his or her

supervisor any instance of failure to follow statutes, regulations, internal management policies and procedures (IMPPs), general orders, and/or post orders whether that failure be on his or her own part or on the part of another employee.

H. Leaving post, K. Visiting of employees, 1. 2. 3., L. Use and maintenance of official records and files, 1. 2. 3. G. Sleeping or being inattentive while on duty 1., C. Undue familiarity, 1., 2., a., 3. a., 4. 5. 6., II. Employee responsibility A. 1.2.  It is the responsibility of all employees to familiarize themselves with and to comply with requirements and conditions stated in the documents identified in sections I. A. B., 1. 2. 3. B. Violation of any rule of conduct may be grounds for disciplinary action up to and including dismissal. C. Employees and volunteers are required to report known or suspected violations of this policy to a supervisor or manager in a timely manner.

III. Rules of Conduct, Following Orders A. — 1. Employees shall promptly obey lawful orders given them by proper authority. 2. In the event of conflicting orders, the last order shall be obeyed. B. Conduct and Demeanor 1., 2. 3. a, b, c, d, e, 4. **Employees and volunteers shall, whether <u>on duty or off duty</u>, avoid conduct which would be likely to bring criticism upon themselves or the Department.**

<u>Procedures</u>

I. Responsibility of appointing authority
   A. — 1. Kansas Statutes Annotated (K.S.A.).
      2. Kansas Administrative Regulations (K.A.R.).
      3. Internal Management Policies and Procedures (IMPP).
   B. C. Also <u>see policy statement and definitions</u>

CONTINUING WITH <u>POLICY STATEMENT</u> AND <u>DEFINITIONS</u>, SEE E.G., <u>APPOINTING AUTHORITY:</u>, <u>EMPLOYEE:</u>, ALSO SEE <u>K.S.A.§ 77-415(B)(7)</u>, AND <u>K.S.A.§ 21-5416(a)(6), K.S.A.§ 75-5246(a.)(6.), K.S.A.§ 75-5251 — 75-5289(a)(6)</u>, FOR <u>REFERENCE(S) — VIOLATIONS, AND STATUTORY ACCOUNTABILITIES ETC...</u> TO INCLUDE <u>K.A.R.§ 44-1-105, 1-2-34 DISABILITY...</u> AND <u>RULES OF CONDUCT IV.</u>, <u>GROSS NEGLIGENCE:</u> CONDUCT INDICATING A RECKLESS DISREGARD AND COMPLETE INDIFFERENCE FOR THE POSSIBLE CONSEQUENCES OF THE PERSON'S ACTIONS AND <u>NOTE IN POLICY MEMORANDUM IS FOR BOTH STAFF AND OFFENDERS — DEPARTMENT WIDE.</u> <u>OFFENDER:</u>, <u>FACILITY:</u>, <u>WORK AREA:</u>, <u>VOLUNTEER:</u>.

PLAINTIFF WANTS TO POINT OUT IF HE MAY OUT OF A NECESSITY, **A COUPLE OF DEFICIENCIES ON THE COURTS BEHALF**, ON THE DOCKET UNDER <u>DEFENDANTS</u>, THE COURT HAS NOT <u>LISTED PLAINTIFFS FULL BODY OF COMPLAINT</u> FOR EXAMPLE ON PAGE 4 OF PLAINTIFFS COMPLAINT THE FIRST PAGE OF WRITING PAPER AS <u>DEFENDANTS NO. 5-8 ALL CAMERAS</u> NO MATTER HOW MANY FROM ELDORADO CORRECTIONAL FACILITY THAT ARE RELATED TO ATTACK — BEFORE, DURING, AFTER — LACK OF MEDICAL SERVICES AS NO ONE SHOWED UP SEE <u>DAVID KASPERS NARRATIVE — FIRST RESPONDER WITH PLAINTIFF THE ENTIRE RESPONSE ON SITE SEE VIDEO FOOTAGES</u> — LACK OF CRIME SCENE EVIDENCE, <u>KNIFE IN PICTURE IS NOT WEAPON USED.</u> SEE ALL REPORTS AND LACK OF HAND HELD VIDEO RECORDER ALWAYS USED AND BODY OF COMPLAINT AND ALL RESPONSES FROM AND RELATED TO CASE NO. 5:20-CV-03229-SAC, TC, DDC, ADM — APPEAL NO. 22-3106 BELLAMY V. CLINE ET. AL. — BELLAMY V. McCOLLOUGH ET. AL. <u>CONTINUING ALL CAMERAS AS DEFENDANTS</u> — RECORDED EYE WITNESSES — CRIMINAL AND PROSECUTORIAL, OBSERVATORIAL, INSURANCE PURPOSES AND AS EVIDENCES ALONG WITH PLAINTIFFS CONSENT TO POLYGRAPH EXAMINATION KNOWN AS IMPP 12-116D KDOC — CONTRACT — WITNESSED BY KDOC-OIC, JAMES ANDRING — ACTING UNDER COLOR OF LAW

SECURITY FOR LANSING CORRECTIONAL FACILITY, KANSAS CIVIL SERVICE, STATE OF KANSAS ET. AL., AGAIN ALL CAMERAS FROM ALL PLACES PLAINTIFF-RESIDENT HAS BEEN HOUSED - RECORDINGS - VIDEO FOOTAGES - PROCEEDS - AND MEDICAL FILES - ALL PLACES TRANSPORTED BY AMBULANCE - KDOC VEHICLE - EMERGENCY ROOM - CARE - ALL HANDHELD DEVICES - CELLPHONES USED TO RECORD VIDEO FOOTAGE IN WESLEY MEDICAL CENTER HOSPITAL - AND IN HOSPITAL CAMERAS - MRI - TO SHOW SEVERITY OF ATTACK - LACK OF CARE - VIOLATIONS OF LAW - CONSTITUTIONAL VIOLATIONS - MEDICAL MALPRACTICES, AND AS RECORDED EYEWITNESS - EVIDENCES INCLUDING THE ON BOARD AMBULATORY SERVICES CAMERAS AND WITNESS SST - TRANSPORT - CSI HOLCOMBE AND ALL CAMERAS FROM E.D.C.F. - L.C.F., ALL PLACES, AS EVIDENCES - WITNESSES, WHERE ATTACKS HAPPENED, MEDICAL RESPONSES, AS DEFENDANTS, DUE TO RECORDED EYEWITNESSING, TO INCLUDE ALL REPORTS - RESPONSES, TREATMENTS, ASSESSMENTS, DIAGNOSIS, BANDAGES, SUTURES, STAPLES, URINALYSIS, AT WESLEY AND ALL TRANSPORTS AND RESPONSES, CALLS, X-RAYS, MEDICATIONS, RECOMMENDATIONS, CONVERSATIONS AND ALL RECORDS AND ALL RECORDINGS IN ALL PLACES AND RELATED COMMENTARY. DUE TO 1.) VIOLATIONS OF KANSAS STATUTES ANNOTATED, KANSAS ADMINISTRATIVE REGULATIONS, IMPPS - CONTRACTS, SUPREME COURT RULINGS, ALL APPLICABLE LAWS AND ANY AND ALL CONSTITUTIONAL VIOLATIONS, ALL RESEARCH AND DEVELOPMENT(S), AND ALL PROTECTIVE GOVERNANCES, AND LACK OF PROPER RESPONSES - CARE - TREATMENT - OBSERVATIONS - HELP - CAUTIONS, MRIS, FOLLOW UP - AFTER CARE, CONTRACTUAL - VIOLATIONS — COMPENSATIONS - RESTORATIONS - WELLNESSES - REPARATIONS - WHOLENESS - RELEASE FROM ILLEGAL PRISON SENTENCES VACATED SENTENCES - DETAINERS ILLEGAL NOT FELONY ILLEGAL SENTENCE AS 15 YEAR OLD ADJUDICATED AT 16, HELD IN COUNTY JAIL - CARROL COUNTY - SALINE COUNTY

CONTINUING PLAINTIFF NOTICED THAT WITH EXHIBIT 4 - THERE WAS ALSO EXHIBIT C, CONTRACTUAL AGREEMENT WITH STATE OF KANSAS, KDOC, KUMC - AND IT WAS **NOT LISTED ON** NOTICE OF ELECTRONIC FILING WITH EXHIBITS 1, 2, 3, 4 - UNCONSTITUTIONALLY AND ALSO UNLAWFULLY AS CONTRACTUAL ADHERENCE AND PROOF - EVIDENCE. SO PLAINTIFF IS REINTRODUCING THIS ALREADY FILED PIECE OF EVIDENCE - EXHIBIT C, TO ENSURE ALL LEGALITIES ARE ADHERED TO AND COURT MANDATES MET TO AVOID ANY AND ALL DEFICIENCIES, AND PLAINTIFF THANKS THE COURT FOR THEIR HONORABLE ATTENTION TO DETAILS AND CONSIDERATION AS THE PLAINTIFF HAS SUFFERED MULTIPLE HEAD TRAUMA AND INJURIES AND SURVIVED <u>5-LIFE THREATENING ATTACKS</u> LEAVING PLAINTIFF UNABLE TO WRITE PROPERLY, SUFFERING FROM MULTIPLE DIAGNOSES AS A MENTAL HEALTH PATIENT AS A RESULT OF FIRST AND TWO MORE CONCUSSIVE ATTACKS ALMOST KILLING PLAINTIFF DUE TO HEAD TRAUMA AND TWO MORE ATTACKS BY KNIFEPOINT ALL WITNESSED BY WAY OF CAMERAS HERE AT L.C.F. - E.D.C.F. WESLEY - ETC... AND BY WAY OF ALL LISTED <u>INCLUDING AFFIDAVIT OF BRANDON SCOTT</u> AND ALL RESPONDERS - SECURITY.

Ronnie Bellamy
/S/ RONNIE ALLEN BELLAMY JR
L.C.F. P.O. BOX 2
LANSING, KS 66043