IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONNIE ALLEN BELLAMY, JR.,

    **Plaintiff,**

    v.                                        CASE NO. 23-3051-JWL

STATE OF KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Ronnie Allen Bellamy, Jr., is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 8.)

Plaintiff alleges that he was attacked in his sleep at the El Dorado Correctional Facility ("EDCF") on September 3, 2019. (Doc. 1, at 19.) Plaintiff alleges that he was placed in the mental health unit as a result of his injuries. Plaintiff claims his injuries were not repaired properly and he was denied corrective surgery and rehab. *Id.* at 19–20.

Plaintiff alleges he was attacked at LCF on October 12, 2021. (Doc. 1, at 15.) Plaintiff alleges he was leaving the chow hall when another inmate came from behind and pulled a knife out of his pocket and attempted to stab Plaintiff. Plaintiff threw his hands up to defend himself and as his attacker was being taken down by SORT member Hydro, Plaintiff was hit from and on

1

the right side. Plaintiff alleges this gave him whiplash and aggravated his head injury when he was taken to the floor. *Id.* at 16. Plaintiff was taken to medical where his vitals were taken and mental health questioned him. Plaintiff alleges that he was placed in a cell with another inmate against his will, even though Plaintiff is designated as a single cell status. *Id.* at 17, 21. Plaintiff was then moved to another double-bunk cell. *Id.* at 17.

Plaintiff claims he was attacked a second time at LCF. *Id.* at 23. Plaintiff claims he was attacked from behind with a weapon, causing Plaintiff to face-plant into some trash bags in the hallway. *Id.* Plaintiff wasn't sure what happened, but when he returned to his mental health unit an officer told Plaintiff he had blood all over himself. *Id.* Plaintiff alleges he was carried to the infirmary where he was diagnosed with a concussion. *Id.* Plaintiff alleges that on February 4, 2023, his attacker apologized to Plaintiff and said he did it to pay off a debt to a gang. *Id.* at 25.

[handwritten annotation: "NEVER CARRIED"]

Plaintiff alleges he was attacked a third time at LCF on September 29, 2022. *Id.* at 31. Plaintiff alleges that he asked another inmate if he could have some of their small trash bags and when they agreed, Plaintiff grabbed some out of their cell, left and closed the cell door. *Id.* at 31–32. Plaintiff alleges that another inmate, with the help of an OIC, stole drugs from the cell. *Id.* at 32. Plaintiff alleges that later he was strip searched and his cell was searched and nothing was found. *Id.* at 33. Plaintiff claims that an OIC then let another inmate into Plaintiff's cell. *Id.* Plaintiff claims the inmate had a knife and was swinging it at Plaintiff's face. *Id.* at 34. Plaintiff claims he blocked the knife, hit the other inmate and spun him around on the floor and began "choking him out." *Id.* Plaintiff claims this was all done as a coverup for the theft of the drugs and involved a conspiracy to murder Plaintiff. *Id.* Plaintiff alleges that he was cleared by medical and then taken to protective custody. *Id.* at 35. Plaintiff claims that a disciplinary report

[handwritten annotation: "NEVER SAW HER"]

written against Plaintiff was later dismissed after the disciplinary officer watched a video of the incident. *Id.*

Plaintiff alleges he was attacked a fourth time at LCF on October 7, 2022. *Id.* at 41. Plaintiff alleges he was walking toward the med-line when he was attacked from behind and hit multiple times. *Id.* Plaintiff grabbed his attacker and was taken down from the side by Sort member Busby. *Id.* at 41–42. Plaintiff claims he was taken to segregation and should have been taken instead to the infirmary until his "immediate release from prison." *Id.* at 44. Plaintiff claims he should be immediately released from prison and that he has been illegally imprisoned based on vacated sentences. *Id.* at 47. He also claims he should be "compensated properly." *Id.*

Plaintiff names as defendants: the State of Kansas; Jeff Zmuda; Kansas Civil Service; Kansas Department of Corrections; Chandler Cheeks, Warden; Nicolaus Ball, Deputy Warden; Brett Peterson, Compliance/Policy/Contracts; University of Kansas–Centurion, medical provider; Wesley Medical Center; El Dorado Correctional Facility; Lansing Correctional Facility; Centurion Medical Services; Derek Schmidt, Attorney General; (fnu) (lnu) (1) Attorneys of the Office of the Attorney General; Denise Sisco, EA1; (fnu) (lnu) (2), Special Agents of EA1, KBI; Danielle D. Wagner, Classification Administrator; James Englis, Security, LCF; Larry E. Wagner, Security, LCF; Alex J. Ellison, Security, LCF; Christopher Hunt, Security, LCF; Andrew Parks, Unit Team, LCF; Daniel East, Head of Security, LCF; Kincaid Willard Scott, Claim/Property, Designee Grievance Compliance, LCF; Kansas Civil Liberties Union; Kansas Bar Association; Legal Services for Prisoners; (fnu) (lnu) (3), Chief Legal Counsel for KDOC; Department of Administration; Joint Committee on Special Claims Against the State; and Wyandotte County, Kansas.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

#### 1. Rules 8, 18 and 20

Plaintiff's Complaint consists of 388 pages and fails to comply with Fed. R. Civ. P. 8.

Plaintiff has also filed additional pleadings including arguments and additional exhibits. *See* Docs. 1, 2, 7, and 10. Much of the Complaint consists of copies of KDOC Internal Management Policy and Procedures ("IMPP"). *See, e.g.,* Doc. 1–1, at 14–15, 22–23, 34–46; Doc. 7, at 1–2; Doc. 10–1, at 8–9. Plaintiff also attaches his requests for legal materials and assistance. *See, e.g.,* Doc. 1–1, at 26–31, 67.

Plaintiff must comply with Fed. R. Civ. P. 8's pleading standards. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint fails to comply with this rule. "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)); *see also* D. Kan. Rule 9.1(f) (setting forth the requirements for a § 1983 complaint, including "a brief statement of the facts.")

Plaintiff has set forth unrelated claims in his Complaint. Plaintiff appears to include claims from different facilities, failure to protect claims, medical claims, court access claims, property claims, and claims regarding food service. *See, e.g.,* Doc. 1–1, at 2, 6–7, 51–52 (property); Doc. 10–1, at 20–29 (food service). Plaintiff must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint. Rule 20 governs permissive joinder of parties and pertinently provides:

> (2) ***Defendants***. Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

6

> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation,

to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any amended complaint, Plaintiff should set forth the transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

### 2. Failure to State a Claim

Plaintiff should keep in mind that violations of state law, prison regulations, or agreements with contractors, do not provide a cause of action under § 1983. He must state a federal constitutional violation. State statutes do not provide a basis for liability under § 1983 which only protects rights secured by the Constitution and laws of the United States. *D.L. v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.'") (citation omitted).

Likewise, the violation of a prison regulation does not state a constitutional violation unless the prison official's conduct "failed to conform to the constitutional standard." *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must establish that violation of a prison policy necessarily stated a constitutional violation). As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates...." *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007).

Plaintiff must also show how each named defendant personally participated in the deprivation of his constitutional rights. Plaintiff cannot rely on the supervisory status of a defendant. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id.* at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

### 3. Property Claims

Plaintiff also appears to be seeking the return of some of his property. *See* Doc. 1–1, at 2, 6–7, 51–52. Plaintiff's property claim is subject to dismissal. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property).

Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable. Because an adequate, state post-deprivation remedy exists, Plaintiff must show cause why his property claim should not be dismissed for failure to state a claim.

### 4. Heck Bar and Habeas Nature of Claim

Plaintiff seeks release from custody. *See* Doc. 2 (arguing that his incarceration is illegal because his sentences were vacated); Doc. 7, at 4 (seeking release form illegal incarceration based upon vacated sentences). To the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id.* at 486–87.

### 5. Improper Defendants

The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v.*

*McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Because Plaintiff has neither made a specific claim against the State of Kansas nor shown any waiver of immunity from suit, he must show cause why this defendant should not be dismissed from this action.

Plaintiff names EDCF and LCF as defendants. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Plaintiff's claims against EDCF and LCF are subject to dismissal.

Plaintiff names Wyandotte County, Kansas, as a defendant. Although it is unclear what claim Plaintiff asserts against the county, a governmental entity may not be held liable under § 1983 unless the entity itself supported the violation of rights alleged. *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). As such, liability generally attaches to a governmental entity when the alleged injury is caused by the entity's policy or custom. *Id.*, at 694. Plaintiff makes no such allegation in his Complaint, and as such, his claim against this defendant is subject to dismissal.

### 6. Request for Relief

Plaintiff also suggests that criminal charges should be brought against various defendants.

13

*See* Doc. 1-1, at 2. This Court cannot order criminal charges and cannot order State courts to open or close cases. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that any federal court order for "investigation or prosecution of various people for various crimes" would "improperly intrude upon the separation of powers")

### 7. Prior Action

Plaintiff's Complaint, including his supplemental filings, include copies of orders from his previous case. *See Bellamy v. Cline*, Case No. 20-cv-3229-DDC-ADM (D. Kan.). Plaintiff's failure to protect claim in that case was based on the same September 2019 attack at EDCF. The Court dismissed Plaintiff's official capacity claims for damages and declaratory relief holding that Eleventh Amendment immunity bars those claims. *Id.* at Doc. 62, at 6–7. The Court granted summary judgment to the defendants on the rest of Plaintiff's claims based on qualified immunity and Plaintiff's failure to establish a triable issue as to whether defendants violated his Eighth Amendment rights. *Id.* at 7. The Court found that Plaintiff failed "to adduce any evidence that there was a substantial risk of serious harm *before* Kidd attacked him." *Id.* at 10. The Court found that:

> It's undisputed that plaintiff never submitted a grievance about Kidd. Nor did he otherwise tell defendants that he feared attack. He even acknowledged that he didn't know anything about Kidd before officials placed them in the same cell together. Indeed, the record contains no evidence that plaintiff had interacted with Kidd before the attack. Thus, there's no basis for a reasonable jury to conclude that plaintiff faced a substantial risk of serious harm before Kidd attacked him. *See Miles v. Conrad*, No. 16-3152-EFM, 2019 WL 2208115, at *3 (D. Kan. May 22, 2019) (finding no genuine issue of fact on the objective prong of a failure to protect claim where plaintiff "did not communicate concern that the conditions [of incarceration] posed a substantial risk of serious harm"), *aff'd*, 805 F. App'x 607 (10th Cir. 2020); *see also Lane v. Klingler*, 25 F. App'x 781, 783 (10th Cir. 2001) (concluding plaintiff did "not demonstrate a substantial risk of serious harm"

because he "did not know his assailant before the attack, nor did he allege that he had previously been threatened by him").

*Id.* at 10–11. The Court found that the record also contained "no objective evidence from which officials could ascertain a substantial risk of serious harm to plaintiff." *Id.* at 11.

The Court denied Plaintiff's motion for reconsideration and Plaintiff filed a notice of appeal. *Id.* at Docs. 66, 68. On July 20, 2022, the Tenth Circuit Court of Appeals dismissed the appeal for failure to prosecute. *Id.* at Doc. 75.

Plaintiff has already litigated his failure to protect claim based on the September 2019 attack at EDCF. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed).

## IV. Motions

### 1. Motion to Appoint Counsel

Plaintiff filed a Motion to Appoint Counsel (Doc. 3), arguing that the large number of defendants, the complexities of the case, and his status as a mental health patient, warrant the appointment of counsel.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the

court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

### 2. Motion Requesting Permission to Appeal All Decisions

Plaintiff's motion is titled "Motion Requesting Permission to Appeal All Decisions," and contains no other assertions or arguments. (Doc. 4.) The Court does not grant prior approval to appeal before an order has even been entered. In the event Plaintiff seeks to appeal an order, he should follow the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure. The motion is denied.

### 3. Motion to Correct

Plaintiff filed a Motion to Correct (Doc. 7) that appears to set forth additional arguments and exhibits for his Complaint. The Court grants the motion to the extent that the Court will consider the arguments and exhibits in screening the Complaint.

#### 4. Motion for Preliminary Injunction

Plaintiff filed a "Motion for Preliminary Injunction or Whatever is Needed to Stop Unlawful Orders – Unconstitutionalities" (Doc. 9). Plaintiff alleges that the administration is refusing to process Plaintiff's requests for payments to pay the filing fee from his forced savings account. Plaintiff alleges he does not have sufficient funds in his "cash available account" to pay the filing fee due March 13, 2023. (Doc. 9, at 2–3.) The Court will treat Plaintiff's motion as a request to waive the initial partial filing fee due by March 13, 2023, and will grant the request. To the extent Plaintiff seeks any other relief in the motion, it is denied.

#### 5. Motion to Supplement

Plaintiff's motion (Doc. 10) seeks to add evidence in support of his Complaint. The Court grants the motion to the extent that the Court will consider the arguments and exhibits in screening the Complaint.

#### 6. Motion for Discovery

Plaintiff attaches a 127-page document to his Complaint titled "Motion for Discovery of all Video-Evidences-Witnesses Affidavit-Motion to Compel all Evidences and Peoples." (Doc. 1-1.) Plaintiff's Complaint has not passed the screening stage, and to the extent Plaintiff is seeking discovery at this stage in the proceedings, the request is denied without prejudice as premature.

### V. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a

complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (23-3051-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Appoint Counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Permission to Appeal All Decisions (Doc. 4) is **denied.**

IT IS FURTHER ORDERED that Plaintiff's Motion to Correct (Doc. 7) is **granted** to the extent that the Court will consider the arguments and exhibits in screening the Complaint.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction (Doc. 9) is **granted in part.** The Court will treat the motion as a request to waive the initial partial filing fee due by March 13, 2023, and will grant the request. To the extent Plaintiff seeks any other relief in the motion, it is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Supplement (Doc. 10) is **granted** to the extent that the Court will consider the arguments and exhibits in screening the Complaint.

IT IS FURTHER ORDERED that any request for discovery is **denied without prejudice** as premature.

IT IS FURTHER ORDERED that Plaintiff is granted until **April 10, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

IT IS FURTHER ORDERED that Plaintiff is also granted until **April 10, 2023**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

Dated March 14, 2023, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE