IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONNIE ALLEN BELLAMY, JR.,

    **Plaintiff,**

    v.                                                      CASE NO. 23-3051-JWL

STATE OF KANSAS, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Ronnie Allen Bellamy, Jr., is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein. Plaintiff is also given the opportunity to file a second amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). On March 14, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 11) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC, and granting Plaintiff an opportunity to file an amended complaint to cure the deficiencies. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 12). The facts underlying Plaintiff's original Complaint and the Court's screening standards are set forth in detail in the MOSC.

Although Plaintiff's Amended Complaint appears to include an updated list of defendants, the "Nature of the Case" section merely references the attachment, which contains

his original Complaint.  *See* Doc. 12–1.  Likewise, he lists his Counts, but references the attached "Body of Complaint" for all the details.

Plaintiff states as Count I:  "Violations of the 4th, 5th, 8th, 14th, Amendments of the Bill of Rights of the US Constitution, and Federal and State Laws of the US."  (Doc. 12, at 3.)  For the supporting facts, Plaintiff states "See Body of Complaint for all details, and Affidavits-Exhibits-as part of PLRA—Administrative Acts and Exhaustions—and proof of violations of US Constitution—KS State Constitution—and Federal and State Laws of US."  *Id*.

As Count II, Plaintiff claims procedural and due process violations, and again refers to the attached complaint.  Plaintiff states as Count III:   "8th Amendment violations, violations of Kansas Administrative Regulations—violations of Kansas Statutes Annotated—Contractual violations of KDOC."   *Id*. at 4.   Plaintiff against states to "see Body of Complaint" for his supporting facts.

## II.  DISCUSSION

The Court's MOSC sets forth in detail the deficiencies in Plaintiff's original Complaint.  Plaintiff completely disregarded these deficiencies when drafting his Amended Complaint.  Because the Court has already found his original Complaint to be defective, it is unclear why Plaintiff would think he could cure the deficiencies set forth in the Court's MOSC by reattaching the bulk of his original Complaint as his Amended Complaint.

The Court found that the Complaint failed to comply with Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis.  Only a generalized statement of the facts from which the defendant may form a responsive pleading is

necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)); *see also* D. Kan. Rule 9.1(f) (setting forth the requirements for a § 1983 complaint, including "a brief statement of the facts").

The Court also found in the MOSC that Plaintiff set forth unrelated claims in his Complaint, including claims from different facilities, failure to protect claims, medical claims, court access claims, property claims, and claims regarding food service. *See, e.g.,* Doc. 1–1, at 2, 6–7, 51–52 (property); Doc. 10–1, at 20–29 (food service). The Court cautioned Plaintiff that he must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint.

The Court also cautioned Plaintiff that violations of state law, prison regulations, or agreements with contractors, do not provide a cause of action under § 1983, and that he must state a federal constitutional violation. The Court found that Plaintiff must also show how each named defendant personally participated in the deprivation of his constitutional rights, and that mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).

The Court also found in the MOSC that: Plaintiff's property claim is subject to dismissal, because deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy; to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus; and before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court also found that the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment; Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983; and although it is unclear what claim Plaintiff asserts against the county, a governmental entity may not be held liable under § 1983 unless the entity itself supported the violation of rights alleged. *Monell v. Dep't of Social Servs. of City of N.Y.,* 436 U.S. 658, 691 (1978).  As such, liability generally attaches to a governmental entity when the alleged injury is caused by the entity's policy or custom. *Id.*, at 694. Plaintiff makes no such allegation in his Complaint, and the Court advised him that his claim against this defendant is subject to dismissal.

The Court also found that the Court cannot order criminal charges and cannot order State courts to open or close cases. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that any federal court order for "investigation or prosecution of various people for various crimes" would "improperly intrude upon the separation of powers").

Lastly, the Court found in the MOSC that Plaintiff has already litigated his failure to protect claim based on the September 2019 attack at EDCF.  "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed).

Plaintiff has failed to cure the deficiencies set forth in the MOSC.  Plaintiff's Amended Complaint fails to comply with Fed. R. Civ. P. 8, 18, and 20.  He continues to name defendants that are immune from suit.  He lists cameras and other inanimate objects as defendants.  He continues to seek "immediate release" from custody and to have his sentences vacated.  The

Court will grant Plaintiff one final opportunity to submit a complete and proper second amended complaint. Plaintiff should refrain from filing any other motions or pleadings until the Court has screened any second amended complaint that he files.

## III. Motions

### 1. Motions to Appoint Counsel

Plaintiff has filed two additional motions to appoint counsel (Docs. 14, 22). The Court previously denied Plaintiff's Motion to Appoint Counsel at Doc. 3. *See* Doc. 11, at 15–16. The Court denies Plaintiff's two new motions to appoint counsel for the same reasoning set forth in the MOSC.

### 2. Motion Requesting Permission to Appeal All Decisions

Plaintiff has filed a second "Motion Requesting Permission to Appeal All Decisions" (Doc. 16). The denies the current motion for the same reasons set forth in the MOSC, which included an order denying Plaintiff's first motion. *See* Doc. 11, at 16.

### 3. Motion to Correct Court's Deficiency

Plaintiff has filed a motion titled "Motion to Correct Courts Deficiency" (Doc. 15), which appears to assert new claims regarding the filing of his pleadings and the failure to report crimes and employee misconduct. Plaintiff also states that he is pointing out a couple of the Court's deficiencies. Plaintiff argues that the Court has not listed all of his defendants, including all the cameras from EDCF. Plaintiff also states that he is reintroducing an already-filed piece of evidence. The motion is denied. This case has not passed screening, and any discovery or evidence is not required at this time.

To the extent Plaintiff takes issue with the Court not listing the cameras as defendants, the Court finds that cameras are not proper defendants. "[O]nly 'persons' can act under color of

state law, and inanimate objects such as buildings, facilities, and grounds do not qualify as 'persons' within the meaning of [§ 1983]." *Sullivan v. Publix Supermarkets, Inc.*, 2022 WL 3362389, at *1 (D. S.C. 2022); *see also Repass v. Clark Cty. Detention Center*, 2014 WL 335040, at *5 (D. Nev. 2014) (physical object is not a proper defendant).  Plaintiff is directed to refrain from listing inanimate objects as defendants in his second amended complaint.

4. **Motion to Compel Discovery and Sanctions**

Plaintiff filed a "Motion to Compel Discovery and Sanctions" (Doc. 17).  To the extent Plaintiff asserts claims in the motion, he should include any related claims in his second amended complaint.  This case has not passed screening and defendants have not been served, therefore any request for discovery or sanctions is premature and therefore denied.

5. **Motion to Supplement**

Plaintiff has filed various pleadings that appear to assert claims.  He filed a notice with the Court (Doc. 18) in which he appears to assert court access and "illegal time bar" claims.  He has also filed a document (Doc. 21) which consists of his affidavit, again setting forth various claims.  The Court is giving Plaintiff one final opportunity to submit a complete and proper second amended complaint that contains all of his related claims.  Therefore, any requests or notices that seek to add claims to his Amended Complaint are denied.

### IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given a final opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed herein.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An

amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (23-3051-JWL) at the top of the first page of his second amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper second amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions (Docs. 14, 15, 16, 17, 21, and 22) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 15, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **May 15, 2023**, in which to file a complete and proper second amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated April 14, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
