IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RONNIE A. BELLAMY #53454** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 5:23-CV-03051-JWL |
| ) | |
| v. ) | |
| ) | |
| **JAMES ENGLIS et al.** ) | |
| ) | |
| **Defendants.** ) | |

## MARTINEZ REPORT

**COMES NOW**, counsel undersigned for the Kansas Department of Corrections as an Interested Party (KDOC), and in accordance with the Court's Order [Doc. #27, filed May 3, 2023] submits the following *Martinez* Report as an aid to the Court in further screening the merits of Plaintiff's (Bellamy) claims. This report is based upon affidavit testimony and official internal facility documentation. KDOC reserves the right to seek leave to supplement this report in the unlikely event additional evidence is discovered or becomes available.

### Introduction

Bellamy has filed an amended pro se complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Kansas [Doc. #24, filed April 27, 2023]. At all relevant times plaintiff was an inmate incarcerated in the custody of the Secretary of Corrections of the State of Kansas. At all relevant times, Bellamy was housed at Lansing Correctional Facility (LCF). He claims a denial of his Eighth Amendment rights to be free of cruel and unusual punishment. He seeks compensatory and punitive damages. The Court issued an order directing the preparation of a *Martinez* Report [Doc. #27, filed May 3, 2023]. In support of his claim(s), Bellamy alleges the following: [Doc. #24, filed April 27, 2023]:

a) On October 12, 2021, Bellamy was attacked by another resident due to lack of security. [Doc. #24]

b) On May 18, 2022, Bellamy was attacked by another resident and did not receive adequate medical care. [Doc. #24]

c) On September 29, 2022, Bellamy was attacked by another resident. Leading up to this attack, Defendant James Englis opened the cell door of the attacker so a different inmate could steal from the attacker's locker. Bellamy was then framed for the theft, and Defendant Larry Wagner opened Bellamy's cell door so the cellmate of the theft victim could attack him. [Doc. #24]

d) Defendant Larry Wagner admitted to opening Bellamy's cell door so he could be attacked to Corrections Officer I David Meredith. [Doc. #24]

e) On October 7, 2022, a KDOC officer facilitated an attack on Bellamy by another resident. He then unjustly spent six months in restrictive housing following the attack.

**Summary of Investigation**

A review of relevant facility documentation, along with interviews of witnesses and persons knowledgeable about Plaintiff's claims have been compiled, and are now submitted to the Court as Exhibits, attached hereto, and incorporated as if fully set forth herein. Based upon the foregoing inquiry, the findings and conclusions are rendered below and cited to each supporting Exhibit.

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | KASPER (Kansas Adult Supervised Population Repository) Information Sheet |

| B | Disciplinary Report from October 12, 2021 |
|---|---|
| C | Administrative Segregation Report from October 14, 2021 |
| D | Protective Custody Waiver from October 22, 2021 |
| E | Administrative Segregation Review from October 22, 2021 |
| F | Administrative Restrictive Housing Report from May 18, 2022 |
| G | Protective Custody Waiver from May 27, 2022 |
| H | Disciplinary Report from September 29, 2022 |
| I | Administrative Restrictive Housing Report from September 29, 2022 |
| J | Protective Custody Waiver from October 5, 2022 |
| K | Administrative Segregation Review from October 5, 2022 |
| L | Declaration of James Englis |
| M | Declaration of Larry Wagner |
| N | Declaration of David Meredith |
| O | Declaration of James Gift |
| P | Disciplinary Report from October 7, 2022 |
| Q | Administrative Segregation Review from October 10, 2022 |
| R | Administrative Restrictive Housing Report from October 21, 2022 |
| S | Administrative Segregation Review from November 7, 2022 |
| T | Protective Custody Waiver from April 5, 2023 |
| U | Movement Log for Ronnie Bellamy, #53454 |
| V | Medical Records for Ronnie Bellamy, #53454 |
| W | Declaration of Sonya Latzke |
| X | Use of Force Report from October 12, 2021 |

| Y | Fellers Disciplinary Report from September 29, 2022 |
| Z | Use of Force Report from May 18, 2022 |

## **FINDINGS OF THE KDOC**

### **The Parties and the Witnesses**

1. Plaintiff Ronnie Bellamy #53454 is a resident currently in the custody of the KDOC and currently incarcerated at LCF in Lansing, Kansas. He has convictions out of the state of Kansas for Trafficking Contraband in a Correctional Institution, Aggravated Robbery, Robbery, Aggravated Battery of a Law Enforcement Officer, and Aggravated Escape from Custody. (Exhibit A).

2. At all relevant times, Bellamy was housed in the mental health unit at LCF. Mental health unit residents and general population residents are allowed go to the yard or "chow" hall together. (Latzke Declaration, attached hereto as Exhibit W, ¶ 3).

3. Defendant James Englis is employed at LCF and served as a Correctional Officer II at all times relevant to the facts stated in the Plaintiff's Second Amended Complaint. (Englis Declaration, attached hereto as Exhibit L, ¶ 2).

4. Defendant Larry Wagner is employed at LCF and served as an Officer in Charge at all times relevant to the facts stated in the Plaintiff's Second Amended Complaint. (Wagner Declaration, attached hereto as Exhibit M, ¶ 2).

5. David Meredith is employed at LCF and served as an Officer in Charge at all times relevant to the facts stated in the Plaintiff's Second Amended Complaint. (Meredith Declaration, attached hereto as Exhibit N, ¶ 2).

6. James Gift is employed at LCF and served as Enforcement, apprehensions, and Investigations Special Agent Supervisor at all times relevant to the facts stated in the Plaintiff's Second Amended Complaint. (Gift Declaration, attached hereto as Exhibit O, ¶ 2).

7. Sonya Latzke is employed at LCF and served as a Unit Team Manager at all times relevant to the facts stated in the Plaintiff's Second Amended Complaint. (Latzke Declaration, attached hereto as Exhibit W, ¶ 2).

**Chronology of Events**

8. On October 12, 2021, Bellamy was involved in a physical altercation with resident Elijah Moore. During the altercation, resident Moore was taken to the ground in a use of force for refusing verbal directives to discontinue fighting. There is no indication that Bellamy was taken to the ground. (Exhibit X).

9. Following the altercation, Bellamy refused medical assessment but stated he suffered no injuries during or after the altercation. Medical staff did not visibly observe any injuries or acute distress. (Exhibit V at p. 1-6; Exhibit X at p. 6).

10. Based on the October 12, 2021 altercation, Bellamy received a Disciplinary Report (DR) for fighting. This DR was eventually dismissed once it was determined Bellamy had acted in self-defense. (Exhibit B).

11. On October 22, 2021, Bellamy requested a return to general population and signed a protective custody waiver. He did not express concerns for his safety with regard to his placement at LCF. (Exhibit D; Exhibit E; Englis Dec. at ¶ 15; Wagner Dec. at ¶ 15; Meredith Dec. at ¶ 11; Gift Dec. at ¶ 9).

12. On May 18, 2022, Bellamy was battered by a resident. (Exhibit F; Exhibit Z).

13. Following the battery, Bellamy received medical treatment and was placed in the Infirmary for nine days for concussion protocol. (Exhibit F; Exhibit V at p. 289-361).

14. On May 27, 2022, Bellamy requested a return to general population and signed a protective custody waiver. He did not express concerns for his safety with regard to his placement at LCF. (Exhibit G; Englis Dec. at ¶ 15; Wagner Dec. at ¶ 15; Meredith Dec. at ¶ 11; Gift Declaration at ¶ 9).

15. On September 29, 2022, Bellamy was involved in a physical altercation with a resident. (Exhibit H; Exhibit Y).

16. Following the altercation, Bellamy received medical treatment before being moved to Restrictive Housing. (Exhibit I; Exhibit V at p. 486-490).

17. Based on the September 29, 2022, altercation, Bellamy received a DR for fighting. This DR was eventually dismissed once it was determined Bellamy had acted in self-defense. (Exhibit H).

18. On October 5, 2022, Bellamy requested a return to general population and signed a protective custody waiver. He did not express concerns for his safety with regard to his placement at LCF. (Exhibit J; Englis Dec. at ¶ 15; Wagner Dec. at ¶ 15; Meredith Dec. at ¶ 11; Gift Dec. at 9).

19. On October 7, 2022, Bellamy was involved in a physical altercation with a resident. (Exhibit Q).

20. Following the altercation, Bellamy received medical treatment before being moved to Restrictive Housing. (Exhibit V at p. 499-518).

21. After being escorted to Restrictive Housing, a strip search of Bellamy was conducted. It was discovered that he was carrying a pepper shaker and freezer sealed baggie of a

substance that tested positive for marijuana and multiple syringes. Bellamy received a DR for Dangerous Contraband, a Class I offense. (Exhibit P).

22. His classification in Restrictive Housing was considered "Pending Results of an Investigation" (PI), a category of Short-Term Administrative Restrictive Housing. (Exhibit Q).

23. On October 12, 2022, Bellamy was found guilty of the Dangerous Contraband DR. (Exhibit P).

24. On October 21, 2022, Bellamy's classification changed from PI to "Other Security Risk" (OSR), a category of Long-Term Administrative Restrictive Housing. He remained in Restrictive Housing until April 5, 2023, due to the number of times he had been attacked and the new concerns with drugs around him in general population and residents after him for drug payment. (Exhibit R, Exhibit S, Exhibit U).

25. On April 5, 2023, Bellamy requested a return to general population and signed a protective custody waiver. It was determined at this time that the issues and concerns of Bellamy being targeted for drug payments had been resolved. He did not express concerns for his safety with regard to his placement at LCF. (Gift Dec. at ¶ 9; Exhibit T).

**Summary and Conclusion**

Bellamy received prompt and ongoing medical and mental health treatment at all times relevant to his Second Amended Complaint. The KDOC did not have knowledge of any threat towards Bellamy's safety prior to any of the altercations mentioned in his Second Amended Complaint. Once the KDOC received information leading to a possible cause of the attacks—drug debts—the KDOC took steps to ensure Bellamy's safety by placing him in extended restrictive housing until the situation had been resolved.

                Respectfully submitted,

                */s/ Natasha M. Carter*
                Natasha M. Carter, KS No. 26074
                Chief Legal Counsel
                Kansas Department of Corrections
                714 SW Jackson St, Suite 300
                Topeka, KS 66603
                Tel: (785) 506-7615
                Email: Natasha.carter@ks.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing Martinez Report was placed in the US mail this 11th day of September 2023, to:

Ronnie Bellamy Jr., #53454
Lansing Correctional Facility
Lansing, KS 66043
Plaintiff *pro se*

                */s/ Natasha M. Carter*
                Natasha M. Carter