IN THE UNITED STTAES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RONNIE ALLEN BELLAMY JR.,** | ) |
| **Plaintiffs,** | ) |
| v. | ) Case No. 23-3051-JWL |
| **JAMES ENGLIS, et al** | ) |
| **Defendants.** | ) |

## DECLARATION OF DAVID MEREDITH

Comes now, David Meredith, and declares under penalty of perjury as follows:

1. My name is David Meredith. I am of lawful age to make this declaration and have personal knowledge of the matters stated below.

2. On September 29, 2022, I was employed by the Kansas Department of Corrections ("KDOC") as an Officer in Charge and part of the Special Operation Response Team (SORT), and I remain employed by the KDOC to date.

3. I have reviewed my files related to the incident which is the subject matter of this litigation, and electronic records of the KDOC. The statements provided herein are either based on personal knowledge, and or drawn from records kept in the ordinary course and scope of business of the KDOC and are true and correct to the best of my knowledge.

4. I was not working on September 29, 2022, the date of the incident described in Plaintiff's complaint. During that time, I was working as an Officer in Charge from Sunday to Wednesday. If I was working any overtime, it would have been with SORT, which is a separate assignment, not in cellhouse A7.

5. Therefore, I did not see the incident occur.

6. At a later date, Larry Wagner briefly described the incident to me. He said that resident Fellers had jumped on Bellamy's back out on the run, outside of Bellamy's cell.

7. Wagner never told me that he had opened Bellamy's cell door intentionally for Fellers to gain access to Bellamy's cell. Further, I have no knowledge of Wagner ever intentionally opening a cell door for any resident to be attacked at any point.
8. If an officer told me he had intentionally opened a cell door so a resident could be attacked, I would have reported this information immediately to a shift supervisor. Then, the Enforcement, Apprehensions, and Investigations (EAI) unit would investigate the report.
9. I did not have knowledge of any concerns regarding the cell placement of Bellamy and Fellers prior to the September 29, 2022, incident.
10. I did not have knowledge of any threat to Bellamy from Fellers, or any other inmate, prior to the September 29, 2022, incident.
11. Bellamy never expressed any fear or concern for his safety to me prior to the September 29, 2022, incident.
12. If any fear or concern had been expressed, or if I had any prior notification of a threat of attack, I would see if the resident wanted to enter protective custody. If they did not, I would have them sign a protective custody waiver.
13. If the resident did want to enter protective custody, I would have the resident make a request, including from whom the resident feels threatened. I would then send this request to the captain's office to be reviewed. If the request is granted, I would then remove the inmate from his/her current cell to be placed into protective custody and pack out their property.

   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

   Executed on August __25__, 2023.

_David Meredith_____
David Meredith