IN THE UNITED STTAES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RONNIE ALLEN BELLAMY JR.,** )<br>)<br>    **Plaintiffs,** )<br>)<br>v. )<br>)<br>**JAMES ENGLIS, et al** )<br>)<br>    **Defendants.** )<br>) | Case No. 23-3051-JWL |

### DECLARATION OF JAMES GIFT

Comes now, James Gift, and declares under penalty of perjury as follows:

1. My name is James Gift. I am of lawful age to make this declaration and have personal knowledge of the matters stated below.
2. Since July 4, 2020, I was employed by the Kansas Department of Corrections ("KDOC") as a Special Agent Supervisor, and I remain employed by the KDOC to date.
3. I have reviewed my files related to the incident which is the subject matter of this litigation, and electronic records of the KDOC. The statements provided herein are either based on personal knowledge, and or drawn from records kept in the ordinary course and scope of business of the KDOC and are true and correct to the best of my knowledge.
4. Regarding the September 29, 2022, incident, I had not heard of any allegation from Bellamy that COII Englis opened a cell door for a resident to steal from another resident's locker, or any allegation that COI Wagner opened Bellamy's cell door for him to be attacked.
5. If this complaint had been filed at the facility level, an investigation would have been conducted.
6. Following the alleged attack on October 7, 2022, Bellamy was placed in restrictive housing on Pending Investigation status.

7. On October 21, 2022, despite Bellamy's claim that he was safe and desired to return to general population, I recommended that he should remain in administrative segregation on Other Security Risk status. This determination was made based on the number of times Bellamy was attacked and newfound concerns with drugs around him in general population.
8. Bellamy remained in administrative segregation on Other Security Risk status until April 5, 2023, after he signed a protective custody waiver.
9. Bellamy never expressed any fear or concern for his safety to me prior to any of the alleged attacks stated in his complaint (October 12, 2021; May 18, 2022; September 29, 2022; October 7, 2022).
10. I did not have knowledge of any threat to Bellamy from any resident, prior to the any of the alleged incidents.
11. If any fear or concern had been expressed regarding Bellamy's safety, or if I had any prior notification of a threat of attack, I would have contacted administration (Major Dan East and/or Deputy Warden of Operations James Skidmore), if possible.
12. If that is not possible, I would contact them acting shift supervisor in order to coordinate placing the threatened resident in protective custody on pending investigation status until more information is discovered.
13. Then, a protective custody investigation would commence. Once more information is discovered and the investigation is complete, I make a recommendation to release the resident to general population, transfer to another facility, or place the resident in long-term protective custody status.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

    Executed on August _14_, 2023.

*James Gift*
James Gift