**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RONNIE ALLEN BELLAMY, JR.,**

     **Plaintiff,**

     **v.**                     **CASE NO.  23-3051-JWL**

**STATE OF KANSAS, et al.,**

     **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF").  On May 3, 2023, the Court entered a Memorandum and Order (Doc. 27) ("M&O) dismissing Plaintiff's claims against the State of Kansas, the Kansas Department of Corrections ("KDOC"), and Jeff Zmuda, and dismissing Plaintiff's claims regarding his state court sentence and conviction.  The Court also found that the remaining Eighth Amendment claims in Plaintiff's Second Amended Complaint could not be fully screened without additional information from LCF officials.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court ordered the LCF officials to prepare and file a *Martinez* Report.  The Court screened Plaintiff's remaining Eighth Amendment claims after the *Martinez* Report (Doc. 35) (the "Report") was filed, and entered a Memorandum and Order to Show Cause (Doc. 39) ("MOSC") granting Plaintiff until October 26, 2023, in which to respond to the Report and to show good cause why his remaining claims should not be dismissed for failure to state a claim.  This matter is before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 40),

Motion to Produce (Doc. 41), Motion to Seal Case (Docs. 42), and Plaintiff's Affidavit (Doc. 44).

## I. Motion to Appoint Counsel (Doc. 40)

Plaintiff has filed a motion for appointment of counsel, arguing that he is a mental health inmate and has been unable to watch the CD/DVD that was submitted as part of the Report. Plaintiff claims that his Unit Team started to allow Plaintiff to watch the CD/DVD on the Unit Team's reader on his desk but then stopped and said they would have to do it later. (Doc. 40, at 1.) Plaintiff then alleges "they" are refusing to allow him to see the Parole Board scheduled for December 2023.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at

979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's claims survive screening.

The KDOC sought to file Exhibit V to the Report under seal and conventionally, indicating that the document was too large and needed to be submitted electronically.  (Doc. 37.) The exhibit contains Plaintiff's medical records and consists of 587 pages.  *Id*.  The motion to file under seal and conventionally states that "Plaintiff will not be provided a copy of his medical records but will be allowed to review the file at reasonable times, upon reasonable notice."  *Id*. at 2. Although the request to file conventionally was denied because the 587-page document was submitted electronically in paper form, the Court assumes this is the cd/dvd Plaintiff alleges he was unable to review.  The Court will extend Plaintiff's time for responding to the Court's MOSC and will direct the KDOC to grant Plaintiff an opportunity to view Exhibit V to the Report prior to his response deadline.

## II.  Motion to Produce (Doc. 41)

Plaintiff has filed a "Motion for Further Discovery to Produce All Evidence that are Factual and True and Correct"  (Doc. 41).  Plaintiff does not specify what discovery or evidence he is seeking.  He merely states that counsel for the KDOC filed the Report on behalf of the KDOC and its employees "and those that are responsible for the hiring and firing of employees-mandatory reporting, and accountability, for the oversight and enforcement of all contracts, policies, protocol, training, maintaining strict standards."  (Doc. 41, at 1.)  Plaintiff further states "and adherence to all contractual governances, protective governances-the Untied States Constitution included-all federal and state laws, that apply and are applicable in every way that

matters and protects all involved." *Id.*

Plaintiff has not set forth any particular evidence or discovery he is seeking.  Therefore, the motion is denied without prejudice.

### III.  Motion to Seal Case (Doc. 42)

Plaintiff has filed a "Motion to Seal All Parts of This Entire Lawsuit" (Doc. 42).  Plaintiff makes arguments about his conditions at LCF and regarding his criminal convictions.  Plaintiff provides no arguments as to why his entire case should be sealed.  Therefore, the motion is denied.  To the extent Plaintiff makes arguments about his remaining Eighth Amendment claims, the Court will consider those arguments along with any additional response to the MOSC that Plaintiff submits prior to the extended deadline to respond.  *See* Doc. 42, at 4–7; Doc. 43.

### IV.  Plaintiff's Affidavit (Doc. 44)

Plaintiff has submitted affidavits from other inmates in support of his claims.  (Doc. 44). The Court will consider the affidavits as part of Plaintiff's response to the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Appoint Counsel (Doc. 40) and Motion to Produce (Doc. 41) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal Case (Docs. 42) is **denied.**

**IT IS FURTHER ORDERED** that counsel for the KDOC is directed to provide Plaintiff with access to review Exhibit V to the Report prior to his deadline to respond to the Court's MOSC at Doc. 39.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **November 13, 2023,** in which to respond to the Report and to show good cause, in writing to the undersigned, why Plaintiff's remaining Eighth Amendment claims should not be dismissed for failure to state a claim as set forth in the Court's MOSC at Doc. 39.

**IT IS SO ORDERED.**

**Dated October 20, 2023, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**