IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONNIE ALLEN BELLAMY, JR.,**

    **Plaintiff,**

    v.                                                                                  CASE NO. 23-3051-JWL

**STATE OF KANSAS, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). On May 3, 2023, the Court entered a Memorandum and Order (Doc. 27) ("M&O) dismissing Plaintiff's claims against the State of Kansas, the Kansas Department of Corrections ("KDOC"), and Jeff Zmuda, and dismissing Plaintiff's claims regarding his state court sentence and conviction. The Court also found that the remaining Eighth Amendment claims in Plaintiff's Second Amended Complaint could not be fully screened without additional information from LCF officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the LCF officials to prepare and file a *Martinez* Report. After the *Martinez* Report (Doc. 35) (the "Report") was filed, the Court screened Plaintiff's Eighth Amendment claims and entered a Memorandum and Order to Show Cause (Doc. 39) ("MOSC") directing Plaintiff to show good cause why his remaining claims should not be dismissed for failure to state a claim. The Court reviewed Plaintiff's response (Docs. 42, 44, and 46), and on November 30, 2023, entered a Memorandum and Order (Doc. 51) dismissing this case for failure to state a claim.

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 53).[1] Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012.

Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff alleges that the Defendants in this case are lying and failed to comply with this Court's order to include video footage in the Report. (Doc. 53, at 1.) On November 11, 2023, the Court entered an Order (Doc. 47) directing the KDOC to supplement the Report with any

---

[1] Plaintiff titled his motion as a "Motion for Reconsideration and to Appeal." The document was also docketed as a Notice of Appeal at Doc. 54.

available video footage of the incidents at issue in this case. The KDOC filed a response (Doc. 48) indicating that the KDOC does not routinely retain footage of every physical altercation and in this case video footage of the incidents was not retained. The KDOC indicated that video footage is only retained for 45 days, Plaintiff's latest assault took place in October of 2022, and this case was filed 134 days following the most recent attack. (Doc. 48, at 2.)

The Court already addressed this argument in the Memorandum and Order dismissing this case. *See* Doc. 51, at 9–10; *see also Washburn v. Harvey Cnty. Jail*, 2019 WL 1429271, at *1 (D. Kan. 2019) (denying request for production of video where KDOC counsel indicated that no such video existed and that "if such footage ever existed, it would have been overwritten in the ordinary course absent the occurrence of any incident that warranted its preservation"); *Erwin v. Zmuda*, 2022 WL 103278, at *16 (D. Kan. 2022) (where officer told plaintiff the video was unavailable, the court found that "plaintiff's conclusory allegations that he believes the video was available and that the officer simply lied to him fail to state a plausible claim for the denial of a constitutionally protected right").

Plaintiff reasserts his argument that he was forced to walk to medical after his attack, stating that the officers "had to know how serious it was as Plaintiff had blood all over him apparently, and one officer, Mr. Ellison, who was working the unit, stated as Plaintiff hit the floor, you have blood all over you that's probably why you don't feel good." (Doc. 53, at 2.) Plaintiff also reasserts his argument that a person with a concussion should not be placed in a crisis cell." *Id*.

The Court also addressed this argument in the Memorandum and Order dismissing this case. *See* Doc. 51, at 10–11. In his Second Amended Complaint, Plaintiff alleges that "two SST-SORT Officers forced Plaintiff to walk to medical, between them, instead of medical

coming to get Plaintiff on a stretcher, or gurney . . ..” (Doc. 24, at 8.)  It also appears that Plaintiff returned to his cell without assistance after the incident. *Id*. at 9.  Plaintiff does not allege that he asked for a stretcher or that he was unable to walk to medical.  It also appears that he was walking with an officer on each side of him.  Although he argues that they should have known that he should not have been walking, arguing that a defendant "should have known" is insufficient.  An official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *See, e.g., Portillo v. Webb*, 2017 WL 4570374, at *7 (S.D.N.Y. 2017), *adopted* 2018 WL 581889 (S.D.N.Y. 2018) ("Assuming arguendo that the temporary inability to walk is a sufficiently serious medical condition, Portillo's pleadings do not allege facts from which a reasonable person could believe defendants knew or should have known that a 'substantial risk of serious harm' existed simply because they required Portillo to walk to a hospital bed after a mild stroke.  To the extent Portillo claims defendants should have provided him with a wheelchair . . . this is best characterized as a disagreement as to the method of addressing his inability to walk, and thus not grounds for a section 1983 claim.") (citing *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."); *accord Washington v. Artus*, 708 F. App'x 705, 709, 2017 WL 3911573, at *2 (2d Cir. Sept. 7, 2017)).

Motions to alter and amend are not appropriate to revisit issues already addressed.  Plaintiff has failed to show an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice.  Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to meet the standard

required for this Court to alter or amend its November 30, 2023 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 53) is **denied.**

**IT IS SO ORDERED.**

**Dated December 13, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
