FILED  
United States Court of Appeals  
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**August 8, 2024**

_____

Christopher M. Wolpert  
Clerk of Court

| | |
|---|---|
| RONNIE ALLEN BELLAMY, JR., | |
| Plaintiff - Appellant, | |
| v. | No. 23-3259 |
| | (D.C. No. 5:23-CV-03051-JWL) |
| STATE OF KANSAS; JEFF ZMUDA; KANSAS CIVIL SERVICE; KANSAS DEPARTMENT OF CORRECTIONS; CHANDLER CHEEKS; NICOLAUS BALL; BRETT PETERSON; UNIVERSITY OF KANSAS CENTURION; WESLEY MEDICAL CENTER; EL DORADO CORRECTIONAL FACILITY; LANSING CORRECTIONAL FACILITY; CENTURION MEDICAL SERVICES; DEREK SCHMIDT; (FNU) (LNU), 1; DENISE SISCO; (FNU) (LNU), 2; DANIELLE D. WAGNER; JAMES ENGLIS; LARRY WAGNER; ALEX J. ELLISON; CHRISTOPHER HUNT; ANDREW PARKS; DANIEL EAST; KINCAID WILLARD SCOTT; KANSAS CIVIL LIBERTIES UNION; KANSAS BAR ASSOCIATION; LEGAL SERVICES FOR PRISONERS; (FNU) (LNU), 3; DEPARTMENT OF ADMINISTRATION; JOINT COMMITTEE ON SPECIAL CLAIMS AGAINST THE STATE; WYANDOTTE COUNTY, KANSAS, | (D. Kan.) |
| Defendants - Appellees. | |

_____

## ORDER AND JUDGMENT[*]

_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.
_____

Ronnie Allen Bellamy, Jr., a Kansas state prisoner appearing pro se, appeals the district court's judgment dismissing his civil rights action brought under 42 U.S.C. § 1983 and its order denying his post-judgment motion. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

Mr. Bellamy's initial complaint in this case advanced multiple and varied claims against multiple defendants. Because he proceeded in forma pauperis ("IFP"), the district court screened the complaint under 28 U.S.C. § 1915A(a) and ordered him to show cause why the action should not be dismissed for reasons detailed in the order. In the alternative, the court permitted him to file an amended complaint. Mr. Bellamy filed an amended complaint. The court determined the amended complaint was also deficient and again ordered Mr. Bellamy to either show cause

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

why the action should not be dismissed or file an amended complaint curing the deficiencies.

Mr. Bellamy then filed a second amended complaint ("SAC"), naming five defendants: the State of Kansas; the Kansas Department of Corrections ("KDOC"); the Kansas Secretary of Corrections, Jeff Zmuda; and corrections officers Larry Wagner and James Englis. Mr. Bellamy claimed his custody was in violation of the Constitution because his state sentence had been vacated in 1991. He also alleged he was attacked four times at the Lansing Correctional Facility ("LCF") due to defendants' failure to protect him and that defendants did not provide him with proper medical care for the serious injuries he sustained. Mr. Bellamy asserted that these actions and omissions violated his Eighth and Fourteenth Amendment rights.

The district court dismissed Mr. Bellamy's challenges to his state sentence, concluding that (1) he had to present his challenge to the sentence's validity in an application for habeas corpus and (2) *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), barred his claim for monetary damages related to his sentence because he had not shown the sentence had been overturned, reversed, or otherwise called into question. The court dismissed his claims against the State of Kansas and the KDOC based on Eleventh Amendment immunity. And it dismissed the claims against Secretary Zmuda for failure to allege he personally participated in any constitutional deprivations. However, the district court determined it could not screen the remaining Eighth Amendment claims without additional information from LCF officials. It therefore ordered them to file an investigative report pursuant to

3

*Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).[1]  The court's order left two remaining defendants, Officers Wagner and Englis.

After the *Martinez* report was filed, the district court screened Mr. Bellamy's remaining claims, which involved prison officials' Eighth Amendment duties to guarantee inmate safety, *see Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994), and to refrain from "the unnecessary and wanton infliction of pain," *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted).  The court described the *Martinez* report as showing:  (1) Mr. Bellamy "received prompt and ongoing medical and mental health treatment at all times relevant to his [SAC]"; (2) prison "staff were not aware of any fears expressed by [Mr. Bellamy] and did not have knowledge of any threat towards [his] safety prior to any of the altercations"; (3) after prison staff "received information leading to a possible cause of the attacks—drug debts—[staff] took steps to ensure [Mr. Bellamy's] safety by placing him in extended restrictive housing until the situation had been resolved"; and (4) Mr. Bellamy "signed protective custody waivers each time he was released to general population." R. vol. II at 314.  The court informed Mr. Bellamy that "[i]n light of the [*Martinez*] Report, the Court is considering dismissal of this matter for failure to state a claim." *Id.* at 315.  In particular, the court determined that Mr. Bellamy had not yet shown one component of the deliberate-indifference test applicable to his remaining Eighth

---

[1] "A *Martinez* report is a judicially authorized investigative report prepared by prison officials to help the court determine if a pro se prisoner's allegations have any factual or legal basis." *Simkins v. Bruce*, 406 F.3d 1239, 1241 n.2 (10th Cir. 2005) (internal quotation marks omitted).

4

Amendment claims—"that any defendant was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and also drew the inference." *Id.* (discussing *Farmer*, *Estelle*, and their progeny). The court therefore ordered Mr. Bellamy to show cause why it should not dismiss his action.

Mr. Bellamy then filed three documents (ECF Nos. 42, 44, and 46), which the district court construed as his response to the final show-cause order. After summarizing those documents, the court concluded Mr. Bellamy had not shown deliberate indifference by any defendant. It therefore dismissed all his Eighth Amendment claims for failure to state a claim and dismissed the action.

Mr. Bellamy filed a motion to reconsider, which the district court denied. Mr. Bellamy appeals.

## II.  STANDARDS OF REVIEW

We review de novo a district court's decision to dismiss a prisoner complaint pursuant to § 1915A(b)(1) for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To meet this standard, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because Mr. Bellamy is pro se, we construe his pleadings liberally, but

5

we may not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.  DISCUSSION

Even liberally construing Mr. Bellamy's appellate brief, we discern no adequately developed arguments regarding the district court's dismissal of (1) his claim that his continued confinement was unconstitutional because his sentence had been invalidated in 1991; (2) his claim for monetary damages related to his sentence based on the *Heck* bar; (3) his claims against the State of Kansas and the KDOC based on Eleventh Amendment immunity; (4) his claims against Secretary Zmuda for failure to allege personal participation in the alleged constitutional deprivations; (5) his Eighth Amendment claims regarding medical care; or (6) his Eighth Amendment claims regarding three of the four attacks at LCF. Mr. Bellamy has therefore waived his opportunity to contest those rulings. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived . . . [as are] arguments that are inadequately presented . . . ." (internal quotation marks omitted)).[2]

We do, however, construe Mr. Bellamy's brief as adequately challenging the district court's dismissal of his Eighth Amendment claim regarding the third of the

---

[2] Mr. Bellamy also complains about an earlier appeal he filed in this court that involved a different attack on him at a different correctional facility. That appeal was dismissed for failure to prosecute. *See Bellamy v. Cline*, No. 22-3106, slip op. at 2 (10th Cir. July 20, 2022). Such complaints are not grounds for appeal in this case.

6

four attacks, which occurred on September 29, 2022.  As to that attack, Mr. Bellamy reiterates allegations in the SAC that Officer Wagner opened Mr. Bellamy's cell door "so that another resident could attempt to murder [Mr. Bellamy] at knifepoint," and Officer Wagner "conspired to commit murder by opening [the cell] door knowing what was going on and why." Aplt. Br. at 2.[3]  Mr. Bellamy also alleged Officer Englis "showed some misleading video to [the] attacker" and was equally "responsible for putting [Mr. Bellamy's] life in danger." *Id.*  He directs us to the "body of [his] Complaints for proof-details." *Id.* at 9.

We treat these allegations as an argument that Mr. Bellamy alleged sufficient facts in the SAC regarding the September 29 attack to state a claim for relief against Officers Englis and Wagner based on a breach of the "duty to protect prisoners from violence at the hands of other prisoners," *Farmer*, 511 U.S. at 833 (ellipsis omitted). To prevail on a failure-to-protect claim, Mr. Bellamy would have to show "that the conditions of his incarceration present an objective substantial risk of serious harm" and that "prison officials had subjective knowledge of the risk of harm, in other words, an official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (brackets and internal quotation marks omitted).

---

[3] We cite the brief by the pdf page number at the top right corner.

7

As best we understand the SAC, Mr. Bellamy alleged that the day before the September 29 attack, Officer Englis opened the door of the attacker's cell so another inmate could steal from the attacker. Officer Englis then showed the attacker and his cellmate surveillance video of the theft and of the thief going into a gang member's cell and then Mr. Bellamy's cell, which evidently implicated Mr. Bellamy in the theft. To cover up Officer Englis's role in the theft, Officer Englis conspired with Officer Wagner to open Mr. Bellamy's cell door for the attacker "so that [the] knife wielding inmate . . . could gain entry into [Mr. Bellamy's] room and stab him in an attempt to murder [Mr. Bellamy]." R. vol. 2 at 295 (capitalization normalized). Mr. Bellamy further alleged Officer Wagner "let the inmate try to murder [Mr. Bellamy] by opening [Mr. Bellamy's] door with those intentions," *id.* (capitalization normalized and spelling corrected), and "knowing that" stabbing Mr. Bellamy "was the reason" the attacker sought access to Mr. Bellamy's cell, *id.* at 305 (capitalization normalized).

In its dismissal order, the district court did not analyze any of these allegations.[4] We conclude that if proven, they are sufficient to show (1) there was a

---

[4] The only allegation related to any of the four attacks the district court analyzed was that, after the last attack on October 7, 2022, Mr. Bellamy was forced to walk to medical instead of being transported on a stretcher or gurney, and because he had a concussion, it was wrong to place him in a crisis cell unattended. The court concluded that although Mr. Bellamy alleged prison staff "should have known that he should not have been walking, arguing that a defendant 'should have known' is insufficient" to meet the deliberate-indifference test. R. vol. III at 95. The court then concluded Mr. Bellamy had not shown deliberate indifference regarding any of his Eighth Amendment claims.

substantial risk of serious harm if the attacker gained access to Mr. Bellamy's cell; (2) Officers Englis and Wagner were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed—the officers knew that the attacker would attempt to kill Mr. Bellamy, ostensibly for his role in the theft; and (3) Officers Englis and Wagner drew the inference because they conspired to allow—and Officer Wagner did allow—the armed attacker into the cell, intending to give the attacker a chance to kill Mr. Bellamy. The district court therefore erred in dismissing this claim for failure to state a claim for relief.[5]

## IV.  CONCLUSION

We reverse the district court's judgment solely with respect to the dismissal of Mr. Bellamy's Eighth Amendment failure-to-protect claim against Officers Englis and Wagner regarding the September 29 attack. Accordingly, we remand for further proceedings on that claim only. In all other respects we affirm the district court's judgment. We grant Mr. Bellamy's motion to proceed IFP on appeal.

Entered for the Court

Jerome A. Holmes
Chief Judge

---

[5] We note that in the *Martinez* report, Officers Wagner and Englis dispute Mr. Bellamy's version of events. But the district court may not resolve disputed factual issues at the pleading stage. *See Hall*, 935 F.2d at 1109 ("Although a court may consider the *Martinez* report in dismissing a claim [for failure to state a claim for relief], it cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with pleadings or affidavits." (citations omitted)). Furthermore, "[a] bona fide factual dispute exists even when the plaintiff's factual allegations that are in conflict with the *Martinez* report are less specific or well-documented than those contained in the report." *Id.*

9