page 1 of 2

This is an affidavit for Ronnie Bellamy #53454
due to the events that occured between 9- -2022
and 9-29-2022, in which i attempted to gain entry
into A-7-239, the last room at the very back of the
Cellhouse where Resident Bellamy #53454, lived. Bellamy
had his curtain up covering the door so you could not
see in, i had my knife in hand waiting for the
officer CIC Wagner to open door for me hearing
what was going on people watching and sending
messages for him to come out and see them while
everyone was waiting in anticipation. I Brian
Fellers # 6003270 i was attacking Mr.
Bellamy #53454, because a day or so prior when
Officer Mr. Englis. was working on the loan to Copm
shift, someone broke into our room Me, Brian Fellers #
Cooo 3270 and my room mate, John Helms #
99022 , we thought but it turned
out after CIC Mr. Englis, showed us some video footage
that Resident mr. Riddle, is the one who went into our
room with a book in hand to steal and CIC Mr.
Englis, is the one who opened the door for Resident
Mr. Riddle # 94373 , the combination lock on
our locker belonged to Riddle, and he had the
combination to the lock. Earlier that morning
which i did not know at the time Mr Bellamy
#53454, had gotten a couple of small trash bags,
that are hard to get from my room mate, John Helms,
while the door was open and John was laying down
and Mr. Bellamy #53454, closed the door so
no one could come in while John was laying down
and i was at work in the law library and

page 2 of 2

word came to me what happened. And when officer
Englis got positioned he showed us, the video, me
Brian Fellers # 6003220 _____, and John Helar #
.99022 _____. The officer never contacted EAF,
the only ones contacted were SORT, Special Operations
Response Team, and 2-members came to escort
Mr. Riddle to L.C. and 2-members came to strip
search and search the cell-room of Ronnie Bellamy
#53454, And left with nothing, found on him or in
his room, And he never left the immediate area
where he lives as the video showed The only
reason i did what i did was because on
video, Mr. Riddle was seen going first
to Mr. Hernandez' cell and then coming out
with a store-canteen bag and going to
Mr. Bellamys room, where he was told to leave
and left his canvas bag in an obvious attempt
to set Bellamy up for some reason. This all came
about due to the actions of both KDOC Employees
helping and asissting, Mr. Englis, in opening the
room for Mr Riddle, to steal knowing he did not
live there, and showing us the recorded video footage
but not explaining anything. Sworn to under the
penalty of perjury.           (S) Brian Fellers
                              Mr. Brian Fellers 6003270
NOTARIZED                     LCF P.O. Box 2
notary public?  _____         Lansing, KS  66043

my commission expires

This is an affidavit for Ronnie Bellamy #53454
due to the events that happened on or about and
between 9-26-2023 and 9-29-2023, the day of the attack
on Bellamy #53454 by my Cellie Brian Fellers #
6003270, before lunch on the day of the
fight, Bellamy #53454, RB pulled my door open as i
was laying on top bunk, and asked me if he could
have a few bags, i gave him some and he said
Thank you, do you want your door shut. I said yes
and went back to sleep as he shut it, nothing had
been taken or touched in anyway. But the Video
that officer Mr. Englis, showed me John Melins #99022,
and my Cellie Brian Fellers # 6003270,
it made it look like he otc Mr. Englis, had nothing
to do with it, but he is actually the one who
opened the door to begin with, violating policy -
IMPP's Rules - safety regulations, Code of Ethics Contracts
all officers sign - published orders, Protocol. And in Violation
of Emergency Standards. And putting peoples lives in
Jeapordy, violating all standards of decency and the
Constitutional Protections afforded all men. Due to
what Mr. Englis the floor officer of security, said
to me and Fellers, my cellie, and the Video he showed
us, my Cellie decided to attack Mr. Bellamy #53454
because Mr. Mark Riddle # 94313            was
already in P.C. and Mr. Hernandez was an
affiliated member. And otc Mr. Larry Wagner, agreed
to open Bellamys door, Bellamy never yelled out
he's Cell number he was in his room door Covered
and Wagner Knew it.            ⊘ John Holm
notary -

```
                      KANSAS DEPARTMENT OF CORRECTIONS                    Page    1
                            INMATE DATA SUMMARY

Admitting Facility: Topeka Correctional Facility - RDU        Report date: 10/26/2021
Type of admission: New court commitment                      Date admitted: 6/10/1991
-------------------------------------------------------------------------------
                              COMMITMENT DATA

Commitment Name (LAST, First, Middle, Suffix)    KDOC Number:              0053454
BELLAMY,RONNIE,A,JR
True Name (LAST, First, Middle, Suffix)          KBI No.:                 00612779
BELLAMY,RONNIE ALLEN JR                          FBI No.:                 545533DAC
Alias(es) (LAST, First, Middle, Suffix)          Date of Birth:           05/28/1969
BELLANY,RONNIE                                   Place of Birth:
                                                 MARSHALL                    MO US
-------------------------------------------------------------------------------
                              SENTENCE DATA
Guidelines Indicator: A                      Guidelines Mos to Serve:    40
Months Due Prior Sent:                       Days Due Prior Sent:
Total Months to Serve:      832              Total Days to Serve:
Total Off-Grid Term:                                             Yrs Mos Dys
                                             KPB Penalty:

Summary comments
4/01/10: Upon review determined that sentences imposed in 9607CR481 &
9608CR626 were ordered to run concurrent to one another, however,
consecutive to the indeterminate sentence.  Crimes committed in
9607CR481 & 9608CR626 were committed while in prison. -mls
8/5/11: Because offender committed crime after 7/1/93 and before
7/1/08 in prison, once paroled from indeterminate to determinate
sentence, post release is based on determinate case. JAS/scu


    ------------------------------Primary Determinate Data Items---------------
                       Mo Da Year                                   Mo Da Year
Sentence Begins Dt:                          Earliest Release Date:  1  9 2024
Projected Release Dt:   11  9 2026           Latest Release Date:
Current Release Date:                        Earliest Sent Dsg Dt:
Projected Sent Dsg Dt:                       Latest Sent Dsg Date:
Current Sent Dsg Dt:                                             Yrs Mos Dys
    Earliest PCRD:                           Delinquent Time:
    Projected PCRD:                          Escape Time:
     Current PCRD:                           Days of Jail Credit:


    -------------------------------------------------------------------------
VICTIM NOTIFICATION REQUIRED: Yes                    ...................
DETAINER:
COMMENTS:

                                                             Photo


                                                     ...................


                              (Continued)
```

```
                    KANSAS DEPARTMENT OF CORRECTIONS                      Page   3
                         INMATE DATA SUMMARY

Admitting Facility: Topeka Correctional Facility - RDU         Report date: 10/26/2021
Type of admission: New court commitment                        Date admitted: 6/10/1991

Commitment Name (LAST, First, Middle, Suffix)          KDOC Number:              0053454
BELLAMY,RONNIE,A,JR

                          IDENTIFYING INFORMATION

Last address prior to incarceration:               Occupation:
  1409 SOUTH 55TH, APT 11
  KANSAS CITY                    KS   66106-0000

Identifying Marks/Tatoos
  Body Part    Location                        Detail
  Arms         RIGHT UPPER                     PLAYING CARD READING R.B.
  Legs         LEFT KNEE                       SCAR
  Legs         RIGHT UPPER & LOWER             TRIBAL
  Torso        BACK                            MEDICINE WHEEL W/EAGLE CLAW,2 LINES,N
  Torso        RIGHT CHEST                     PLAYBOY BUNNY
  Torso        RIGHT UPPER BACK                DOG, LYNN
---------------------------------------------------------------------------------
                            FAMILY HISTORY

---------------------------------------------------------------------------------
                          DETAINER INFORMATION

  Warrants/Detainers                  Warrant No.         Date Issued   Date Withdrawn
Cole Co. MissouriJefferson City         153388            08/27/1991     00/00/0000
---------------------------------------------------------------------------------
                           ESCAPE INFORMATION

---------------------------------------------------------------------------------
```

D1215



Missouri

John Ashcroft, Governor

## DEPARTMENT OF CORRECTIONS
Kansas City Honor Center
919 Oak Street
Kansas City, Missouri 64106
816-842-7467

Dick D. Moore, Director

George A. Lombardi, Director
Division of Adult Institutions

K. Schmitz, Superintendent



RECORDS

August 27, 1991

Hutchinson Correctional Facility
Records Office
P.O. Box 1568
Hutchinson, KS  67504-1568

                    RE:  BELLAMY, Ronnie   White/Male
                         MO# 153388        KS#53454

To Whom It May Concern:

The above named subject is wanted by the Missouri Department of
Corrections for failure to return to confinement (RSMO 575.220).
Subject failed to return on 11-11-90 and is wanted to continue
to serve his present Missouri sentence.  At the time of his
escape he was assigned to the Kansas City Honor Center, 919 Oak,
Kansas City, MO  64106 (ORI - M0048015C).  Place a "hold" for
our department and notify 30 days prior to release date so we
may make arrangements to pick him up.

Due to his escape from the Missouri Department of Corrections
and his attempted escape from Kansas authorities, we request he
not be placed in any minimum security facility which may enable
him to escape once again.

Per your request attached is the Order for Arrest and Return of
Escaped Prisoner.  If I can be of any further assistance you may
contact me at the above phone number.

Respectfully,

*Melody Castro*

Melody Castro
Records Officer

mc

Enclosure

cc:  File #153388

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**ORDER FOR ARREST AND**
**RETURN OF ESCAPED PRISONER**

| NAME OF INSTITUTION |
|---|
| Kansas City Honor Center |

| NAME | REGISTER NUMBER |
|---|---|
| BELLAMY, Ronnie | 153388 |

The above named inmate was in legal custody of the Department of Corrections when he/she escaped custody or was arrested for a new offense on ___11/11/90___.

The above named inmate was serving a sentence of ___10___ years for the offense of

___Assault in the First Degree___

from the Circuit Court of ___Carroll___ County.

It is hereby ordered, that the above named be retaken and held WITHOUT BOND for the purpose of being returned to the Missouri Department of Corrections to finish serving the above sentence, and so doing, this shall be sufficient warrant.

(DEPARTMENT SEAL)

ATTESTED TO BY (RECORDS OFFICER SIGNATURE)

*Melody Castro*

GIVEN UNDER MY HAND AND THE SEAL OF THE DEPARTMENT OF CORRECTIONS AT:

Kansas City Honor Center

THIS ___11th___ DAY OF ___November___, 19 90

SUPERINTENDENT SIGNATURE

Ron Schmitz, Superintendent

O 931-1056 (3-89)





**Kansas State Industrial Reformatory**

500 South Reformatory
Hutchinson, Kansas - 67501
Telephone 316 662-2321

F-164

# OFFICE OF
# THE RECORD CLERK

Missouri DOC
Kansas City Honor Camp
919 Oak Street
Kansas City, MO 64106

RE: BELLAMY, Ronnie A., Jr.

Your: 153388

Our:  53454

FBI No. 545 533 DAO

Dear Sir:

    This is to acknowledge receipt of your letter dated  8-27-91
together with your Warrant of Arrest which will act as a detainer against
the above named subject.

    Our regular procedure has been established on our records ac-
cordingly, and your office will receive our customary notice prior to his
release from this institution.

                 Yours very truly,

             By: _____
                      Record Clerk

KANSAS DEPARTMENT OF CORRECTIONS



INQUIRY OF DETAINER

RECEIVED

NOV 1 8 1991

H C F

Hutchinson Correctional Facility
--------------------------------------
P.O. Box 1568 (Institution)
--------------------------------------
Hutchinson, KS 67504-1568                     Date    9-5-91
--------------------------------------            ------------------------
            (Address)


TO:      Missouri DOC

ADDRESS: Kansas City Honor Camp
         919 Oak Street
         Kansas City, MO 64106

RE: BELLAMY, Ronnie A., Jr./ 53454          Your Warrant No. 153388
    ------------------------------------                       ------------------------
    (Inmate Name)      and    (Reg. No.)


    We are holding a detainer filed by your jurisdiction on the above - named inmate.  Because of the detainer his activities are limited to programs available inside our institution only and restricts us from making outside programs available to him that may be beneficial to his rehabilitation.

    If, in the opinion of our institution officials, he is no longer considered a maximum security risk, would you object to his assignment to a minimum custody status?

-----------------------------------------------------------------------------------------

Objection _____X_____ REMARKS   As Ronnie Bellamy escaped from the Missouri Department

                                    of Corrections we object to him being assigned to any

                                    minimum security facility as he might have the chance
                                    to escape again and not be returned to Missouri to
                                    complete his sentence.

No Objection _____ REMARKS _____

                                 _____

                                 _____

                                        *Melody Castro Records -*
                                            (Signature - Title)   *Officer*

P - 447

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**BOARD OF PROBATION AND PAROLE**
**WARRANT**

| ☐ NO BOND ALLOWED (PAROLE/CONDITIONAL RELEASE ONLY) | | |
|---|---|---|
| ☐ ENTER | ☐ ENTERED BY COMMAND CENTER | |
| JUDGE/DIVISION # | | |
| COUNTY/DOCKET NO. | | |
| ABSCONDER | NEW OFFENSE | TECHNICAL | ☒ ESCAPE |

## TO    ANY LAW ENFORCEMENT AGENCY

| OFFENDER NAME | DOC NUMBER |
|---|---|
| Ronnie Bellamy | 153388 |

TYPE OF CASE
☐ PROBATION    ☐ PAROLE    ☐ CONDITIONAL RELEASE    ☒ INMATE    ☐ INTERSTATE

ALLEGED VIOLATIONS:

Violation of Inmate Agreement #3, by failing to report a change of residency within 48 hours.

Violation of Inmate Agreement #9, by failing to enter and successfully complete the Kansas City Community Release Center.

MARY G. SHIELDS
Notary Public - State of Missouri
County of Harrison
My Commission Expires Aug. 10, 2008
*Mary G. Shields*

## AUTHORITY

I hereby affirm that I have probable cause as set forth herein to believe the above-named offender has violated condition(s) of her/his term of supervision, inmate agreement, or statute. Under the authority granted the Board of Probation and Parole of the State of Missouri and its Probation and Parole Officer by sections 217.390, 217.430, 217.541, 217.720, 217.722, and 575.210 RSMo, and by order of the Director of the Department of Corrections, you are hereby requested to arrest the above-named offender and hold her/him subject to the Order of the Court having jurisdiction in this case, the State Board of Probation and Parole, or its officer issuing this warrant.

| MONTH/DAY/YEAR WARRANT ISSUED | OFFICER NAME AND IDENTIFICATION NUMBER |
|---|---|
| 11-11-90 | Melissa Thies E0041234 |
| DISTRICT NUMBER AND OFFICE ADDRESS | SIGNATURE OF PROBATION AND PAROLE OFFICER |
| KCCRC 651 Mulberry, KC MO 64101 | *Melissa Thies, Unit Supervisor* |

## DETAINER FILED BY

| NAME (PRINT) | SIGNATURE OF PERSON FILING DETAINER |
|---|---|
| | |

DISTRICT NUMBER, ADDRESS, TELEPHONE NUMBER

## IDENTIFYING INFORMATION

| GENDER | RACE | DATE OF BIRTH | HAIR | EYES | HEIGHT | WEIGHT |
|---|---|---|---|---|---|---|
| Male | White | 05-28-69 | Bln | Blue | 5' 7 | 151 |

IDENTIFYING MARKS
Scar on left leg,

| LAST KNOWN ADDRESS | LAST KNOWN EMPLOYER |
|---|---|
| Unknown | Unknown |

| SOCIAL SECURITY NUMBER | FBI NUMBER | SID NUMBER | P.D. NUMBER |
|---|---|---|---|
| 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 | 545533DA0 | MO00601906 | |

| OFFENSE | EXPIRATION DATE |
|---|---|
| Assault I and Stealing | 02-20-95 |

## ARREST DATA

| DATE ARRESTED | PLACE DETAINED |
|---|---|
| | |

MO 931-0012 (6-04)    ATTENTION LAW ENFORCEMENT: DO NOT ENTER INTO MULES OR NCIC

ANY AND ALL FACTUAL ISSUES COMPLETELY BARS SUMMARY
JUDGEMENT IN ANY COMBINATION THEREOF HELPING ESTABLISH
GROUNDS FOR RELIEF, TRIAL REQUESTS.... AND OR JUDGEMENTS
PREMATURE, LENDS AND SUPPORTS WITHOUT UNDUE BIAS
OR HARDSHIPS, INFRINGMENT(S).
UNDER THE SCOPE OF DISCRETIONARY POWERS—QUALIFIED
OR ANY FORM OF IMMUNITY IN THE STATE OF KANSAS
AS TO REDRESS, TRESPASS, ACCOUNTABILITY, REPARATIONS,
RESTORATIONS, BOARD OF ACCOUNTANCY, ILLEGALITIES —
CRIMINALITIES, K.S.A. § 77-415 (B)(7) "STATE
AGENCY" MEANS ANY OFFICER, DEPT, BUREAU,
DIVISION, BOARD, AUTHORITIES, AGENCY, COMMISSION,
AND OR INSTITUTION OF THIS STATE EXCEPT THE
JUDICIAL AND LEGISLATIVE BRANCHES WHICH IS
AUTHORIZED BY LAW TO PROMULGATE RULES AND
REGULATIONS CONCERNING THE ADMINISTRATION,
ENFORCEMENT OR INTERPRETATION OF ANY LAW
OF THIS STATE. K.S.A. § 21-5416 (a) MISTREATMENT
OF A CONFINED PERSON IS KNOWINGLY, ABUSING,
NEGLECTING, OR ILL TREATING ANY PERSON WHO IS
DETAINED OR CONFINED BY ANY LAW ENFORCEMENT
OFFICER OR BY ANY PERSON IN CHARGE OF OR
EMPLOYED BY THE OWNER OR OPERATOR OF ANY
CORRECTIONAL INSTITUTION, (b) MISTREATMENT
OF A CONFINED PERSON IS A CLASS A PERSON
MISDEMEANOR ELEVATED IF THE INDIVIDUAL

1

IS RULED, ASSESSED/DIAGNOSED UNDER AND BY OR THROUGH K.A.R. § 44-1-105, 1-2-34 DISABILITY... MEANS WITH RESPECT TO AN INDIVIDUAL (a) A PHYSICAL OR MENTAL IMPAIRMENT THAT SUBSTANTIALLY LIMITS ONE OR MORE MAJOR LIFE ACTIVITIES;... LIABILITY - CULPABILITY K.S.A. § 75-5251 WITH NO FORM OF IMMUNITY WHATSOEVER FOR ALL THAT ARE INVOLVED FOR EXAMPLE SEE K.S.A. § 75-5246/ § 75-5289 (a)(b)

K.S.A. § 75-5246 (a) THE SECRETARY OF CORRECTIONS SHALL APPOINT A WARDEN OF EACH FACILITY UNDER THE SECRETARY OF CORRECTIONS CONTROL AND SUPERVISION SUCH WARDEN SHALL BE WITHIN THE CLASSIFIED SERVICES UNDER THE KANSAS CIVIL SERVICE ACT. K.S.A. § 75-5246 (b) ALL THE POWERS, DUTIES AND FUNCTIONS OF THE EXISTING DIRECTOR OF A CORRECTIONAL INSTITUTION ARE HEREBY TRANSFERRED TO, CONFERRED, AND IMPOSED UPON THE WARDEN OF SUCH CORRECTIONAL INSTITUTION.

THE EMBODIMENT OF ADHERENCE TO THE VALUE OF AND THE UPHOLDING OF LAWS, KANSAS STATUTES, KANSAS ADMINISTRATIVE REGULATIONS, CONSTITUTIONAL AFFORDANCES - PROTECTIONS - RIGHTS, CIVIL RIGHTS KANSAS CONSTITUTION, RULES, TEN COMMANDMENTS. SEE ALSO IMPP 01-000D VISION, MISSION, VALUES, THAT LEND TO AND SUPPORT JUSTICE, FAIRNESS, EQUALITY,

INTEGRITY, AS ALL IMPP'S — G.O. ARE CONTRACTS, AND NO GENERAL ORDER CAN SUPERCEDE, INTERFERE WITH, AND OR OVER RIDE ANY IMPP EVER.

IMPP 02-118 D EMPLOYEE AND VOLUNTER, RULES OF CONDUCT AND UNDUE FAMILIARITY WITH THE ATTACHED CONTRACTS THAT MUST BE SIGNED BY ALL AND WITH COMPLETE AND TOTAL ADHERENCE AND COMMITTMENT TO BE EMPLOYED AND OR VOLUNTER KNOWN AS THE CODE OF ETHICS CONTRACT, RULES OF ACKNOWLEDGEMENT CONTRACTS, INCLUDING NO STAFF OR VOLUNTER OR EMPLOYEE OR CONTRACTORS OR HOLDERS CAN EVER REFUSE TO COOPERATE WITH KBI OR MORAL EAI SUCH AS JAIME TRAUNIZER OR SOMEONE OTHER THAN K. HUSSEY WHO IS BLATANTLY CORRUPT AND EVIL.

AS ONE COURT HAS OBSERVED "WE SEE NO REASON WHY WELL-BEHAVED INMATES SHOULD HAVE TO SUFFER CRUEL AND UNUSUAL PUNISHMENTS BECAUSE OF THE ACTIVITIES OF SOME DISRUPTIVE ONES [T]HE PRISON ADMINISTRATION MUST BEAR THE ULTIMATE RESPONSIBILITY FOR CONDITIONS." THERE IS NO PENOLOGICAL JUSTIFICATION FOR REQUIRING [INMATES] TO SUFFER PHYSICAL AND OR PSYCHOLOGICAL HARM, THIS PRACTICE IS UNCONSTITUTIONAL. THE COMMITTEE ON LAWLESS ENFORCEMENT OF LAW, SECTION OF CRIMINAL LAW AND CRIMINOLOGY OF THE AMERICAN BAR ASSOCIATION, AMERICAN JOURNAL OF POLICE SCIENCE 575, 579-80 (1930)).

3

§ 2.1.1 CONTROL OF DISCRETIONARY POWER –
SAFEGUARDS. CAN NOT BE ERRONEOUS OR IGNORED
ALL APPLICATIONS MUST BE ADHERED TO AND
HONORED OR UPHELD BY COEXISTING LAWS-LEGISLATIVE
ACTS. THERE CAN BE NO PERSONAL BIASES
PREJUDICES OR DISREGARDS UNDER ANY MOTIVE OR
UMBRELLA. TO INCLUDE K.S.A.§ 77-415(B)(7)-77-
415-77-438(6)(1)
STATE RULES AND REGULATIONS BOARD UNDER
PROVISIONS OF K.S.A. 77-423(B)(3)(B)(4)
STATUTORY ACCOUNTABILITY K.S.A.§ 21-5416(a)(b)
KAR. 44-15-101 (e) Supporting Materials - Copies
K.A.R. 44-15-104 REPRISALS PROHIBITED - INVOKED

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

January 22, 2024

Mr. Ronnie Allen Bellamy Jr.
# 53454
Lansing Correctional Facility
P.O. Box 2
Lansing, KS 66043

**RE:**     **23-3259, Bellamy v. State of Kansas, et al**
Dist/Ag docket: 5:23-CV-03051-JWL

Dear Appellant:

Please note the following requirements for prosecuting this matter.

The record on appeal in this case will consist of copies of all relevant documents filed in the district court except those excluded by 10th Cir. R. 10.4(E). As such, you do not need to submit any record materials to the court.

In our previous correspondence, you were given a deadline in which to file an entry of appearance form with the court. To date, we have not received that form. You must submit an entry of appearance form within 40 days of the date of this letter. An additional form will be provided to you.

Regardless of the fact that district court has notified us that in forma pauperis status was granted, you must apply to this court for leave to proceed on appeal without prepayment of costs or fees pursuant to 28 U.S.C. 1915. Please complete the Motion For Leave To Proceed On Appeal Without Prepayment Of Fees (which will be provided to you) and return them to this court within 40 days of the date of this letter. Unless the fees are paid or the forms are returned within 40 days, the appeal may be dismissed without further notice. *See* 10th Cir. R. 3.3(B).

You must file an opening brief within 40 days from the date of this letter. You may use the Pro Se Brief form (which will be provided to you) or you may file a separate brief. If you do not use the form, your brief must comply with the Federal Rules of Appellate Procedure and Tenth Circuit Rules with respect to briefs. Failure to file a brief could result in dismissal of this appeal without further notice. *See* 10th Cir. R. 42.1. Copies of the brief must be served on all opposing counsel and all unrepresented parties. The clerk may refuse to file any brief which does not comply with the rules and the court's instructions. Motions for extensions of time are not favored and, absent extraordinary circumstances, will not be granted.

FILED
United States Court of App
Tenth Circuit

August 8, 2024

Christopher M. Wolper
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

RONNIE ALLEN BELLAMY, JR.,

     Plaintiff - Appellant,

v.

STATE OF KANSAS; JEFF ZMUDA;
KANSAS CIVIL SERVICE; KANSAS
DEPARTMENT OF CORRECTIONS;
CHANDLER CHEEKS; NICOLAUS
BALL; BRETT PETERSON;
UNIVERSITY OF KANSAS
CENTURION; WESLEY MEDICAL
CENTER; EL DORADO
CORRECTIONAL FACILITY; LANSING
CORRECTIONAL FACILITY;
CENTURION MEDICAL SERVICES;
DEREK SCHMIDT; (FNU) (LNU), 1;
DENISE SISCO; (FNU) (LNU), 2;
DANIELLE D. WAGNER; JAMES
ENGLIS; LARRY WAGNER; ALEX J.
ELLISON; CHRISTOPHER HUNT;
ANDREW PARKS; DANIEL EAST;
KINCAID WILLARD SCOTT; KANSAS
CIVIL LIBERTIES UNION; KANSAS
BAR ASSOCIATION; LEGAL
SERVICES FOR PRISONERS; (FNU)
(LNU), 3; DEPARTMENT OF
ADMINISTRATION; JOINT
COMMITTEE ON SPECIAL CLAIMS
AGAINST THE STATE; WYANDOTTE
COUNTY, KANSAS,

     Defendants - Appellees.

No. 23-3259
(D.C. No. 5:23-CV-03051-JWL)
(D. Kan.)

_____

why the action should not be dismissed or file an amended complaint curing the deficiencies.

Mr. Bellamy then filed a second amended complaint ("SAC"), naming five defendants: the State of Kansas; the Kansas Department of Corrections ("KDOC"); the Kansas Secretary of Corrections, Jeff Zmuda; and corrections officers Larry Wagner and James Englis. Mr. Bellamy claimed his custody was in violation of the Constitution because his state sentence had been vacated in 1991. He also alleged he was attacked four times at the Lansing Correctional Facility ("LCF") due to defendants' failure to protect him and that defendants did not provide him with proper medical care for the serious injuries he sustained. Mr. Bellamy asserted that these actions and omissions violated his Eighth and Fourteenth Amendment rights.

The district court dismissed Mr. Bellamy's challenges to his state sentence, concluding that (1) he had to present his challenge to the sentence's validity in an application for habeas corpus and (2) *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), barred his claim for monetary damages related to his sentence because he had not shown the sentence had been overturned, reversed, or otherwise called into question. The court dismissed his claims against the State of Kansas and the KDOC based on Eleventh Amendment immunity. And it dismissed the claims against Secretary Zmuda for failure to allege he personally participated in any constitutional deprivations. However, the district court determined it could not screen the remaining Eighth Amendment claims without additional information from LCF officials. It therefore ordered them to file an investigative report pursuant to

3

substantial risk of serious harm if the attacker gained access to Mr. Bellamy's cell;

(2) Officers Englis and Wagner were aware of facts from which an inference could be

drawn that a substantial risk of serious harm existed—the officers knew that the

attacker would attempt to kill Mr. Bellamy, ostensibly for his role in the theft; and

(3) Officers Englis and Wagner drew the inference because they conspired to allow—

and Officer Wagner did allow—the armed attacker into the cell, intending to give the

attacker a chance to kill Mr. Bellamy. The district court therefore erred in dismissing

this claim for failure to state a claim for relief.[5]

## IV. CONCLUSION

We reverse the district court's judgment solely with respect to the dismissal of

Mr. Bellamy's Eighth Amendment failure-to-protect claim against Officers Englis

and Wagner regarding the September 29 attack. Accordingly, we remand for further

proceedings on that claim only. In all other respects we affirm the district court's

judgment. We grant Mr. Bellamy's motion to proceed IFP on appeal.

Entered for the Court

Jerome A. Holmes
Chief Judge

---

[5] We note that in the *Martinez* report, Officers Wagner and Englis dispute Mr. Bellamy's version of events. But the district court may not resolve disputed factual issues at the pleading stage. *See Hall*, 935 F.2d at 1109 ("Although a court may consider the *Martinez* report in dismissing a claim [for failure to state a claim for relief], it cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with the pleadings or affidavits." (citations omitted)). Furthermore, "[a] bona fide factual dispute exists even when the plaintiff's factual allegations that are in conflict with the *Martinez* report are less specific or well-documented than those contained in the report." *Id.*

MH/MR ACT LAKE COUNTY ESTATES INC. V. TAHOE REGIONAL PLANNING
AGENCY.440 U.S. 391 (1979),MAT.400-402----I.D. AT 400-402

2.10 SOVEREIGN IMMUNITY AS A LIMIT ON THE FEDERAL JUDICIAL
POWER

IF FEDERAL JURISDICTION IS BASED ON THE EXISTENCE OF A FEDERAL
QUESTION OR SOME OTHER CLAUSE  OF ARTICLE 3,HOWEVER THE 11TH
AMENDMENT HAS NO RELEVANCE.THE DISTINCTION BETWEEN "OFFICIAL
CAPACITY" AND "INDIVIDUAL CAPACITY"--DISCUSSED IN  2.10.2 AT NOTE
44-51,SUPRA

2.10.3 THE APPLICATION OF THE 11TH AMENDMENT:WHATS BARRED AND
WHATS ALLOWED.

SEE EG.MT.HEALTHY CITY SCHOOL DISTRICT BD.OF EDUCATION V.DOYLE
429 U.S. 274(1977);LINCOLN V.LUNING,133 U.S. 529 (1890).SOME
CRITICIZE THESE DECISIONS ON THE GROUND THAT STATES SHOULD BE
ABLE TO TRANSFER THEIR IMMUNITY TO LOCAL GOVERNMENTS,WHICH ARE
CREATED BY THE STATE AND THROUGH WHICH THE STATES GOVERN. SEE EG.
MARGRETH BARRET,COMMENT THE DENIAL OF 11TH AMENDMENT IMMUNITY TO
POLITICAL SUBDIVISIONS OF THE STATES:AN UNJUSTIFIED STRAIN ON
FEDERALISM,1979 DUKE L.J. 1042.

2.10.4.2 THE 11TH AMENDMENT IS CONCERNED WITH PROTECTING THE
STATE TERASURY,NOT INDIVIDUAL OFFICERS,BUT DOES NOT STOP
INDIVIDUAL AND JOINING  OF OFFICIAL  CAPACITY FOR MONEY
DAMAGES.

THE GROUNDS FOR RELIEF ARE THE MULTIPLE
CONSTITUTIONAL VIOLATIONS OF AMENDMENTS
4TH, 5TH, 8TH, 14TH, DEPRIVATIONS OF FREEDOM,
JUSTICE, LIBERTY INTRESTS, SAFETY AND LIFE, THE
RIGHT TO BE FREE OF ARBITRARY AND CAPRICOUS
ACTIONS OF THE GOVERNMENT AND ITS AGENCIES-
BODIES, TO BE FREE OF CRUEL AND UNUSUAL
PUNISHMENTS - ILLEGAL IMPRISONMENT(S)

ß/

ß

Rev. Ronnie A. Bellamy Jr.
EDCF-C P.O. Box 311
1737 S.E. Highway 54
ELDORADO, Ks 67042

Left ear had to be stitches
reattached staples, stitches This side Only right the muscles
no MRI no hospital in temple never reattached
3rd head injury hematoma above where stabbed in temple of Forearm



EXHIBIT P                    KDOC000008



EXHIBIT P                                      KDOC000009

This side only ↙
this was not taken with camera
video system used to make a still
image see EAI Gift declaration of Perjury
Judge allowed Mr. Lungstrum



Attempting to Appeal Judges dismissing illegaly uncositutionally for KDOC
Filed notice of appeal on December 13, 2023

EXHIBIT P                                        KDOC000012

Attachment G, IMPP 11-119
Effective: 10-15-07

# DISCIPLINARY REPORT

LCF-C
( FACILITY)

| Case No. *1464* | Date of Alleged Violation:10-12-21 | Time: 1800 A.M. / P.M. |
|---|---|---|
| Date This Report Written:    10-12-21 | | Time: 1910 A.M. / P.M. |

Name of Inmate: Bellamy,          Ronnie          _____  No.53454    Cell No: _____
                    LAST              FIRST              MI

Duty Assignment:Pre-Hearing

**Alleged Violation of Law or Rule** (*Identify by Code No., Short Title, and Class*) 44-12-301 Fighting Class I

FACTS:  On the above date and approximate time Offender Bellamy 53454 was involved in a physical altercation with Offender Moore 109232. This places Offender Bellamy 53454 in direct violation of 44-12-301 Fighting Class I Offense.

(Attach Additional Sheet(s) if necessary)

Staff Witnesses:_____ (Signature) *CSI A. Hu*
_____ *CSI A. Hutchison*
                                            Printed Name and Title of Employee Writing

Report

                        Approved by: _____ *Lt. Jewell*
                                            (Shift Supervisor, Unit Team Manager & Title)

*I declare (or verify, certify or state) under penalty of perjury that the foregoing is true and correct.*

Executed on *10-12-21*          Signature *CSI A. Hu*

I received a copy of this report on _____, _____  _____
                        (Date)        (Time)              (Inmate Signature & No)
I served a copy of this report  _____, _____  _____
                        (Date)        (Time)              (Signature of Officer or Unit Team Manager & Title)

*Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707. Harmless error; Plain error.*

EXHIBIT X                    KDOC000013

Attachment G, IMPP 11-119
Effective: 10-15-07

# DISCIPLINARY REPORT

LCF-C
( FACILITY)

| Case No. 1465 | Date of Alleged Violation:10-12-21 | Time:  1800   A.M. / P.M. |
|---|---|---|
| Date This Report Written:     10-12-21 | | Time:  1910   A.M. / P.M. |

Name of Inmate: Moore,               Elijah               _____   No.102939     Cell No: _____
                        LAST              FIRST              MI

Duty Assignment:Pre-Hearing

**Alleged Violation of Law or Rule** (*Identify by Code No., Short Title, and Class*) 44-12-301 Fighting Class I, 44-12-901 Dangerous Contraband Class I.

FACTS:   On the above date and approximate time Offender Moore 109232  was involved in a physical altercation while attempting to use a home made knife approximately 12 inches long with Offender Bellamy 53454. Based on eye witness account for the physical altercation is in direct violation of 44-12-301 Fighting Class I Offense. Based on footage of ACell Block Main Corridor/Gate A12 between the times of 1755 and 1800 showing Offender Moore in possesion of a white towel with a hard object in Offender Moore 102939 left hand places Offender Moore 102939 in direct violation of 44-12-901 Dangerous Contraband Class I. Evidence tagged and sent to EAI.

(Attach Additional Sheet(s) if necessary)

Staff Witnesses:_____  (Signature) CSI A. H_____
_____  CSI A. Hutchison
_____  Printed Name and Title of Employee Writing

Report _____

                                 Approved by:  ____ L.H. Jewell _____
                                 (Shift Supervisor, Unit Team Manager & Title)

*I declare (or verify, certify or state) under penalty of perjury that the foregoing is true and correct.*

Executed on 10 - 12 - 21 _____          Signature CSI A. H_____

I received a copy of this report on _____, _____, _____
                        (Date)      (Time)              (Inmate Signature & No)
I served a copy of this report  _____, _____, _____
                        (Date)      (Time)              (Signature of Officer or Unit Team Manager & Title)

*Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707. Harmless error; Plain error.*

EXHIBIT X                                                KDOC000012

Bellamy, Ronnie    53454    1464    <u>A1118</u>
Page 2 of 3, Attachment L2, IMPP 11-119
Effective: 12-11-2013

☐ Witness(es) Sworn In/Affirmed _____    _____

_____    _____

**Witness(es) Testimony / Cross Examination  (Attach Testimony)**

**Closing Statement(s):  (Attach Arguments)**

**If applicable include inmate's testimony/ arguments on restitution**

Sanction(s): _301: DM_

Reason for Sanctions: _Due to I/M being attacked and defending himself while trying to get away._

Disposition of Evidence: _N/A_

☐  Inmate advised of right to Appeal,  Have Inmate Initial _____

HEARING OFFICER SIGNATURE _____    DATE _10/26/21_

**FINAL ACTION BY FACILITY WARDEN:**
☒ APPROVED
☐ REINSTATE DISMISSED CHARGES; REMAND NEW HEARING
☐ AMEND THE CHARGE
☐ DISAPPROVE/DISMISS
☐ REDUCE THE PENALTY
☐ SUSPEND ALL OR PART OF SENTENCE
☐ REMAND NEW HEARING
☐ CLARIFICATION OF RECORD

☐ REDUCE TO SUMMARY JUDGMENT
- restriction from privileges up to 10 days
- fine not exceed $10.00
- extra work w/o incentive pay for no more than 2 hrs/day no more than 5 days
- work w/o incentive pay not to exceed 5 days
- restitution not less than $3.00 or more than $20.00

Comments: _____

_____    _11/3/21_
WARDEN/DESIGNEE SIGNATURE    DATE

RECEIVED

I received a Copy of the Hearing Record and understand I have 15 days to Appeal this decision.

_____    NOV 09 2021
INMATE SIGNATURE    DATE    Lansing Correctional Facility Disciplinary
I served a copy of the Hearing Record

_CCI Spann_    _11/4/21_
STAFF SIGNATURE    DATE

Technical and clerical errors in the writing and/or processing of the Disciplinary Report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to prove. Pursuit to K.A.R 44-13-707. Harmless error; Plain error.

EXHIBIT B    KDOC000002

**UOF 10/12/2021**

Jonathan Alvarado <Jonathan.Alvarado@ks.gov>
Tue 10/12/2021 7:34 PM
**To:** Jared Barnett [KDOC] <Jared.Barnett@ks.gov>; Jonathan Lunsford [KDOC] <Jonathan.Lunsford@ks.gov>

On 10-12-2021 at approx 1755 I COI Alvarado responded to an alarm in A hallway.  As I arrived on scene Inmate Moore #109230 and Inmate Bellamy #53454 were actively fighting.  I gave verbal directives to Inmate Moore to get on the ground.  Inmate Moore refused all verbal directives and I used physical handling to guide Inmate Moore to the ground.  On the ground Inmate Moore submitted to hand restraints.  I then escorted Inmate Moore to the clinic to be evaluated for pre seg.  After Inmate Moore was cleared for seg I escorted him to the A4 rec cages where he will be placed until housed.  Nothing further to report.

Attachment G, IMPP 11-119
Effective: 10-15-07

# DISCIPLINARY REPORT

Lansing Correctional Facility
( FACILITY)

| Case No. 4059 | Date of Alleged Violation:05-18-2022 | Time:  0610    A.M. / P.M. |
|---|---|---|
| Date This Report Written: | 05-18-2022 | Time:  0633    A.M. / P.M. |

Name of Inmate: Carrillo          Jose          J   No.110683          Cell No: A8-236   A1 212
             LAST                   FIRST          MI

Duty Assignment:Integrative Work Program

**Alleged Violation of Law or Rule** (*Identify by Code No., Short Title, and Class)* 44-12-324., Battery, and Class 1
Offense

FACTS: On the date above and approx. time, I, CO1 Murphy saw inmate Carrillo #110683 hitting inmate Bellamy #53454
in the back on his head with a hard object wrapped in a sock in A building hallway. After the first hit to the head inmate
Bellamy fell to the ground and inmate Carrillo continued hitting Bellamy several more times. This is a violation of 44-
12-32., Battery, Class 1 Offense.          End of Report.

(Attach Additional Sheet(s) if necessary)
Staff Witnesses:_____  (Signature) _CO1 Murphy (wT 1⁵)_____

_____                    Printed Name and Title of Employee Writing
Report _____

                              Approved by: _Lt. Porter_____
                              (Shift Supervisor, Unit Team Manager & Title)

*I declare (or verify, certify or state) under penalty of perjury that the foregoing is true and correct.*

Executed on _5-18-22_____          Signature_CO1 Murphy_ (WTK)_____

I received a copy of this report on _____, _____, _____
                      (Date)        (Time)              (Inmate Signature & No)
I served a copy of this report _____, _____, _____
                      (Date)        (Time)              (Signature of Officer or Unit Team Manager & Title)

*Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be grounds for dismissal, unless there is
substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuant to K.A.R. 44-13-707. Harmless error; Plain error.*

```
            AFFIDAVIT OF
         BRANDON SCOTT (70517)
```

I was coming from chew and as soon as the
inmate behind me came in another started
hitting him with a sock with a weight in the
bottom like 10 times. The first inmate passed
out after he woke he start going to his cell
house in A7.


```
            THIS IS AN AFFIDAVIT FROM AN
EYEWITNESS TO THE CRIME COMMITTED AGAINST
RONNIE ALLEN BELLAMY JR.(53454),ON 5-18-2022,
IN THE HALLWAY ENROUTE TO THE CELLHOUSE FROM
THE DINING ROOM INSIDE BUILDING A-CORE-CIVIC PRISON.
THIS MANS NAME IS BRANDON SCOTT(70517)A MENTAL
HEALTH  PATIENT LIVING IN BUILDING A-WING 8.
HE REFUSED TO PUT NAMES IN HERE OUT OF FEAR OF REPRISALS
BUT CAN BE SEEN ON THE CAMERAS IN THE BUILDING DEFINITIVELY
AS THERE ARE A MULTITUDE OF CAMERAS IN THE HALL
```

Attachment B, IMPP 11-119
Effective: 12-11-13

# DISCIPLINARY REPORT

LCF-C
(FACILITY)

| Case No. 1019 | Date of Alleged Violation: | 09/29/2022 | Time: 1628 | A.M. / P.M. |
| Date This Report Written: | | 09/29/2022 | Time: 1732 | A.M. / P.M. |

Name of Inmate: FELLERS    BRIAN       No.   6003270    Cell No: 780 A4-115

      LAST       FIRST       MI

Duty Assignment: LIBRARY CLERK

**Alleged Violation of Law or Rule** (*Identify by Code No., Short Title, and Class*) 44-12-301 FIGHTING CLASS I
44-12-901 DANGEROUS CONTRABAND CLASS I

FACTS: ON THE ABOVE DATE AT THE APPROXIMATE TIME, I HEARD YELLING COMING FROM THE TOP TIER OF A7, RIGHT BY CELL 235. I LOOKED UP THERE AND SAW INMATES BELLAMY #53454 AND FELLERS #6003270 FIGHTING. I CALLED THE ALARM AND RAN UP THERE. INMATE BELLAMY HAD INMATE FELLERS IN A HEAD LOCK. INMATE FELLERS WAS HOLDING A HOMEMADE WEAPON IN HIS HAND. THE WEAPON WAS HEAVY DUTY METAL WITH TAPE AROUND THE END FOR A HANDLE. INMATE FELLERS IS IN VIOLATION OF 44-12-301 FIGHTING CLASS I AND 44-12-901 DANGEROUS CONTRABAND CLASS I

(Attach Additional Sheet(s) if necessary)

Staff Witnesses: _____ (Signature) COII W Wagner

      COII WAGNER A7-OIC/MTW OFF

      Printed Name and Title of Employee Writing Report

Approved by: CSII Light

      (Shift Supervisor, Unit Team Manager & Title)

I declare (or verify, certify or state) under penalty of perjury that the foregoing is true and correct.

Executed on   9/29/2022    Signature   COII Wagner

I received a copy of this report on 10-1-22 , 0100 , Refused to sign copy givn

     (Date)    (Time)       (Inmate Signature & No)

I served a copy of this report 10-1-22 0100   CB CSI Paladin

     (Date)    (Time)       (Signature of Officer or Unit Team Manager & Title)

*Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707. Harmless error; Plain error.*

EXHIBIT Y           KDOC000004

Bellamy, Ronnie    53464    1018

☐ Witness(es) Sworn In/Affirmed _____ _____

_____

Witness(es) Testimony / Cross Examination  (Attach Testimony)

Closing Statement(s):  (Attach Arguments)

If applicable include inmate's testimony/ arguments on restitution

Sanction(s): _30 /'. DM_

Reason for Sanctions: _Was attacked with weapon un provokd per Bellamy +_
_Video, self Defense_

Disposition of Evidence: _Hold if any_  ✓  _I had no weapon he did see his_
_sheet_

☐ Inmate advised of right to Appeal,  Have Inmate Initial _____

HEARING OFFICER SIGNATURE _CSI /Lut_                    DATE _10/13/2022_

FINAL ACTION BY FACILITY WARDEN:
☑ APPROVED
☐ REINSTATE DISMISSED CHARGES; REMAND NEW HEARING        ☐ REDUCE TO SUMMARY JUDGMENT
☐ AMEND THE CHARGE                                           - restriction from privileges up to 10 days
☐ DISAPPROVE/DISMISS                                         - fine not exceed $10.00
☐ REDUCE THE PENALTY                                         - extra work w/o incentive pay for no more
☐ SUSPEND ALL OR PART OF SENTENCE                              than 2 hrs/day no more than 5 days
☐ REMAND NEW HEARING                                         - work w/o incentive pay not to exceed 5 days
☐ CLARIFICATION OF RECORD                                    - restitution not less than $3.00
                                                               or more than $20.00
Comments: _____

WARDEN/DESIGNEE SIGNATURE                    DATE _10/5/7C_

I received a Copy of the Hearing Record and understand I have 15 days to Appeal this decision.

INMATE SIGNATURE                             DATE _10-17-2022_

I served a copy of the Hearing Record.

_UIS Steimle_                                DATE _10/17/22_
STAFF SIGNATURE

RECEIVED
OCT 18 2022
Lansing Correctional Facility
Disciplinary

Technical and clerical errors in the writing and/or processing of the Disciplinary Report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to prove. Pursuit to K.A.R 44-13-707. Harmless error; Plain error.

EXHIBIT H                    KDOC000002

KANSAS DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE SEGREGATION REVIEW (Pursuant to IMPP 20-105/106)
LCF-120

☒ Initial Review

Name: BELLAMY,RONNIE                Number: 53454        Date: 10/10/2022

Date placed in Segregation: 10/7/2022        Recommended date of release: N/A

Did inmate appear before board?  ☒ Yes    ☐ No

1. Present Status: IMPP 20-104 (2) Pending Investigation

2. Return to General Population?
   ☐ Yes  ☒ No

3. Transfer to another Kansas facility or another State or Federal facility?
   ☐ Yes  ☒ No

4. Medical or Psychological intervention?
   ☐ Yes  ☒ No

   a. Continue ☒    Modify ☐  program or treatment status?

5. Inmate informed of right to submit written request for release to board?
   ☒ Yes  ☐ No

6. While in segregation inmate's behavior has been satisfactory?
   ☒ Yes  ☐ No

7. The placement was legal and proper?
   ☒ Yes  ☐ No

8. A pre-segregation placement hearing was held?
   ☒ Yes  ☐ No

Board Comments: Inmate was placed in restricted housing for pending investigation for housing needs after being attacked by another offender, Frey 124713. The Board agreed he will remain in restricted housing at this time.

Approved: _X_      Disapproved: _____      S/S
                                          EAI Staff
Approved: _✓_      Disapproved: _____      _____
                                          Clinical Staff
Approved: _✓_      Disapproved: _____      Lt. Breese
                                          Security Staff
Approved: _X_      Disapproved: _____      _____
                                          Chairperson
Approved: _X_      Disapproved: _____      _____
                                          Warden

----------------------------------------------------------------

Inmate acknowledgement:
I received a copy of this review on: _____  10/25/ 20-22 At 2:58 p.m.

                                     _____
                                     Inmate Signature and Number

                                     US Steimle
                                     Signature and Title of Staff

Attachment B, IMPP 20-105A
Effective 05-13-22

## Kansas Department of Corrections
## Administrative Restrictive Housing Report

TO:        Secretary of Corrections                    Report Number: 01-23-0847
FROM:      Lansing Correctional Facility
Date This Report Filed          10/21/2022       Time of Report    0948    ☒ a.m.   ☐ p.m.
Date of Restrictive Housing Placement   10/7/2022   Time of Placement  1000    ☒ a.m.   ☐ p.m.

| | Reason(s) for Restrictive Housing (including Rule No. and Title) |
|---|---|

Resident Name: **Bellamy, Ronnie**     **#53454**
Moved from Cell:  A4-120     to Restrictive Housing Cell #:   A4-120

☐  Pre-Restrictive Housing hearing conducted       IMPP 20-104A ; V. B. Other Security Risk
☒  Pre-Restrictive hearing NOT conducted (Explain      IMPP Choose an item.

Status Change

**Facts:**
Status Change: Offender Bellamy's status was changed from PI status to OSR status. This is due to the facts of the EAI investigation completion and not supporting Protective Custody status for the offender currently.  Offender continues to be battered by other offenders while in general population at LCF.  Offender will remain special management as OSR status, pending housing options and/or possible transfer to another facility.

☐  This placement is an involuntary Protective Custody due to PREA Concerns (respond to next two (2) sections)

What is the basis for the facility's concern for the resident's safety?
N/A

What is the reason no alternative means of separation can be arranged?
N/A

S. Latzke, UTM                                         Approved By:
_____   10/20/2022         _____   10-21-22
Signature and Title of Reporting Officer    Date    Shift Supervisor or Restrictive Housing Unit Mgr.   Date

_____   _____
                                        Warden Authorization (if needed)        Date
**********************************************************************************************

ACKNOWLEDGMENT:
I received a copy of this report on:    Date  10/25/22      Time  1438   ☐ a.m.  ☒ p.m.

_____   53454      US Steimle
Resident Signature and Number    #      Staff Witness and Title

Record this Document in Imaging
Original to Master File
Copy to: Warden
         Resident
         PCM

EXHIBIT R                          KDOC000001

deprivation of his constitutional rights. Plaintiff cannot rely on the supervisory status of a defendant. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). *[handwritten: Delegation applies]* Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for

*[handwritten: unfortunately due to transfer plaintiff is missing first 4 pages]*

5

the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id.* at 1204 (citing *Iqbal*, 129 S. Ct. at 1949). Plaintiff has failed to allege how the Secretary of Corrections personally participated in the deprivation of his constitutional rights, that this defendant is responsible for a policy that caused the alleged constitutional harm, or that he acted with the state of mind required to establish the alleged constitutional violation. Plaintiff's claims against this defendant are dismissed.

### 3. Failure to Protect and Medical Care

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "Under the Eighth Amendment, prison officials have a duty to 'provide humane conditions of confinement,' including 'tak[ing] reasonable measures to guarantee the safety of . . . inmates.'" *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 800 (2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks omitted)). This duty includes "a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (ellipsis and quotation marks omitted). To prevail on a failure to protect claim, a plaintiff must show: "(1) 'that the conditions of his incarceration present an objective substantial risk of serious harm' and (2) 'prison officials had subjective knowledge of the risk of harm,' '[i]n other words, an official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Requena*, 893 F.3d at 1214 (citation omitted).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). The "deliberate indifference" standard includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted).

In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer*, 511 U.S. at 834, *Martinez*, 430 F.3d at 1304 (citation omitted). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

The Court finds that the proper processing of Plaintiff's Eighth Amendment claims cannot be achieved without additional information from appropriate officials of LCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of LCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

### III. Motions

Plaintiff has filed a response (Doc. 25) and a Motion for Discovery (Doc. 26). Plaintiff's motion does not specify what discovery he is seeking, and the Court finds that a request for discovery is premature. The Court is ordering a *Martinez* Report and Plaintiff will be given an opportunity to respond to that report.

Plaintiff's motion also states that it is an affidavit in support of his motions for appointment of counsel. However, the Court has already denied the motions for appointment of counsel. In the MOSC II, the Court addressed Plaintiff's two additional motions to appoint counsel (Docs. 14, 22), and denied the two new motions for the same reasons set forth in the MOSC in denying Plaintiff's previous motion (Doc. 3). *See* Doc. 11, at 15–16.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Discovery (Doc. 26) is **denied.**

**IT IS FURTHER ORDERED THAT** Plaintiff's claims regarding his state court sentence and conviction are dismissed.

**IT IS FURTHER ORDERED THAT** Plaintiff's claims against the State of Kansas, the KDOC, and Jeff Zmuda are **dismissed**.

**IT IS FURTHER ORDERED THAT:**

    (1)    The Court will enter a separate e-service order directing the Clerk of Court to serve the remaining defendants.

    (2)    The Kansas Department of Corrections ("KDOC") shall submit the *Martinez* Report within **sixty (60) days** following the electronic filing of the Waiver of Service Executed. Upon the filing of that Report, the Court will screen Plaintiff's Second Amended Complaint. If the Second Amended Complaint

survives screening, the Court will enter a separate order setting an answer deadline. Therefore, any answer deadline provided in the docket entry for the waiver of service is not controlling.

(3)    Officials responsible for the operation of LCF are directed to undertake a review of the subject matter of the Second Amended Complaint:

a.    To ascertain the facts and circumstances;

b.    To consider whether any action can and should be taken by the institution to resolve the subject matter of the Second Amended Complaint; and

c.    To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Second Amended Complaint and should be considered together.

(4)    Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(5)    Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(6)    Authorization is granted to the officials of LCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(7)    No motion addressed to the Second Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(8)    Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Second Amended Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated May 3, 2023, in Kansas City, Kansas.**

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

THE TENTH CIRCUIT HAS MADE IT CLEAR THAT WHERE A CLAIMAINT
SEEKS RELIEF AGAINST A KDOC OFFICIAL IN HIS OR HER OFICIAL
CAPACITY,THE PARTY SEEKS JUDGEMENT AGAINST THE KDOC ITSELF,
RENDERING THE CLAIM AS ONE AGAINST THE SOVEREIGN," JAMERSON
V.HEIMGARTNER,NO.5:17+3205-JAR-KGG,2020 WL 1923074,at*10(D.
KAN.APRIL 21,2020)(CITING JONES V.COURTNEY,466F.APP'X 696,699-
700 (10TH CIR 2012)(COLLECTING CASES)). THE ELEVENTH AMENDMENT
THEREFORE APPLIES TO ANY OFFICIAL CAPACITY CLAIMS **AGAINST** A
KDOC DEFENDANT.ID.
AN ESSENTIAL ELEMENT OF A CIVIL RIGHTS CLAIM AGAINST AN INDIVIDUAL
IS THAT PERSONS DIRECT PERSONAL PARTICIPATION IN THE ACTS OR THE
INACTIONS UPON WHICH THE COMPLAINT IS BASED.KENTUCKY V.GRAHAM,
473 U.S.AT 165-66;HENRY V.STOREY,658,F.3d 1235,1241(10TH CIR.2011
(BUT 1983 IMPOSES LIABILITY FOR A DEFENDANT'S OWN ACTIONS-PERSONAL
PARTICIPATION IN THE SPECIFIC CONSTITUTIONAL VIOLATIONS COMPLAINED
OF IS ESSENTIAL.")(CITING FOOTE V.SPIEGEL,118 F.3d 1416,1423-24
(10TH CIR.1997),TRUJILLO V.WILLIAMS,465 F.3d 1210,1228( 10TH CIR.
2006).AS TO THE ASHCROFT V.IQBAL,556 U.S.662,676(2009),RULING OF
VICARIOUS LIABILITY,THE CHAIN OF COMMAND IN THE HEARINGS AND THE
MANDATORY REPORTS AND DUE PROCESS FORMS REQUIRED BY LAW,AND THE
CONSTITUTION,ALSO REQUIRED BY EVERY FACILITY,BEFORE A DECISION
IS RENDERED ALL MUST AGREE IN WRITING ,BY BOARD MEETING IN THEIR
OWN ATTENDANCES,AND BY THEIR OWN HANDS SIGN AND APPROVE OR DIS-
APPROVE ALL DECISIONS,GIVING THEM AND ALL IN ATTENDANCE FIRST
HAND KNOWLEDGE AND PARTICIPATION AS ALL PAPERWORK REQUIRES THEIR
SIGNATURES AND OR EXPLANATIONS.

UNDER THE EIGHTH AMENDMENT,PRISON OFFICIALS HAVE A DUTY TO
PROVIDE HUMANE CONDITIONS OF CONFINEMENT,INCLUDING 'tak[ing]
REASONABLE MEASURES TO GUARENTEE THE SAFETY OF...INMATES."'
THIS DUTY INCLUDES "A DUTY TO PROTECT PRISONERS FROM VIOLENCE
AT THE HANDS OF OTHER PRISONERS,WITHOUT VIOLATING THEIR
CONSTITUTIONAL RIGHTS EVEN FURTHER,BY PLACING THEM IN A
SEGREGATED ENVIORNMENT,RIFE WITH EVEN MORE DANGER,DUE TO THE
KDOC AND ALL FACILITIES ALLOWING THE STAFF AND OFFICERS TO
BRING THEIR PERSONAL CELL PHONES TO WORK AND UTILIZE THEM ON
THE JOB,IT GIVES AND AFFORDS OPPORTUNITY FOR WRONG DOING,MIS-
CONDUCT,UNLAWFUL ORDERS,TARGETING,THE ABILITY TO SET SOMEONE
UP WITHOUT ANYONE NOT INVOLVED BEING AWARE OR ABLE TO CONTROL-
STOP,AS WITH THE FACILITY PHONE SYSTEM BEING MONITORED,AND ALL
CALLS RECORDED,AND RADIO TRAFFIC HEARD BY MOST EVERYONE.THIS
CREATES AN UNDUE HARDSHIP ON ALL INMATES AND STAFF,AND THE KDOC,
STATE OF KS,DUE TO THE ABILITY TO VIOLATE THE LAW AND CONST.
CLANDESTINELY,GOING UNCHECKED. THE ONLY WAY TO STOP THIS
THREAT IS TO STOP THIS ALLOWANCE, AND OR BE ABLE TO BY
COURT ORDER OR OTHERWISE - SUBPOENA - REQUEST, AND
HAVE THE ABILITY TO FORCE DEFENDANTS - VIOLATORS,
AGREE TO TURN OVER PHONE RECORDS, E-MAILS - COMMENTARY,
OMIS - TOADS - ALL RECORDINGS, AND FOOTAGES, ALL RECORDS-
AS ON 5-5-2023 BY WAY OF STATE OF KANSAS EMPLOYEES-
THROUGH KDOC EMPLOYMENT - BY AND THROUGH THE
SECRETARY OF CORRECTIONS.

2

## Kansas Department of Corrections
## Account Withdrawal Request
(Complete One Request per Form)
**Attach letter and addressed/stamped envelope when required**

*EXHIBIT - 3*

RONNIE ALLEN BELLAMY JR.    53454    LCF-C    A-1-214    7=14-2021
Printed Name      Number      Facility      Unit/Cell Location'      Date

Please pay the following and charge to my account:

## Outgoing Funds/Donations

Payable To: HISTORICAL SOCIETY-RECORDS
         Name

$ 40.00      100 SOUTH WALNUT STREET
Check Amount    Address

         HUTCHINSON, KANSAS  67501
         City, State, Zip

         TRANSCRIPTS-LEGAL DOCUMENTS
         Purpose/Inmate Benefit Fund Group

| | |
|---|---|
| Title of Publication* | |
| Frequency – (Circle One) | |
| Yearly  Monthly  Weekly  Daily  Other | |
| Number of Issues _____ | |
| Expiration Date _____ | |
| Publication Price _____ | |
| *Book, Magazine or News Paper (Per IMPP 11-101) | |

I request the use of Forced Savings as provided in IMPP 04-103, for:
(Documentation Required)

☐ Community Identification
☒ Civil Filing, Transcript or Subpoena Fees
☐ Reentry into the Community (Warden's Approval Required)

*I REQUEST USE OF FORCED SAVINGS ONLY*

(To Be Completed by Mailroom)

## Postage – (To Be Completed by Inmate)

To: _____    RECEIVED
     Name        JUL 16 2021

$ _____
Postage Amount

☐ Postage

☐ Legal/Official Postage
(Per K.A.R. 44-12-601)

☐ Certified
(Only if Funds are Available)

Address _____ NOON
LANSING CORRECTIONAL FACILITY
City, State, Zip _____ BUSINESS MANAGER

Reason _____

_____
Verified By

*RONNIE ALLEN BELLAMY JR. 7-14-2021*
Inmate Signature    Date

Unit Team Approval    Date

_____
Handicraft Approval (If Applicable)    Date

_____
Religious Approval (If Applicable)    Date

☐ Applies to Outgoing Funds Limit
☐ Does Not Apply to Outgoing Funds Limit
☐ Use of Forced Savings Approval as requested above

_____
Exception Approval    Date

This withdrawal request is being returned for the following reason(s):

| | |
|---|---|
| ___ Insufficient Funds | ___ Payee Missing |
| ___ Signature Missing | ___ Insufficient Address |
| ___ Exceeds Spending Limit | ___ Amount Missing |
| ___ Incentive Level | ___ Name/Number – Do Not Match |
| ___ Envelope/Order/Stamp Missing | ___ Illegible Information |
| ___ Unauthorized Per IMPP/KAR | X Other *Need documentation of cost.* |

*Per IMPP 04-106 Cash is exhausted first then Forced Savings is accessed.*

_____    _____
Account Processor    Date Withdrawn    Acct. Use

1504a

INMATE REQUEST TO STAFF MEMBER

To: _____     Date: *EXHIBIT-3*
            (Name and Title of Officer or Department)

_____
        Unit Team, Detail, or Cellhouse Officer's Signature        **To be retained by inmate**

**Form 9**
For Cellhouse Transfer                                                        *BELLAMY*
Work Assignment                                                        **Last Name Only**
Interview Requests

*Unit team* **KANSAS DEPARTMENT OF CORRECTIONS**        *53454*
                                                                                        **Number**
**INMATE REQUEST TO STAFF MEMBER**
To: *SENTENCE COMPUTATION UNIT*        Date: *8-9-2021*
        (Name and Title of Officer or Department)
        **State completely but briefly the problem on which you desire assistance. (Be specific.)**

*COULD YOU PLEASE SEND ME A COPY OF MY JOURNAL
ENTRIES IN CASES FROM WYANDOTTE COUNTY - KANSAS CITY,
KANSAS - YEAR 1991. IT SHOULD ONLY BE A FEW PAGES. THANK
YOU, FOR YOUR ASISTANCE*

Work Assignment: _____        Living Unit Assignment: *A-8-202*

Comment: _____        Detail or C.H. Officer: _____

Disposition: *We do not provide journal entries. You could try asking
the courts for a copy. CCII Steimle 8/13/21*

To: _____        Date: _____
            (Name & Number)

Disposition: _____
_____
_____
_____

_____
        Employee's Signature                                        **To be returned to inmate.**

INMATE REQUEST TO STAFF MEMBER

To: _____     Date: _EXHIBIT - 3_
    (Name and Title of Officer or Department)

_____
    Unit Team, Detail, or Cellhouse Officer's Signature

**To be retained by inmate**

**Form 9**
For Cellhouse Transfer
Work Assignment _____     _BELLAMY_
Interview Requests                                **Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**     _53454_
                                        **Number**

**INMATE REQUEST TO STAFF MEMBER**

To: _SENTENCE COMPUTATION UNIT_     Date: _8-26-2021_
    **(Name and Title of Officer or Department)**
    **State completely but briefly the problem on which you desire assistance. (Be specific.)**

_PLEASE SEND ME A COPY OF MY JOURNAL ENTRIES ITS_
_ONLY 2 OR 3 PAGES_

Work Assignment: _____     Living Unit Assignment: _A-8-102_
Comment: _____     Detail or C.H. Officer: _CCI Spann_

Disposition: _Here at LCF We dont have Sentence_
_Computation units. You would have to contact_
_the Courts._

To: _____     Date: _8/27/21_
    (Name & Number)

Disposition: _____

_____
    Employee's Signature                                **To be returned to inmate.**

P-0009

Attachment B, IMPP 20-105A
Effective 05-13-22

# Kansas Department of Corrections
## Administrative Restrictive Housing Report

*EXHIBIT-1*

TO:     <u>Secretary of Corrections</u>                    Report Number: <u>01-23-0847</u>
FROM:   <u>Lansing Correctional Facility</u>

Date This Report Filed          <u>10/21/2022</u>     Time of Report      <u>0948</u>   ☒ a.m.   ☐ p.m.
Date of Restrictive Housing Placement  <u>10/7/2022</u>     Time of Placement   <u>1000</u>   ☒ a.m.   ☐ p.m.

| | Reason(s) for Restrictive Housing (including Rule No. and Title) |
|---|---|

Resident Name: **Bellamy, Ronnie**      **#53454**

Moved from Cell: <u>A4-120</u>   to Restrictive Housing Cell #:  <u>A4-120</u>

☐  Pre-Restrictive Housing hearing conducted

☒  Pre-Restrictive hearing NOT conducted (Explain

IMPP 20-104A ; V. B. Other Security Risk

IMPP Choose an item.

Status Change

Facts:

Status Change: Offender Bellamy's status was changed from PI status to OSR status. This is due to the facts of the EAI investigation completion and not supporting Protective Custody status for the offender currently. Offender continues to be battered by other offenders while in general population at LCF. Offender will remain special management as OSR status, pending housing options and/or possible transfer to another facility.

☐  This placement is an Involuntary Protective Custody due to PREA Concerns (respond to next two (2) sections)

What is the basis for the facility's concern for the resident's safety?

N/A

What is the reason no alternative means of separation can be arranged?

N/A

S. Latzke, UTM                                      Approved By:

_____      10/20/2022      _Lt. Brooks_      10-21-22
Signature and Title of Reporting Officer    Date    Shift Supervisor or Restrictive Housing Unit Mgr.    Date

_____
Warden Authorization (if needed)          Date

********************************************************************************************************

ACKNOWLEDGMENT:

I received a copy of this report on:   Date  _10-28-2022_      Time  _2378_   ☐ a.m.  ☒ p.m.

_____      _53452_         _LTS Steinle_
Resident Signature and Number       #          Staff Witness and Title

Record this Document in Imaging
Original to Master File
Copy to: Warden
         Resident
         PCM

A1 238

# MEMO



## Kansas
Department of Corrections
*Lansing Correctional Facility*

EXHIBIT-3

**DATE:** 11/27/2022
**TO:** Bellamy, Ronnie # 53454
**FROM:** Chandler Cheeks / Warden

**SUBJECT:** Grievance

---

**Finding of the Facts:** Your grievance was received and an investigation into your allegations has been completed.

**Conclusion:** You are not allowed to grieve the Classification decision making process per **KAR 44-15-101.**

**KAR 44-15-101 (a)(d)(2) states "the grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision making process, the property loss or personal injury claims procedure, or the procedure for censorship of publications specified in the secretary's internal management policy and procedure."**

Therefore, the statute prohibits the use of the grievance procedure to address this concern.

**Actions Taken:** No further action needed

IMPP 11-106A III. 3: within 72 hours after receiving a custody classification, the offender may appeal the decision to the warden by submitting the appeal though the unit team counselor on a form 9.

    a. If the warden did not participate in the custody classification decision, the Warden must review the decision and the offenders written appeal and return a written response to the offender within 15 days of receipt.

    b. If the warden was a participant in the custody classification decision, the offender's appeal must be forwarded to the Deputy of facility management or designee for review who must return a response to the offender within 15 days of receipt.

    c. The decision of the warden or deputy secretary or designee is final.

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

*EXHIBIT-3*

| | |
|---|---|
| Inmate Name: RONNIE ALLEN BELLAMY JUNIOR | Facility: L.C.F. - CORE CIVIC |
| Inmate Number: 0053454 | Grievance Serial No.: AA2023067 |

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Kansas Department of Corrections
714 SW Jackson
Suite 300
Topeka, KS 66603

Date Mailed: *ELECTRONICALLY* 12-2-2022

*PLEASE READ CAREFULLY* MY HANDWRITING IS BAD FROM MY FOREARM BEEING CUT IN HALF PRIOR TO THIS

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) I AM REQUESTING THAT TOPEKAS SECRETARY OF CORRECTIONS CONTACT THE LEAVENWORTH COUNTY PROSECUTING ATTORNEYS OFFICE AND FILE CRIMINAL CHARGES ON ALL GUILTY PARTIES INVOLVED INCLUDING LATM PARKS, CSI — WAGONER (WHO OPENED THE DOOR SO AN INMATE COULD STAB ME) SEE ALL VIDEO AND SUBSEQUENT SST MEMBERS

Signature of Inmate RONNIE ALLEN BELLAMY JR.

---

**DECISION BY SECRETARY OF CORRECTIONS** (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____    Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

_____
Signature of Secretary of Corrections

---

| **For D.O.C. Staff Use Only** |
|---|
| Type of Response (Item 6b: Code    01, 02, 08 or 09) _____ |

DC 090, Effective May 1, 1988