UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONNIE ALLEN BELLAMY, JR.,

    Plaintiff,

v.

JAMES ENGLIS and LARRY E. WAGNER,

    Defendants.

Case No. 23-3051-HLT-BGS

## MEMORANDUM AND ORDER DENYING MOTION TO APPOINT COUNSEL

This matter comes before the Court on pro se[1] Plaintiff Ronnie Bellamy Jr.'s motion for appointment of counsel. Doc. 76. For the reasons stated herein, the Court **DENIES** the motion.

**I.  Background Facts**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. He is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. He was previously incarcerated at Lansing Correctional Facility ("LCF"). Plaintiff alleges that he was assaulted on multiple occasions at LCF, and that prison officials failed to protect him. He also claims that he did not receive proper medical care after the attacks.

Plaintiff filed the Complaint on February 17, 2023. Doc. 1. On May 3, 2023, the Court dismissed Plaintiff's claims against the State of Kansas, the Kansas Department of Corrections, and Jeff Zmuda, and dismissed Plaintiff's claims regarding his state court sentence and conviction. Doc. 27. The Court ordered LCF officials to prepare a *Martinez* report, after which the Court screened

---

[1] Plaintiff proceeds pro se. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

1

Plaintiff's remaining Eighth Amendment claim under 28 U.S.C. § 1915A. On November 30, 2023, the Court dismissed the Eighth Amendment claim for failure to state a claim. Docs. 51 and 52.

Plaintiff appealed the Court's ruling. *See* Doc. 56. The Tenth Circuit reversed the district court solely with respect to the dismissal of Plaintiff's Eighth Amendment failure-to-protect claim against Officers Englis and Wagner regarding the September 29 attack. Doc. 66. The Court subsequently authorized service on Defendants James Englis and Larry Wagner. Those Defendants moved to dismiss on October 15, 2024. Doc. 71. This matter was stayed pending resolution of the motion to dismiss. Doc. 73.

Throughout the duration of this case, Plaintiff has moved for the appointment of counsel on five separate occasions. *See* Docs. 3, 14, 22, 40, 60. All prior attempts have been denied. On November 4, 2024, the Plaintiff moved for the appointment of counsel a sixth time. Doc. 74. For the reasons explained below, the Court reaches a similar result here.

## II. Analysis

Plaintiff has requested the appointment of counsel on several occasions during this case. Docs. 3, 14, 22, 40, 60, 74. The first four motions were denied without prejudice to refiling if Plaintiff's complaint survived screening. Doc. 11, 23, 45. The fifth motion was denied on the merits. Doc. 62. In denying the motion, the Court concluded that "(1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments." *Id.* at 2. The current motion advances similar arguments that were previously rejected.

In support of his renewed motion, the sole argument advanced by Plaintiff is that he is "legally mentally disabled by definition of the law." Doc. 76. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). The decision whether to appoint counsel

2

in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). Here, the Court does not find a reason to change its previous conclusion. The Court has reviewed and considered Plaintiff's motion and concludes that (1) the issues are not complex and (2) Plaintiff appears capable of adequately presenting facts and arguments. While the Court does not doubt that having a trained lawyer will help his case proceed more effectively, Plaintiff's stated reason does not amount to a basis for being appointed counsel in a civil case. *See Waterman v. Harred*, No. 23-3182-JWL, 2023 WL 6275914, at *1-2 (D. Kan. Sept. 26, 2023). Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel.

Plaintiff is cautioned that further motions for the appointment of counsel may be denied with a text entry for the reasons already stated in previous orders.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel, doc. 76, is **DENIED**.

**IT IS SO ORDERED.**

Dated November 4, 2024, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge

3