IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONNIE ALLEN BELLAMY, JR.,

    Plaintiff,

    v.

STATE OF KANSAS, et al.,

    Defendants.

Case No.  5:23-cv-3051-HLT-BGS

# ORDER

Pro se Plaintiff Ronnie Bellamy, Jr. is an inmate at a Kansas state prison.[1] He sues two prison corrections officers, Defendants James Englis and Larry E. Wagner, under 42 U.S.C. § 1983. Plaintiff alleges Defendants violated the Eighth Amendment by failing to protect him from another inmate's attack. Plaintiff claims Defendants violated his rights under the Eighth Amendment when Defendants opened his cell door and allowed the other inmate, armed with a knife, to enter while Plaintiff was sleeping and attempt to murder him.[2]

The parties have filed cross motions seeking disposition of the case. Doc. 71; Doc. 78. Defendants move to dismiss Plaintiff's operative complaint. Doc. 71. Defendants argue that the Court lacks jurisdiction to the extent Plaintiff seeks money damages from them in their official capacities. *Id.* at 2-3. And Defendants argue Plaintiff fails to state a cognizable claim to the extent

---

[1] The Court is mindful of Plaintiff's pro se status and liberally construes his filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

[2] Only the Eighth Amendment claims against Englis and Wagner in the operative complaint remain in the case. The complaint asserted multiple claims against multiple other defendants who were dismissed after Judge Lungstrum's initial screening under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Judge Lungstrum's dismissal order also included the Eighth Amendment claims against Englis and Wagner, but the Tenth Circuit vacated this part on appeal. Doc. 66. Judge Lungstrum re-screened this claim under the PLRA on remand and concluded it could proceed. Doc. 67. The matter was then transferred to the undersigned. Doc. 68.

he seeks prospective relief from Defendants or money damages from them in their personal capacities because Plaintiff failed to first exhaust his available state administrative remedies.[3] *See id.* at 3-14.

Plaintiff also moves for summary judgment. Doc. 78. But he offers no developed argument to support his motion apart from conclusory statements that Defendants facilitated his attempted murder. *Id.* at 1. Plaintiff's motion also lodges complaints about his lack of attorney representation and his inability to access either his "transcripts" or a law library. *Id.* at 1-2.

The Court works through the motions and issues below.

---

[3] Defendants style their motion to dismiss for failure to exhaust not as a motion brought under Rule 12(b)(6) or as a motion for summary judgment under Rule 56 but as an unenumerated "12(b)" motion to dismiss for a "matter in abatement." Implicit in Defendants' argument is that evidence extrinsic to a plaintiff's complaint is sometimes required to raise successfully a failure-to-exhaust defense under the PLRA. *See* Doc. 71 at 3-5. This (as is discussed further below) means the usual procedural vehicle for raising it would have to be summary judgment under Rule 56. Defendants view this as a problem because a failure to exhaust only results in "without prejudice" dismissal and is not a merits issue for a jury. *Id.* at 3-4. Defendants therefore conclude that a motion to dismiss for failure to exhaust that relies on outside facts should be treated as a motion to dismiss and not converted into one for summary judgment. *Id.* at 3-5.

The Court disagrees for several reasons. First, the Court is not inclined to rewrite the Federal Rules of Civil Procedure because some defendants may find it cumbersome to raise a failure-to-exhaust defense on a motion for summary judgment. *See Jones v. Bock*, 549 U.S. 199, 212-13 (2007) ("[W]e have explained that courts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns."); *Bryant v. Rich*, 530 F.3d 1368, 1380 n.3 (11th Cir. 2008) (Wilson, J., dissenting) (altering procedure under the Federal Rules "must be obtained by the process of amending [the Rules] and not by judicial interpretation" (quotation marks omitted) (quoting *Jones*, 549 U.S. at 212-13)). Second, Defendants' argument proceeds from a faulty premise – there is nothing in Rule 56's text that requires motions for summary judgment to be confined to merits issues that only juries can decide. Third, the procedural framework Defendants propose is potentially at odds with binding Supreme Court authority. *See Albino v. Baca*, 747 F.3d 1162, 1168-70 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), concluding that *Jones v. Bock*, 549 U.S. 199 (2007), forecloses the use of a procedure not contemplated by the Rules to resolve failure-to-exhaust defenses).

The Court acknowledges that the Eleventh Circuit has adopted the procedure Defendants ask the Court to use. *See Bryant*, 530 F.3d at 1374-77. But Eleventh Circuit authority is not binding on this Court. And at least two other circuits have passed on this procedure and explicitly rejected it. *Albino*, 747 F.3d at 1168-70; *Dillon v. Rogers*, 596 F.3d 260, 271-72 (5th Cir. 2010) (declining to adopt *Bryant* and approving of summary judgment to resolve failure-to-exhaust defenses). The existing Federal Rules of Civil procedure appear perfectly adequate and well-suited to address motions seeking dismissal for failure to exhaust under the PLRA. This is the view the Tenth Circuit has implicitly embraced. *See, e.g., Bond v. Wormuth*, 2022 WL 17660542, at *5 (10th Cir. 2022) (instructing that summary judgment order for defendant on failure-to-exhaust grounds should dismiss plaintiff's claims without prejudice). And the Court sees no reason to deviate from it on this record.

**Subject-Matter Jurisdiction.** The Court lacks subject-matter jurisdiction over Plaintiff's claims to the extent he seeks damages from Defendants in their official capacities. The Eleventh Amendment gives immunity from money damages claims to nonconsenting states and its agencies. *Long v. Latzke*, 2020 WL 7337717, at *2 (D. Kan. 2020). This immunity extends to state officials and employees when they are sued in their official capacities. *Id.* Defendants are Kansas state employees and are therefore immune to the extent money damages are sought against them in their official capacities. The Court lacks subject matter jurisdiction over any official capacity damages claims Plaintiff asserts and dismisses those claims under Federal Rule 12(b)(1) without prejudice. *Id.*

**Failure to Exhaust.** The Court has jurisdiction over Plaintiff's Eighth Amendment claims to the extent he seeks prospective relief against Defendants[4] and to the extent he seeks damages from Defendants in their personal capacities. Defendants do not dispute this. They argue instead that the Court should dismiss what remains of Plaintiff's Eighth Amendment claims because Plaintiff failed to first exhaust the state administrative remedies available to him. Doc. 71 at 3-14.

The requirement that an inmate incarcerated in a state facility properly exhaust his state administrative remedies before suing in federal court under § 1983 is found in the PLRA. 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 638-39 (2016). The requirement is a mandatory claims processing rule; it is not jurisdictional. And there is no requirement that a plaintiff affirmatively plead exhaustion in his complaint. *Jones*, 549 U.S. at 216-17. A defendant can instead raise a plaintiff's failure to exhaust as an affirmative defense. *Id.*

---

[4] Plaintiff's prayer for relief in his second amended complaint requests his release from prison. Doc. 24 at 7. It's not clear whether this relief is sought against these Defendants in connection with his Eighth Amendment claim.

This is how Defendants raise their failure-to-exhaust argument – as an affirmative defense. Doc. 71 at 6-7. They support the defense with evidence that goes beyond the operative complaint. Doc. 71 at 7-14; Doc. 71-1. This isn't unexpected given that the burden of proof on an affirmative defense lies with them. But, with narrow exception, the Court is only able to consider what is in a plaintiff's complaint when determining whether a plaintiff has stated a cognizable claim for relief. *See* Fed. R. Civ. P. 12(d). If the Court wants to consider evidence beyond the complaint, it must convert the motion under Rule 12(d) into a Rule 56 motion for summary judgment. *Poole v. County of Otero*, 271 F.3d 955, 957 n.2 (10th Cir. 2001) *abrogated on other grounds by Hartman v. Moore*, 571 U.S. 250, 255-56 (2006). Whether to consider outside evidence submitted in support of a Rule 12(b)(6) motion is committed to the Court's discretion. And here, based on the record before it, the Court in its discretion considers the evidence Defendants rely on outside the operative complaint and converts their motion to dismiss into a motion for summary judgment.[5]

Defendants' evidence consists of the declaration of Kansas Department of Corrections (KDOC) Corrections Manager II Darcie Holthaus and the documents attached to it. Doc. 71-1. Holthaus's declaration says that Plaintiff exhausted his administrative remedies for two different grievances that referenced facts underlying Plaintiff's Eighth Amendment claims against Defendants. *Id.* at 1-3. Holthaus's declaration also includes the administrative records for the two exhausted grievances as attachments. *Id.* at 4-48. Defendants argue from this evidentiary record

---

[5] Ordinarily, the decision to convert a motion to dismiss to a motion for summary judgment requires notice to the parties. But when the nonmoving party relies on evidence outside the complaint in response and/or treats the motion as one for summary judgment, the decision to convert a motion to dismiss into one for summary judgment without additional notice isn't unfairly prejudicial. *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986). If "a party does not attempt to exclude the supporting documents, but files its own sworn affidavits in response . . . that party cannot later claim unfair surprise" because it has "responded in kind." *Id.* No additional notice is necessary in this case because Plaintiff also included multiple affidavits in support of his response that were not part of the complaint and treated Defendants' motion as if it were a motion for summary judgment. *See* Doc. 75.

that neither grievance satisfies the exhaustion requirement for Plaintiff's failure-to-protect Eighth Amendment claims.

The Court agrees. One of the two exhausted grievances concerned property Plaintiff alleged was missing or damaged. Doc. 71-1 at 2, 31-48. This grievance was brought under the procedures described in K.A.R. § 44-16-101, *et seq*. An exhausted grievance brought under this article – commonly referred to as "Article 16" – will not satisfy the PLRA's exhaustion requirement for purposes of a § 1983 claim. *Brown v. Schnurr*, 2023 WL 5163987, at *3-5 (10th Cir. 2023). Plaintiff's other exhausted grievance was brought under the procedures described in K.A.R. § 44-15-101, *et seq.* – commonly referred to as "Article 15." Unlike those brought under Article 16, Article 15 grievances <u>can</u> satisfy the PLRA's exhaustion requirements.[6] *Id.* at *3. But the particular grievance Plaintiff exhausted under Article 15 complained about his inmate classification and placement and claimed that his continued incarceration was unlawful. Doc. 71-1 at 4-10. This grievance did not allege Defendants violated his rights under the Eighth Amendment by allowing a fellow inmate to attempt to murder him. The references to the murder attempt in the administrative record for this grievance all concern a <u>separate grievance</u> Plaintiff initiated but ultimately never pursued and attached as an exhibit.[7]

---

[6] The requirement that an inmate exhaust his Article 15 remedies is rigid. Even exhausted Article 16 claims that could have also been brought under Article 15 but are not able to satisfy the PLRA's exhaustion requirement. *Brown*, 2023 WL 5163987, at *4-5. The procedures in Articles 15 and 16 are not mutually exclusive. *Id.* There's nothing to prevent an aggrieved inmate from pursuing relief under both sets of procedures for the same complaint. *Id.* at *3-5.

[7] The administrative record for the exhausted Article 15 claim includes filings Plaintiff made in connection with at least one other grievance. E.g., Doc. 71-1 at 12-18. This was an unexhausted Article 15 grievance in which Plaintiff describes some of the conduct by Defendants that underlie the present § 1983 claim. *Id.* The warden initially denied this grievance. *Id.* at 29-30. And while Plaintiff appears to have prepared an appeal of the denial, *see id.* at 12, 21, he did not submit it, *see id* at 1-2. Even if this grievance might have been adequate if pursued to exhaustion as support for his § 1983 claim, an initiated grievance process that is not completed cannot satisfy the PLRA's exhaustion requirement. *Jones v. Cannon*, 589 F. App'x 849, 853-54 (10th Cir. 2014). The PLRA's "exhaustion requirement requires <u>proper</u> exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006) (emphasis added).

Plaintiff does not dispute the statements in Holthaus's affidavit. Plaintiff does not dispute that his Eighth Amendment claims are different from the Article 15 grievance he exhausted. Nor does Plaintiff argue that he was prevented from pursuing administrative relief in connection with his Eighth Amendment claims.[8] Plaintiff instead responds with evidence that goes to the merits of his claims – not whether the underlying grievance was properly exhausted. *See* Doc. 74. Whatever his claims' possible substantive merits, the fact remains that Plaintiff didn't first exhaust the administrative procedures applicable to them under Article 15 nor has he otherwise shown that those procedures were unavailable.

The facts supporting Defendants' failure-to-exhaust defense are therefore uncontroverted, and Defendants have shown that the defense is applicable. The Court grants summary judgment in Defendants' favor under Federal Rule 56. It dismisses the remaining Eighth Amendment claims against Defendants without prejudice. *See Bond*, 2022 WL 17660542, at *5 (affirming summary judgment on a failure-to-exhaust defense but remanding with the instruction that the district court "revise its summary judgment order to dismiss [the plaintiff's] claims at issue . . . without prejudice . . . ."). The dismissal of Plaintiff's claims against Defendants moots his motion for summary judgment. Doc. 78. The Court therefore denies that motion.

---

[8] After Defendants filed their reply in support of their motion for summary judgment, Plaintiff filed a supplemental response. Doc. 84. Plaintiff contends that the absence of evidence that he exhausted his Eighth Amendment claims is connected somehow to his transfer from Lansing Correctional Facility to El Dorado Correctional Facility in December 2023. Doc. 84-1 at 8-11. But Plaintiff's claim that his property was interfered with when he was transferred from one prison to another does not raise an issue of fact as to whether he was prevented from pursuing his administrative appeals in the first place. His transfer occurred the better part of a year after Plaintiff commenced this lawsuit.

Plaintiff also claims in his supplemental response that Defendants used his "diagnosis of a delusional disorder against" him, lied to him, and forced him to use the mail to send his appeals to the Secretary of Corrections. Doc. 84 at 1. But, even if Plaintiff had supported these assertions with evidence (he hasn't), none of this suggests that he was prevented from exhausting his Eighth Amendment claims.

THE COURT THEREFORE ORDERS that Defendant's motion (Doc. 71) is GRANTED. Plaintiff's second amended complaint (Doc. 24) is dismissed without prejudice.

THE COURT FURTHER ORDERS that Plaintiff's motion for jury trial (Doc. 74) and motion for summary judgment (Doc. 78) is DENIED as moot.

IT IS SO ORDERED

Dated: April 18, 2025                    /s/ *Holly L. Teeter*
                                                                     HOLLY L. TEETER
                                                                     UNITED STATES DISTRICT JUDGE