IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONNIE ALLEN BELLAMY, JR.,**

    **Plaintiff,**

    v.

**STATE OF KANSAS, et al.,**

    **Defendants.**

Case No. 5:23-cv-03051-HLT-BGS

## MEMORANDUM AND ORDER

Plaintiff Ronnie Bellamy, Jr. acts pro se and seeks reconsideration of this Court's judgment of dismissal.[1,2] Doc. 88. The Court previously concluded that it lacked jurisdiction over any money-damages claims brought against Defendants in their official capacities. Doc. 86 at 3. The Court also concluded that Plaintiff failed to exhaust his state-law administrative remedies for his claims and therefore had failed to satisfy the mandatory exhaustion requirement in the Prison Litigation Reform Act (PLRA).[3] *Id.* at 3-6. Plaintiff's motion for reconsideration does not persuade the Court that it should amend its judgment. The Court therefore denies Plaintiff's motion.

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Plaintiff states in his motion that he has not received a written copy of the Court's April 18, 2025, order of dismissal. He claims to have received only a copy of the electronic notice of the order's filing. He attaches the notices he received to his motion. The Court notes that an electronic version of the order is accessible through the link in the notice. The Court also notes its docket shows a copy was sent to Plaintiff by regular mail, and there is no indication that it has been returned as undeliverable.

[3] The Court's order also denied as moot Plaintiff's motions for jury trial and for summary judgment. *See* Doc. 86 at 7. The Court construes the Plaintiff's present motion as seeking reconsideration of the Court's judgment of dismissal.

The Federal Rules of Civil Procedure do not explicitly provide for motions to reconsider. But a motion to alter or amend a judgment under Rule 59(e) is essentially a motion to reconsider.[4] Rule 59(e); *Willard v. Mayorkas*, 2022 WL 21778523, at *1 (D. Kan. 2022). Grounds for reconsideration typically include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (internal quotation marks and citations omitted). Rule 59(e) is not a vehicle for "rais[ing] new arguments or present[ing] evidence that should have been set forth in the first instance or [for] rehash[ing] arguments previously considered and rejected by the court." *Id.* (internal quotation marks and citations omitted). The Court has discretion to grant or deny a Rule 59(e) motion. *Id.*

Plaintiff's motion makes clear that he sincerely and adamantly believes in the substantive merits of his claims. And his motion makes similarly clear that he believes his claims' gravity is sufficient to entitle him to a federal forum. Plaintiff's motion for reconsideration is, in essence, a presentation aimed at convincing the Court that his claims are both serious and meritorious.[5] But the seriousness of the claims asserted is not the test for whether Plaintiff can continue to litigate them in a federal forum. Plaintiff must assert claims over which the Court has jurisdiction and that are legally cognizable. And – as the Court explained in its order dismissing his claims – Plaintiff does not do so. *See* Doc. 86 at 3, 5-7. The Eleventh Amendment prevents the Court from asserting jurisdiction over claims against state officials brought against them in their official capacities for

---

[4] Plaintiff does not identify the procedural rule under which he proceeds. But his motion was filed within ten days of the Court's dismissal order, which is within the time-limit to seek alteration or amendment of a judgment under Rule 59(e). The Court therefore construes Plaintiff's motion for reconsideration as a motion to alter or amend a judgment under Rule 59(e).

[5] Plaintiff claims that Defendants, who are Kansas Department of Corrections (KDOC) officers, plotted to have him killed and gave another inmate intent on stabbing him access to his cell. *See* Doc. 86 at 1. Plaintiff attaches evidence he believes supports his claims, including a declaration from the inmate who allegedly tried to stab him. Doc. 88; Doc. 88-3.

money damages. *Long v. Latzke*, 2020 WL 7337717, at *2 (D. Kan. 2020). And the PLRA requires incarcerated plaintiffs attempting to assert claims against prison officials for alleged constitutional violations to first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 638-39 (2016). If a plaintiff hasn't, and the defendants can meet their burden to show he hasn't, the court should dismiss the claims without prejudice. *Gallagher v. Shelton*, 587 F.3d 1063, 1067-68, 1071 (10th Cir. 2009). That is what happened here.

Plaintiff's motion does nothing to convince the Court that the Eleventh Amendment no longer applies to official capacity claims for money damages (it still does) or that mandatory exhaustion is no longer required (it still is) or, indeed, that his claims had been exhausted (they haven't). Plaintiff merely rehashes the same merits-based arguments he used in responding to Defendants' motion to dismiss. Those arguments are just as beside the point now as they were when Plaintiff first made them. The Court does not find that his claims as alleged are not serious. Rather, the Court does not have the ability to hear them because Plaintiff did not exhaust. Exercising its discretion, the Court denies Plaintiff's motion for reconsideration (Doc. 88).

THE COURT THEREFORE ORDERS that Plaintiff's motion for reconsideration (Doc. 88) is DENIED.

IT IS SO ORDERED

Dated: May 21, 2025                     /s/ *Holly L. Teeter*
                                                                       HOLLY L. TEETER
                                                                       UNITED STATES DISTRICT JUDGE