IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONNIE ALLEN BELLAMY, JR.,

Plaintiff,

v.

STATE OF KANSAS, et al.,

Defendants.

Case No. 5:23-cv-03051-HLT-BGS

## ORDER

Pro se Plaintiff Ronnie Bellamy, Jr. is an inmate at a Kansas state prison.[1] He moves for reconsideration of the order denying his Rule 59(e) motion. Doc. 90. The Court dismissed Plaintiff's § 1983 claims against the remaining defendants in the case, Larry Wagner and James Englis, on April 18, 2025. Doc. 86. Plaintiff filed a Rule 59(e) motion less than two weeks later. Doc. 88. The Court denied that motion (Doc. 89), and Plaintiff filed the instant motion for reconsideration on June 9, 2025. Plaintiff does not cite a particular legal basis for the relief he seeks, and his motion largely rehashes generalized grievances and previous arguments rejected by the Court. The Court construes Plaintiff's instant motion as one brought under Rule 60(b)(6). And, because his motion fails to present the extraordinary circumstances that Rule 60(b)(6) requires, the Court denies it.

Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceeding," under certain circumstances. Fed. R. Civ. P. 60(b). One of those is a catchall justification for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

60(b)(6) "requires extraordinary circumstances" and "is available only in narrow circumstances." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1619 (2025). Rule 60(b)(6) relief is appropriate in "unusual or compelling" circumstances or when denying it would offend justice. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).

No such grounds for relief exist here. Arguments and issues previously raised and rejected are not bases for granting a Rule 60(b)(6) motion. The only unique position Plaintiff appears to raise concerns the Court's resolution of his Rule 59(e) motion. He contends the Court resolved this motion notwithstanding his assertion that he'd prepared and filed it without the benefit of the text of the underlying order of dismissal. This too fails to present the sort of extraordinary circumstance justifying relief under Rule 60(b)(6) for at least three reasons:

- Plaintiff elected both to prepare his motion without having reviewed the underlying dismissal order and to file it nearly a week and half before it was due. Plaintiff's request that the Court act on his Rule 59(e) motion was made voluntarily. And it was made with an acknowledgment that he hadn't reviewed the Court's order. Plaintiff cannot now claim unfairness because the result was unfavorable.

- Plaintiff's failure to receive or read the full text of the Court's order doesn't transform a nonviable Rule 59(e) motion into a viable one. If it could, every order for which there is a delay between the receipt notice and receipt of the order's full text would be a basis for granting such a motion, and it isn't.[2]

- Even in cases where deficient prison mail practices are the basis for First Amendment access-to-the-courts claims, "interferences that merely <u>delay</u> an inmate's ability to work on a pending cause of action or to communicate with the courts" are not enough. *Woodson v. Nassau Cnty.*, 2025 WL 1456588, at *3 (E.D.N.Y. 2025). Nor do those cases impose an obligation on courts to actively monitor and interfere with prison mail practices unless

---

[2] The grounds for granting a Rule 59(e) motion are (1) "an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Pitts v. Bureau of Prisons*, 2023 WL 2945855, at *2 (10th Cir. 2023). Although Plaintiff might feel that the Court's decision was unjust, a clearly erroneous decision in this context is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Wright ex rel. Trust Co. v. Abbott Labs, Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001) (alterations omitted). "Manifest injustice" means that the Court has committed an error that is "direct, obvious, and observable" and has – in essence – "obviously misapprehended a party's position or the facts." *U.S. Commodity Futures Trading Comm'n v. Gramalegui*, 2018 WL 11376451, at *1 (D. Colo. 2018) (internal quotation marks omitted) (quoting *Gorelick v. Dep't of Treasury*, 1998 WL 472647, at *1 (D. Kan. 1998)).

there has been a "showing of a resultant denial of access to the courts or of some basic right retained by a prisoner." *Id.* "The regulation of inmates' mail by state prison officials is" – absent such a denial – "a matter of internal prison administration with which courts will not interfere." *Id.* (internal quotation marks, citations, and alterations omitted).

Plaintiff has not shown an entitlement to the relief he seeks. The Court denies his motion.

THE COURT THEREFORE ORDERS that Plaintiff's motion for reconsideration (Doc. 90) is DENIED.

IT IS SO ORDERED.

Dated: July 10, 2025                              /s/ *Holly L. Teeter*
                                                            HOLLY L. TEETER
                                                            UNITED STATES DISTRICT JUDGE